## THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

DAN McCALEB, Executive Editor )
of THE CENTER SQUARE, )
                                   )
     Plaintiff, )
                                     )
                                     )
     v. )     **Case No. 3:22-cv-00439**
                                     )
                                     )     **District Judge Richardson**
MICHELLE LONG, in her )     **Magistrate Judge Frensley**
official capacity as DIRECTOR of )
TENNESSEE ADMINISTRATIVE )
OFFICE OF THE COURTS, )
                                     )
                                     )
     Defendant. )

---

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

---

The plaintiff, Dan McCaleb, Executive Editor of The Center Square ("McCaleb" or "Plaintiff"), by and through his undersigned attorneys, hereby files his motion for preliminary injunction pursuant to Fed. R. Civ. P. 65(a) and LR 7.01. In support of this motion, Plaintiff relies upon the entire record in this matter including the: (1) First Amended Complaint ("Compl."); (2) Declaration of Dan McCaleb ("McCaleb Decl."); and (3) Memorandum of Law.

Plaintiff states as follows:

1

1. Pursuant to Tenn. Code Ann. § 16-3-601(a), the Tennessee Supreme Court is authorized to appoint an advisory commission to recommend rules of practice and procedure in state courts.

2. In accordance with this statutory authority, the Tennessee Supreme Court chose to appoint to the current advisory commission individuals from the judicial bench and state bar.[1]

3. This appointed bench-bar advisory commission meets periodically to study and make recommendations on rules of practice and procedure in Tennessee state courts.

4. Meetings of Tennessee's bench-bar advisory commission established to recommend rules of practice and procedure in state courts are closed to the public and press.

5. In contrast, bench-bar Advisory Committees established to recommend rules of *federal* courts are open to the public and press.[2]

6. There is an enduring historical tradition for nearly 34 years of public access to meetings of bench-bar Advisory Committees on proposed federal rules of practice, procedure, and evidence. *See* 28 U.S.C. § 2073(c)(1).

7. The United States Supreme Court analyzed § 2073(c)(1) in a 1995 opinion and explained "that meetings of bench-bar committees established to recommend

---

[1] *Available at* https://www.tncourts.gov/boards-commissions/boards-commissions/advisory-commission-rules-practice-procedure (last visited June 30, 2022).

[2] *Available at* https://www.uscourts.gov/rules-policies/about-rulemaking-process/open-meetings-and-hearings-rules-committee (last visited June 30, 2022).

2

rules ordinarily [are] open to the public." *Swint v. Chambers County Comm'n*, 514 U.S. 35, 48 (1995).

8. In ruling on Plaintiff's motion for preliminary injunction, the Court is presented with a straightforward issue: (1) Is there a First Amendment right of access to meetings of bench-bar advisory commission established to recommend rules?

9. To determine whether the First Amendment right of access attaches to meetings of the Tennessee bench-bar advisory commission established to recommend rules, the Court must apply a two-part test. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 589 (1980) (Brennan, J. concurring in the judgment).

10. First, the Court must look to a similar proceeding to see whether it historically has been open to the public because "a tradition of accessibility implies the favorable judgment of experience." *Id.*

11. Second, the Court must determine whether public access to meetings would play a significant positive role in the state court rulemaking process of the Tennessee bench-bar advisory commission. *Press-Enterprise Company v. Superior Court*, 478 U.S. 1, 8-9 (1986) ("*Press-Enter. II*"); *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 605 (1982); *see also Richmond Newspapers* 448 U.S. at 589.

12. McCaleb seeks a preliminary injunction: (1) to stop Director Michelle Long of the Tennessee Administrative Office of the Courts ("TAOC") from closing future meetings of the Tennessee bench-bar advisory commission established to recommend rules of practice and procedure in state courts; and (2) to order Director

Long to provide in-person and virtual access so he may assign reporters to report on future meetings of the Tennessee bench-bar advisory commission established to recommend rules of practice and procedure in state courts.[3]

13. Pursuant to LR 7.01(a)(1), Plaintiff's counsel does not know whether counsel for the state defendant, Director Long, opposes the relief requested in Plaintiff's motion. Fifteen days ago on June 15, 2022, Plaintiff's counsel sent an e-mail to Director Long's counsel of record, Deputy Attorney General Janet Kleinfelter, asking General Kleinfelter about the state of Tennessee's position on whether it agreed or disagreed with expedited discovery in order to fully ascertain the committee structure of the Tennessee Judicial Conference. Plaintiff's counsel has yet to receive a response from General Kleinfelter.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Issue a preliminary injunction restraining and enjoining Director Long, and all parties acting in concert with her, from closing future meetings of the Tennessee bench-bar advisory commission established to recommend rules;

B. Issue a preliminary injunction ordering Director Long to provide him with both virtual and in-person access so he can assign reporters to report on future

---

[3] Because relief is sought for Plaintiff's loss of his First Amendment rights and the state defendant has no risk of monetary injury, the Court may waive the bond requirement of Fed. R. Civ. P. 65(c). *See Appalachian Reg'l Healthcare, Inc. v. Coventry Health and Life Ins. Co.*, 714 F. 3d 424, 431 (6th Cir. 2013).

4

meetings of the Tennessee bench-bar advisory commission established to

recommend rules; and

C. Grant such further relief this Court deems just, proper, and equitable.

June 30, 2022                    Respectfully submitted,

*/s/ M. E. Buck Dougherty III*
M. E. Buck Dougherty III, TN BPR #022474
James McQuaid, *pro hac vice forthcoming*
LIBERTY JUSTICE CENTER
440 N. Wells Street, Suite 200
Chicago, Illinois 60654
312-637-2280-telephone
423-326-7548-mobile
312-263-7702-facsimile
bdougherty@libertyjusticecenter.org
jmcquaid@libertyjusticecenter.org

Attorneys for Plaintiff, Dan McCaleb,
Executive Editor of The Center Square

# CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2022, a copy of the foregoing Motion for Preliminary Injunction was filed electronically via the Court's CM/ECF filing system. Notice of this filing will be sent by operation of the Court to all parties indicated on the electronic filing receipt, including a copy to the Office of Tennessee Attorney General and Reporter, counsel for the state defendant TAOC Director Michelle Long, via electronic mail as follows:

Office of the Attorney General & Reporter
Attn.: Janet Kleinfelter, Deputy Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
janet.kleinfelter@ag.tn.gov

*/s/ M. E. Buck Dougherty III*
M. E. Buck Dougherty III, TN BPR #022474

6