# THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION

DAN McCALEB, Executive Editor
of THE CENTER SQUARE,

    Plaintiff,

      v.

MICHELLE LONG, in her
official capacity as DIRECTOR of
TENNESSEE ADMINISTRATIVE
OFFICE OF THE COURTS,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:22-cv-00439

District Judge Richardson
Magistrate Judge Frensley

---

## REPLY TO STATE DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

---

Respectfully submitted,

M. E. Buck Dougherty III, TN BPR #022474
James McQuaid, Admitted *pro hac vice*
LIBERTY JUSTICE CENTER
440 N. Wells Street, Suite 200
Chicago, Illinois 60654
312-637-2280-telephone
312-263-7702-facsimile
bdougherty@libertyjusticecenter.org
jmcquaid@libertyjusticecenter.org

Attorneys for Plaintiff, Dan McCaleb,
Executive Editor of The Center Square

**INTRODUCTION**

In responding (ECF No. 23) to Plaintiff Dan McCaleb's motion for preliminary injunction (ECF No. 20), Administrative Director Michelle Long—who is TAOC's top official, charged with overseeing the orderly operation of the State court system—does not argue that McCaleb's First Amendment right of access claim fails on the merits. Instead, she claims no connection to State court rulemaking meetings created by the enabling statute, Tenn. Code Ann. § 16-3-601.[1] She argues she has no authority over the advisory commission and no authority to open or close meetings; that she is not a member of the commission; that the commission is not part of the TAOC; and that the commission is not subject to TAOC's policies.

But the State Defendant's jurisdictional arguments are without merit because (1) Director Long has a special relation and connection to the advisory commission statute and is expressly directed to enforce it; (2) her office is actively involved with administering meetings; (3) there is a realistic possibility she will close the next scheduled quarterly meeting on **September 9, 2022**; and (4) McCaleb has Article III standing to confer jurisdiction on this Court.

---

[1] The State Defendant conflates McCaleb's requested relief in his motion (ECF No. 20) with all requested relief in his Compl. (ECF No. 19), by discussing the Tennessee Judicial Conference (TJC) committees established to recommend rules. While McCaleb is also seeking access to meetings of TJC committees as set forth in his Compl., his present motion *only* seeks access to meetings of the Tennessee bench-bar advisory commission established to recommend rules, created by the enabling statute, Tenn. Code Ann. § 16-3-601.

1

## STATEMENT OF SUPPLEMENTAL FACTS

### A. Some past meetings were open to the public and press.

Some meetings of the Advisory Commission on the Rules of Practice and Procedure have been open to the public and press.[2] For example, members of the public were invited to attend the meeting held on May 20, 2016, at the Tennessee Administrative Office of the Courts in Nashville. *See* attached as ECF No. 26-1, Supplemental Declaration of Dan McCaleb ("McCaleb Supp. Decl.) at ¶¶ 5-6. TAOC published a notice of the meeting on its website beforehand; a copy is attached as ECF No. 26-2.[3] McCaleb Supp. Decl. at ¶ 6. For additional information on attending the meeting, the notice directed members of the public to contact Jeana Hendrix, TAOC Assistant General Counsel, and provided her State telephone number and email address. *Id.* at ¶ 7.[4] Current TAOC Deputy Director Rachel Harmon provided a supplemental declaration on behalf of Director Long in this matter (ECF No. 23-1). Harmon was TAOC General Counsel on May 20, 2016, when TAOC Assistant General Counsel Jeana Hendrix notified the public of the open meeting convening at TAOC's office in Nashville. Harmon Supp. Decl. at ¶ 1.

---

[2] The parties have used different names to refer to the "Advisory Commission on the Rules of Practice and Procedure." McCaleb has referred to it as the "Tennessee bench-bar advisory commission established to recommend rules," and Director Long has referred to it as the "Rules Advisory Commission." All the various names used by the parties refer to the same body created by the enabling statute, Tenn. Code Ann. § 16-3-601.

[3] It is also available at https://www.tncourts.gov/calendar/public-meeting-notices/2016/05/20/advisory-commission-rules-practice-and-procedure.

[4] TAOC named Hendrix the Assistant General Counsel in 2014, *available at* https://www.tncourts.gov/news/2014/10/24/aoc-names-assistant-general-counsel.

2

The current advisory commission created by Tenn. Code Ann. § 16-3-601, meets again on September 9, 2022, and a list of members is attached as ECF No. 26-3. Harmon Supp. Decl. at ¶ 10; McCaleb Supp. Decl. at ¶ 8. This meeting on September 9, 2022, is closed to the public and press. McCaleb Supp. Decl. at ¶ 13.

**ARGUMENT**

## I. *Ex Parte Young* applies, and Plaintiff has Article III standing.

### A. The Eleventh Amendment does not bar Plaintiff's claim.

The *Ex Parte Young* exception applies when a state official has a "special relation to the particular statute" and is "expressly directed to see to its enforcement." *Russell v. Lundergan-Grimes*, 784 F. 3d 1037, 1047 (6th Cir. 2015).

The Sixth Circuit analyzed the office of Administrative Director and the broad statutory powers and duties the General Assembly conferred upon Director Long's position and concluded that "the relationship between the [Administrative Director] and the state courts demonstrates that there [is] an identity of interests or privity between the two." *Blackard v. Memphis Area Med. Ctr. for Women, Inc.*, 262 F.3d 568, 576 (6th Cir. 2001). In *Blackard*, the TAOC Director was bound by an injunction pursuant to Fed. R. Civ. P. 65. The Director submitted an affidavit claiming she had no authority over State court judges, and thus the injunction could not reach other judges. But the *Blackard* Court reasoned that the injunction could reach and bind other State court judges because Tennessee's Administrative Director was legally responsible "for the orderly operation of the court system." 262 F. 3d at 575-76.

3

Here, in his Memorandum McCaleb noted Director Long's special relation and connection to the advisory commission enabling statute, which expressly directs her to see to its enforcement. ECF No. 20-2, Page ID #176. The statute states:

> The advisory commission has the authority to employ, subject to the approval of the *administrative director of the courts* and commissioner of finance and administration, legal, clerical and other assistance that may be necessary to the efficient discharge of its duties.

Tenn. Code Ann. § 16-3-601(d) (emphasis added); *see also* ECF No. 20-2, Page ID #176. It is clear from the text that Director Long has a special relation to the enabling statute and connection with its enforcement because the advisory commission must seek her approval to employ legal, clerical, and other assistance necessary to discharge its rulemaking duties. *See Ex Parte Young,* 209 U.S. 123, 157 (1908). Moreover, it logically follows that under *Blackard*, Director Long's legal responsibility "for the orderly operation of the court system" further establishes her special relation and connection with the advisory commission, whose duty is to advise on "rules of practice and procedure" in State courts. 262 F.3d at 575-76; Tenn. Code Ann. § 16-3-601(a); *Ex Parte Young,* 209 U.S. at 157. Thus, the Court should reject Director Long's claim that she lacks "authority" over the advisory commission and its State court rulemaking meetings.

Additionally, the TAOC is "actively involved with administering" meetings of the advisory commission, established by Tenn. Code Ann. § 16-3-601. Harmon Supp. Decl. at ¶ 4; *See Doe v. Dewine*, 910 F. 3d 842, 849 (6th Cir. 2018) (quoting *Russell*, 784 F. 3d at 1048)). This includes Director Long's statutory authority to approve legal, clerical, and other necessary assistance; Michelle Consiglio-Young's

4

administrative support; hosting in-person public meetings at TAOC's office in Nashville; and publishing and disseminating public meeting notices on TAOC's website. It is appropriate to enjoin Director Long because there is a "realistic possibility" she will take administrative action against McCaleb's First Amendment interests by closing future meetings. *Russell*, 784 F.3d at 1048; ECF No. 20-1, Page ID #164, McCaleb Decl. at ¶ 34; McCaleb Supp. Decl. at ¶¶ 9-13. In fact, the next quarterly meeting on September 9, 2022, is closed to the public and press. McCaleb Supp. Decl. at ¶ 13.

### B. Plaintiff has Article III standing.

McCaleb's injury is fairly traceable to Director Long and may be redressed by this Court. *See generally Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992); *Virginia v. Am. Booksellers Ass'n, Inc.*, 484 U.S. 383, 392–93 (1988).

## II. Plaintiff is likely to succeed on the merits and will suffer irreparable harm absent an injunction.

The State failed to contest the merits of Plaintiff's First Amendment claim. *Russell*, 784 F.3d at 1046 (determining sovereign immunity "before the merits").

## III. Enforcing the U.S. Constitution is a vindication of State autonomy.

"[E]nforcing the United States Constitution against a state government is a vindication, not a derogation, of the enduring importance of state autonomy." *Bongo Prods., LLC v. Lawrence*, 548 F. Supp. 3d 666, 687 (M.D. Tenn. Jul. 9, 2021) (Trauger, J.) (analyzing tension of merged third and fourth factors under *Nken*).

### CONCLUSION

McCaleb requests preliminary injunctive relief before September 9, 2022.

5

July 21, 2022                    Respectfully submitted,


                                 */s/ M. E. Buck Dougherty III*
                                 M. E. Buck Dougherty III, TN BPR #022474
                                 James McQuaid, Admitted *pro hac vice*
                                 LIBERTY JUSTICE CENTER
                                 440 N. Wells Street, Suite 200
                                 Chicago, Illinois 60654
                                 312-637-2280-telephone
                                 312-263-7702-facsimile
                                 bdougherty@libertyjusticecenter.org
                                 jmcquaid@libertyjusticecenter.org

                                 Attorneys for Plaintiff, Dan McCaleb,
                                 Executive Editor of The Center Square

6

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2022, a copy of the foregoing Reply to State Defendant's Response to Plaintiff's Motion for Preliminary Injunction was filed electronically via the Court's CM/ECF filing system. Notice of this filing will be sent by operation of the Court to all parties indicated on the electronic filing receipt, including a copy to the Office of Tennessee Attorney General and Reporter, counsel for TAOC Administrative Director Michelle Long, via electronic mail as follows:

Janet M. Kleinfelter
Steven A. Hart
Office of the Attorney General & Reporter
P.O. Box 20207
Nashville, Tennessee 37202-0207
janet.kleinfelter@ag.tn.gov
steve.hart@ag.tn.gov

*/s/ M. E. Buck Dougherty III*
M. E. Buck Dougherty III, TN BPR #022474

7