# THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| Dan McCaleb, Executive Editor of The Center Square,<br><br>      Plaintiff,<br><br>v.<br><br>Michelle Long, in her official capacity as DIRECTOR OF TENNESSEE ADMINISTRATIVE OFFICE OF THE COURTS,<br><br>      Defendant. | Case No. 3:22-cv-00439<br><br>District Judge Richardson<br><br>Magistrate Judge Frensley |

## RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Respectfully submitted,

M. E. Buck Dougherty III, TN BPR #022474
James McQuaid, Admitted *pro hac vice*
LIBERTY JUSTICE CENTER
440 N. Wells Street, Suite 200
Chicago, Illinois 60654
312-637-2280-telephone
312-263-7702-facsimile
bdougherty@libertyjusticecenter.org
jmcquaid@libertyjusticecenter.org

Attorneys for Plaintiff, Dan McCaleb,
Executive Editor of The Center

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... 2

INTRODUCTION ........................................................................................................... 4

STATEMENT OF THE CASE ......................................................................................... 5

    A. Procedural History ............................................................................................. 5

        1. Plaintiff filed a First Amendment claim and motion for preliminary injunction to access future State court rulemaking meetings of the Advisory Commission (Tenn. Code Ann. § 16-3-601). ................................. 5

        2. Defendant filed a Rule 12(b)(1) motion to dismiss and attacked the Court's subject matter jurisdiction. ............................................................ 7

    B. Facts ................................................................................................................... 7

LEGAL STANDARD ..................................................................................................... 13

ARGUMENT ................................................................................................................. 14

    I. The Eleventh Amendment does not bar McCaleb's First Amendment right of access claim. ............................................................. 14

        A. There is a realistic possibility that Director Long will take administrative action against McCaleb's First Amendment interests and close the next Advisory Commission quarterly meeting on September 9, 2022 ................................................................ 17

        B. *Ex Parte Young* exception applies ...................................................... 17

            1. Director Long has a special relation and connection to the Advisory Commission enabling statute, and she is expressly directed to administratively enforce it. ............................................ 17

            2. Director Long's office provides administrative support to the Advisory Commission and is actively involved with administering meetings. .................................................................... 19

            3. Determining whether *Ex Parte Young* applies does not involve an analysis of McCaleb's First Amendment claim on the merits. ...................................................................................... 19

    II. McCaleb has Article III standing because his preclusion from future meetings is fairly traceable to Director Long's administrative action, which may be redressed by this Court issuing an injunction. ........ 20

CONCLUSION ............................................................................................................... 21

**TABLE OF AUTHORITIES**

**Cases**

*Allied Artists Picture Corp. v. Rhodes,*
679 F. 2d 656 (6th Cir. 1982) ........................................................................ 15

*Am. Telecom Co. v. Republic of Lebanon,*
501 F. 3d 534 (6th Cir. 2007) ........................................................................ 13

*Blackard v. Memphis Area Med. Ctr. for Women, Inc.,*
262 F.3d 568 (6th Cir. 2001) ................................................................... 18, 19

*Bush v. Reliant Bank,*
2022 U.S. Dist. LEXIS 115853 (M.D. Tenn. Jun. 30, 2022) ................................. 15

*Cartwright v. Garner,*
751 F. 3d 752 (6th Cir. 2014) ........................................................................ 13

*Caspar v. Snyder,*
77 F. Supp. 3d 616 (E.D. Mich. Jan. 15, 2015) ................................................ 20

*Clements v. Fashing,*
457 U.S. 957 (1982) ..................................................................................... 20

*Diaz v. Mich. Dep't of Corr.,*
703 F. 3d 956 (6th Cir. 2013) ........................................................................ 14

*Doe v. Dewine,*
910 F. 3d 842 (6th Cir. 2018) ................................................................... 15, 19

*Doe v. Lee,*
2022 U.S. Dist. LEXIS 71576 (M.D. Tenn. Apr. 19, 2022) ................................. 13

*Dubuc v. Mich. Bd. of Law Examiners,*
342 F. 3d 610 (6th Cir. 2003) ................................................................... 19, 20

*Ex Parte Young,*
209 U.S. 123 (1908) .................................................................... 14, 15, 18, 19

*Gentek Bldg. Prods. v. Sherwin-Williams Co.,*
491 F. 3d 320 (6th Cir. 2007) ................................................................... 13, 14

*Kentucky v. Graham,*
473 U.S. 159 (1985) ..................................................................................... 14

*Lac Vieux Desert Band of Lake Superior Chippewa Indians v. Mich. Gaming Control
Bd.,*
172 F. 3d 397 (6th Cir. 1999) ........................................................................ 20

*Lujan v. Defenders of Wildlife,*
504 U.S. 555 (1992) ..................................................................................... 20

*RMI Titanium Co. v. Westinghouse Elec. Corp.,*
78 F. 3d 1125 (6th Cir. 1996) ........................................................................ 14

*Russell v. Lundergan-Grimes,*
   784 F. 3d 1037 (6th Cir. 2015) ............................................................ 14, 15, 17, 19

*Tennessee v. United States Dept. of Educ.,*
   2022 U.S. Dist. LEXIS 125684 (E.D. Tenn. Jul. 15, 2022) .................................... 14

*Top Flight Entm't, Ltd. v. Schuette,*
   729 F. 3d 623 (6th Cir. 2013) ................................................................ 15

*Virginia v. Am. Booksellers Ass'n, Inc.,*
   484 U.S. 383 (1988) ........................................................................ 20

*WCI, Inc. v. Ohio Dep't of Pub. Safety,*
   18 F. 4th 509 (6th Cir. 2021)............................................................ 15, 16

*Will v. Mich. Dep't of State Police,*
   491 U.S. 58 (1989). ........................................................................ 14

## Statutes

Tenn. Code Ann. § 16-3-405 .................................................................. 12

Tenn. Code Ann. § 16-3-601 ......................................................... 4, 5, 18, 19

## Rules

Fed. R. Civ. P. 12 .......................................................................... 13

Tenn. R. Crim. P. 2 ....................................................................... 4

# INTRODUCTION

Plaintiff Dan McCaleb responds in opposition to Defendant Administrative Director Michelle Long's Rule 12(b)(1) motion to dismiss (ECF No. 24). Director Long—who is the top official for the Tennessee Administrative Office of the Courts ("TAOC"), charged with overseeing the orderly operation of the State court system—does not argue that McCaleb's First Amendment right of access claim to future State court rulemaking meetings fails on the merits. Instead, she raises a challenge to the Court's subject matter jurisdiction, arguing McCaleb's claim is barred by the Eleventh Amendment, and that he has not established Article III standing.

Although she is the chief administrative officer of the State courts, Director Long disavows any special relation or connection to State court rulemaking meetings of the Advisory Commission on the Rules of Practice and Procedure ("Advisory Commission"), created by the enabling statute, Tenn. Code Ann. § 16-3-601.[1] Specifically, Director Long contends she has no authority over the Advisory Commission and no authority to open or close meetings; that she has taken no steps toward closing meetings; that she is not a member of the Advisory Commission; that the Advisory Commission is not part of the TAOC; and that the Advisory Commission is not subject to TAOC's policies.

---

[1] As McCaleb previously noted (Reply, ECF No. 26, Page ID #239 n. 1), the parties have used various names to refer to the Advisory Commission. McCaleb refers herein to the Advisory Commission as it refers to itself. *See e.g.* Tenn. R. Crim. P. 2, Advisory Commission Comment.

4

But Director Long's jurisdictional arguments are without merit because (1) the *Ex Parte Young* exception to Eleventh Amendment immunity applies since there is a realistic possibility she will take administrative action against McCaleb's First Amendment interests by closing the next scheduled quarterly meeting on **September 9, 2022**; (2) she has a special relation and connection to the Advisory Commission statute, is expressly directed to enforce it, and her office is actively involved with administering meetings; and (3) McCaleb has Article III standing because his preclusion from future meetings is fairly traceable to Director Long's administrative action, which this Court may redress by issuing an injunction.

## STATEMENT OF THE CASE

### A. Procedural History

**1. Plaintiff filed a First Amendment claim and motion for preliminary injunction to access future State court rulemaking meetings of the Advisory Commission (Tenn. Code Ann. § 16-3-601).**

On June 30, 2022, McCaleb filed his First Amended Complaint ("Compl.") (ECF No. 19) and sought declaratory and injunctive relief, which included a Section 1983 and First Amendment right of access claim to future State court rulemaking meetings of the Advisory Commission, created by the enabling statute, Tenn. Code Ann. § 16-3-601 (ECF No. 19).[2] He named Director Long as a defendant in her official capacity as TAOC Administrative Director. Compl., ECF No. 19, Page ID

---

[2] He also filed an executed return of service of the summons and original complaint (ECF No. 18). McCaleb amended his original complaint and requested access to rulemaking meetings of the (1) Advisory Commission; and (2) Tennessee Judicial Conference (TJC) committees, created by the enabling statute, Tenn. Code Ann. § 17-3-101, et seq. *See generally* ECF No. 19.

5

#134, at ¶ 14. He argued the First Amendment right of public access under the *Richmond Newspapers* test attaches to Advisory Commission rulemaking meetings. *See generally* ECF No. 19.

On the same day, McCaleb filed a motion for preliminary injunction requesting the Court stop Director Long from closing future Advisory Commission rulemaking meetings and order her to provide him with in-person and virtual access so he could assign reporters to report on future meetings (ECF No. 20).[3] McCaleb's motion was supported by his declaration ("McCaleb Decl.") (ECF No. 20-1) and Memorandum of Law (ECF No. 20-2).

Director Long responded in opposition (ECF No. 23) and asserted McCaleb's claim was barred by Eleventh Amendment immunity, and that he lacked Article III standing. Director Long's response was supported by the supplemental declaration of current TAOC Deputy Director Rachel Harmon ("Harmon Supp. Decl.") (ECF No. 23-1). McCaleb filed a Reply (ECF No. 26) supported by his supplemental declaration ("McCaleb Supp. Decl.") (ECF No. 26-1), a Public Meeting Notice of a past Advisory Commission meeting on May 20, 2016, published and disseminated by TAOC in advance of the meeting (ECF No. 26-2), and a current list of members of the Advisory Commission (ECF No. 26-3).

---

[3] In his motion, McCaleb *only* sought preliminary injunctive relief to rulemaking meetings of the Advisory Commission. *See* ECF No. 20; *see also* ECF No. 26 n. 1.

### 2. Defendant filed a Rule 12 (b)(1) motion to dismiss and attacked the Court's subject matter jurisdiction.

On July 14, 2022, Director Long filed the present Rule 12(b)(1) motion to dismiss (ECF No. 24), and her motion was supported by a Memorandum of Law (ECF No. 25). She makes a *factual* attack that this Court lacks subject matter jurisdiction over McCaleb's First Amendment claim, in accordance with Rule 12(h)(3). (emphasis added). *See* ECF No. 24, Page ID #222; *see also* ECF No. 25, Page ID #229, #234. Director Long asserts the identical argument in her motion to dismiss that she asserted in her response opposing McCaleb's preliminary injunction motion, contending McCaleb's claim is barred by Eleventh Amendment immunity, and that he lacks Article III standing to confer jurisdiction on this Court.

### B. Facts

*Dan McCaleb and The Center Square*

McCaleb is a resident of Crystal Lake, Illinois, and a citizen of the United States. McCaleb Decl., at ¶ 2. He is currently the Executive Editor of The Center Square. McCaleb Decl., at ¶ 3. McCaleb is a veteran editor and has worked in journalism for more than 25 years, most recently serving as editorial director of Shaw Media and the top editor of the award-winning Northwest Herald in suburban Chicago.[4] Compl., at ¶ 1; McCaleb Decl., at ¶ 4.

The Center Square was launched in May 2019, to fulfill the need for high-quality statehouse and statewide news across the United States.[5] McCaleb Decl., at ¶ 5. Its

---

[4] https://www.thecentersquare.com/users/profile/dan%20mccaleb/.
[5] https://www.thecentersquare.com/site/about/about.html.

focus is state-and local-level government and economic reporting. As a result of this approach, its readers are better informed about the issues of state and local government and its cost to the citizens whose tax dollars fund governmental decisions. McCaleb Decl., at ¶ 6. The Center Square is staffed by editors and reporters with extensive professional journalism experience, and it engages its readers with essential news, data, and analysis. McCaleb Decl., at ¶ 7.

The Center Square distributes its journalism through three main channels at no cost to readers, including a newswire service to legacy publishers and broadcasters, its own website, and social media. McCaleb Decl., at ¶ 8. It is a project of the 501(c)(3) Franklin News Foundation, headquartered in Chicago, Illinois. McCaleb Decl., at ¶ 9. The Center Square provides extensive news coverage throughout the country, including the Southeast region and Tennessee.[6] McCaleb Decl., at ¶ 10.

<em>Director Michelle Long and the TAOC</em>

On February 1, 2022, Michelle Long began serving as Administrative Director of the TAOC.[7] Prior to this, she had been employed by TAOC as its Deputy Director since 2019. *Id*. When Director Long joined the TAOC in 2019 as Deputy Director, the TAOC was providing administrative support to over 700 employees in the State court system, and the annual TAOC budget was over $160 million.[8]

---

[6] https://www.thecentersquare.com/tennessee/.
[7] https://www.tncourts.gov/administration.
[8] https://www.tncourts.gov/press/2019/10/14/tennessee-supreme-court-names-michelle-j-long-deputy-director-administrative-office.

*The State Budget*

As part of her duties, Director Long is required to prepare, approve, and submit a budget each year for the maintenance of the State court system. Tenn. Code Ann. § 16-3-803(c)(1). On February 1, 2022, the same day Director Long started her tenure as TAOC Administrative Director after being promoted from Deputy Director, Governor Bill Lee presented the State fiscal year 2022-2023 budget to the 112th Tennessee General Assembly ("State Budget"). Compl., ECF No. 19, Page ID #144, at ¶ 70. Attached as ECF No. 27-1 is a copy of the State Budget. *Id.* at n. 12.

In the State Budget discussing "Support Services," it states this functional area consists of the *[Tennessee] Administrative Office of the Courts*, Supreme Court Buildings, Tennessee State Law Libraries, *Judicial Conference*, *Judicial Programs and Commissions*, State Court Clerks' Conference, and Appellate Court Clerks. ECF No. 27-1, B-239 (emphasis added). Next, the first line-item under Support Services is 302.27, and it states the TAOC provides "services and support to the entire state court system." *Id.* The State Budget further notes the TAOC is responsible for preparation and oversight of the court system's budget, administration of the court automation fund and Tennessee court information system, and "support services to the courts." *Id*; *see also* B-241, 302.20.

*TAOC provides administrative support to the*
*Advisory Commission and other Boards and Commissions*

In accordance with the State Budget and as further noted on its website, the TAOC provides administrative support to approximately 15 Boards and

Commissions, including the Advisory Commission.[9] McCaleb Supp. Decl., ECF 26-1, Page ID #248, at ¶ 9. Currently, TAOC's Michelle Consiglio-Young is providing administrative support to the Advisory Commission. Harmon Supp. Decl., at ¶ 4; *see also* ECF No. 26-3, Page ID #255.

*TAOC actively administered past rulemaking meetings*
*of the Advisory Commission that were open to the public*

Some past meetings of the Advisory Commission have been open to the public and press. For example, members of the public were invited to attend the meeting held on May 20, 2016, at the TAOC in Nashville, Tennessee. McCaleb Supp. Decl., ECF No. 26-1, Page ID #247, at ¶¶ 5-6. TAOC published notice of the meeting on its website beforehand. Notice of Public Meeting, ECF No. 26-2.[10] McCaleb Supp. Decl. at ¶ 6. For additional information on attending the meeting in 2016, the notice directed members of the public to contact Jeana Hendrix, TAOC Assistant General Counsel, and provided her State telephone number and email address. ECF No. 26-2, Page ID #252; McCaleb Supp. Decl. at ¶ 7.[11] Harmon was TAOC General Counsel on May 20, 2016, when TAOC Assistant General Counsel Hendrix notified the public of the open meeting convening at TAOC's office in Nashville. Harmon Supp. Decl. at ¶ 1. Harmon has personal knowledge that the next Advisory Commission quarterly meeting is on September 9, 2022. Harmon Supp. Decl. at ¶ 10.

---

[9] https://tncourts.gov/boards-commissions/boards-commissions (last visited July 21, 2022).

[10] It is also available at https://www.tncourts.gov/calendar/public-meeting-notices/2016/05/20/advisory-commission-rules-practice-and-procedure.

[11] TAOC named Hendrix the Assistant General Counsel in 2014, *available at* https://www.tncourts.gov/news/2014/10/24/aoc-names-assistant-general-counsel.

*The parties' current respective status-quo positions regarding the*
*September 9, 2022, Advisory Commission quarterly meeting*

*McCaleb*. Plaintiff seeks a preliminary injunction ordering Director Long to provide both virtual and in-person access to Advisory Commission meetings, so he can assign reporters to report on future meetings. ECF No. 20, Page ID ##155-56. The upcoming meeting of the Advisory Commission on September 9, 2022, is closed to the public and press. McCaleb Supp. Decl., ECF No. 20-1, at ¶ 13.

In addition to providing administrative support to the Advisory Commission, TAOC provides support to other Boards and Commissions, including the ADR Commission, which is having its quarterly meeting on October 18, 2022, via virtual zoom access and livestreamed for public viewing on the Tennessee court's YouTube channel.[12] McCaleb Supp. Decl., ECF No. 20-1, at ¶ 10. Because the TAOC provides administrative support to the ADR Commission, it has posted notice to the public of the ADR Commission's upcoming quarterly meeting in October, at least 89 days (from July 21, 2022) in advance of this virtual public meeting. McCaleb Supp. Decl., ECF No. 20-1, at ¶ 11. Since Harmon has personal knowledge (ECF No. 23-1, at ¶ 10) that there is a scheduled quarterly meeting of the Advisory Commission on September 9, 2022, McCaleb determined that date would be 50 days from July 21, 2022, a much closer time in the future than the ADR Commission quarterly meeting in October. And he reviewed the TAOC public meeting notices calendar, and there was no public notice posted for September 9, 2022. *See* September calendar

---

[12] https://tncourts.gov/calendar/adr-commission/2022/10/18/adr-commission-quarterly-meeting (last visited July 21, 2022).

displaying no Advisory Commission quarterly meeting on September 9, 2022. McCaleb Supp. Decl., ECF No. 20-1, at ¶ 12.

TAOC has already posted notice of the ADR Commission's quarterly meeting in October, and it is open to the public via virtual access. But TAOC has *not* posted *any* notice to the public that the September 9, 2022, quarterly Advisory Commission meeting is open to the public. Therefore, there is a realistic possibility the Advisory Commission quarterly meeting on September 9, 2022, will be closed to the public and press. McCaleb Decl. at ¶ 34; McCaleb Supp. Decl. at ¶¶ 9-13.

Although the TAOC has hosted in-person Advisory Commission meetings at its Nashville office in the past, it appears that currently the TAOC is only providing virtual public access to certain Commission meetings that are open to the public. *See* McCaleb Supp. Decl., ECF No. 20-1, at ¶ 10. Like the Advisory Commission, the ADR Commission was established to recommend rules, and members are appointed by the Tennessee Supreme Court.[13] Unlike the Advisory Commission upcoming quarterly meeting in September, the ADR Commission quarterly meeting in October is open to the public. McCaleb Supp. Decl., ECF No. 20-1, at ¶ 10.

*Director Long and the TAOC*. Director Long asserts the Advisory Commission enabling statute and State law do not require meetings to be open to the public. Harmon Supp. Decl., ECF 23-1, at ¶ 6; *see also* Tenn. Code Ann. § 16-3-405. But Director Long's office is providing virtual access to the public and press to select

---

[13] https://tncourts.gov/boards-commissions/boards-and-commissions/alternative-dispute-resolution-adr-commission.

12

meetings of various other Commissions other than the Advisory Commission, such as for example the ADR Commission's quarterly meeting on October 18, 2022, and the TAOC is actively administering meetings of the ADR Commission by publishing and disseminating public meeting notices on its website. McCaleb Supp. Decl., ECF No. 20-1, at ¶ 10.

## LEGAL STANDARD

A motion pursuant to Fed. R. Civ. P. 12(b)(1) "provides for the dismissal of an action for lack of subject matter jurisdiction." *Cartwright v. Garner*, 751 F. 3d 752, 759 (6th Cir. 2014). "Subject matter jurisdiction is always a threshold determination." *Am. Telecom Co. v. Republic of Lebanon*, 501 F. 3d 534, 537 (6th Cir. 2007). There are two types of motions to dismiss for lack of subject-matter jurisdiction: facial and factual attacks. *Doe v. Lee*, 2022 U.S. Dist. LEXIS 71576, *9-10 (M.D. Tenn. Apr. 19, 2022) (Richardson, J.) (citing *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F. 3d 320, 330 (6th Cir. 2007)).

A facial attack challenges merely the sufficiency of the pleading. But a factual attack is a controversy concerning whether subject-matter jurisdiction exists. *Lee*, 2022 U.S. Dist. LEXIS *10. Since a factual attack under Rule 12(b)(1) raises whether a trial court may actually hear the case, a court may weigh the evidence to satisfy it has jurisdiction over the case. No presumption of truthfulness attaches to plaintiff's factual allegations in the challenged complaint, and the existence of disputed material facts will not preclude a trial court from evaluating for itself the merits of jurisdictional claims. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.

13

3d 1125, 1134 (6th Cir. 1996) (cleaned up). In satisfying it properly has jurisdiction over the case, a district court has wide discretion to allow affidavits, declarations, documents, and even a limited evidentiary hearing to resolve jurisdictional facts. *Gentek Bldg. Prods.*, 491 F.3d at 330.

When a defendant raises overlapping arguments in their motion for dismissal identical to those asserted in opposition to a pending motion for preliminary injunction, a court resolves both motions in the context of determining whether a preliminary injunction is warranted. *Tennessee v. United States Dept. of Educ.*, 2022 U.S. Dist. LEXIS 125684, *14 (E.D. Tenn. Jul. 15, 2022) (Atchley Jr., J.).

## ARGUMENT

### I. The Eleventh Amendment does not bar McCaleb's First Amendment right of access claim.

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In other words, it "is a suit against the State itself." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). The Eleventh Amendment bars many such suits unless an exception exists. *Russell v. Lundergan-Grimes*, 784 F. 3d 1037, 1046 (6th Cir. 2015) (citing *Will*, 491 U.S. at 66)).

Although the Eleventh Amendment can present a bar to some suits as discussed, *Ex Parte Young* is a longstanding exception. *See generally Ex Parte Young,* 209 U.S. 123 (1908). "In order to fall within the *Ex Parte Young* exception, a claim must seek prospective relief to end a continuing violation of federal law." *Diaz v. Mich. Dep't of Corr.*, 703 F. 3d 956, 964 (6th Cir. 2013). It is appropriate under *Young* to enjoin a

14

state official "when there is a realistic possibility the official will take legal or administrative actions against the plaintiff's interests." *Russell*, 784 F. 3d at 1048; *Doe v. Dewine*, 910 F. 3d 842, 849 (6th Cir. 2018). *Ex Parte Young* applies when a state official has a "special relation to the particular statute" and is "expressly directed to see to its enforcement." *Russell*, 784 F. 3d at 1047 (citing *Ex Parte Young*, 209 U.S. at 157)).

The *Ex parte Young* doctrine does not require a causal connection between the deprivation and some specific action that a defendant took. Rather, "[a] plaintiff must allege facts showing how a state official is connected to, or has responsibility for, the alleged constitutional violations." *Top Flight Entm't, Ltd. v. Schuette*, 729 F. 3d 623, 634 (6th Cir. 2013). This requirement is satisfied where a state official has "some connection" to the unconstitutional legislation or other challenged action. *Allied Artists Picture Corp. v. Rhodes*, 679 F. 2d 656, 665 n.5 (6th Cir. 1982).

The Sixth Circuit recently clarified the distinction between immunity asserted under the Eleventh Amendment and state sovereign immunity. *See WCI, Inc. v. Ohio Dep't of Pub. Safety*, 18 F. 4th 509, 513-14 (6th Cir. 2021); *Bush v. Reliant Bank*, 2022 U.S. Dist. LEXIS 115853, *11 (M.D. Tenn. Jun. 30, 2022) (Richardson, J.). Eleventh Amendment immunity requires a diversity of citizenship component among the parties and sounds in subject-matter jurisdiction. On the other hand, state sovereign immunity is grounded in personal jurisdiction and may be waived by a state's conduct. *WCI, Inc.* 18 F. 4th at 513-14.

15

Here, as an initial threshold procedural matter, Director Long seems to refer to both Eleventh Amendment immunity and State sovereign immunity interchangeably in arguing this Court lacks subject-matter jurisdiction over McCaleb's claim. Memorandum, ECF No. 25, Page ID #229. McCaleb will treat Director Long's motion to dismiss as asserting immunity under the Eleventh Amendment. The record is otherwise clear that her Rule 12(b)(1) motion sounds in subject-matter jurisdiction, and factually there is diversity of citizenship among the parties, since McCaleb is a resident of Illinois. *WCI, Inc.* 18 F. 4th at 513-14. While the Eleventh Amendment forms a more plausible basis *procedurally* than State sovereign immunity, *substantively and factually* based on the record before the Court, the Eleventh Amendment does not bar McCaleb's First Amendment right of access claim against Director Long.

First, the *Ex Parte Young* exception to Eleventh Amendment immunity applies since there is a realistic possibility Director Long will take administrative action against McCaleb's First Amendment interests by closing the next scheduled quarterly Advisory Commission meeting on September 9, 2022.

Second, Director Long has a special relation and connection to the Advisory Commission enabling statute, she is expressly directed to administratively enforce it, and her office is actively involved with providing administrative support to the Advisory Commission and administering its meetings.

### A. There is a realistic possibility Director Long will take administrative action against McCaleb's First Amendment interests and close the next Advisory Commission quarterly meeting on September 9, 2022.

It is appropriate to enjoin Director Long because there is a "realistic possibility" she will take administrative action against McCaleb's First Amendment interests by closing future meetings, including the upcoming meeting on September 9, 2022. *Russell*, 784 F.3d at 1048. As discussed, TAOC has already posted notice on its website of the ADR Commission's quarterly meeting in October, and it is open to the public via virtual access. But TAOC has *not* posted *any* notice to the public that the September 9, 2022, quarterly Advisory Commission meeting is open to the public. Therefore, there is a realistic possibility the Advisory Commission quarterly meeting on September 9, 2022, will be closed to the public and press. McCaleb Decl. at ¶ 34; McCaleb Supp. Decl. at ¶¶ 9-13. McCaleb further asserts that the next quarterly meeting on September 9, 2022, is closed to the public and press, and Director Long failed to provide contradictory evidence to support her factual attack and Rule 12(b)(1) motion to dismiss. McCaleb Supp. Decl. at ¶ 13.

### B. *Ex Parte Young* exception applies.

#### 1. Director Long has a special relation and connection to the Advisory Commission enabling statute, and she is expressly directed to administratively enforce it.

In his Memorandum McCaleb noted Director Long's special relation and connection to the Advisory Commission enabling statute, which expressly directs her to see to its enforcement. ECF No. 20-2, Page ID #176. The statute states:

> The advisory commission has the authority to employ, subject to the approval of the *administrative director of the courts* and commissioner of finance and administration, legal, clerical and other assistance that may be necessary to the efficient discharge of its duties.

Tenn. Code Ann. § 16-3-601(d) (emphasis added); *see also* ECF No. 20-2, Page ID #176. It is clear from the text that Director Long has a special relation to the enabling statute and connection with its enforcement because the Advisory Commission must seek her approval to employ legal, clerical, and other assistance necessary to discharge its rulemaking duties. *See Ex Parte Young,* 209 U.S. at 157.

The Sixth Circuit analyzed the office of Administrative Director and the broad statutory powers and duties the General Assembly conferred upon Director Long's position and concluded that "the relationship between the [Administrative Director] and the state courts demonstrates that there [is] an identity of interests or privity between the two." *Blackard v. Memphis Area Med. Ctr. for Women, Inc.*, 262 F.3d 568, 576 (6th Cir. 2001). In *Blackard*, the TAOC Director was bound by an injunction pursuant to Fed. R. Civ. P. 65. The Director submitted an affidavit claiming she had no authority over State court judges, and thus the injunction could not reach other judges. But the *Blackard* Court reasoned that the injunction could reach and bind other State court judges because Tennessee's Administrative Director was legally responsible "for the orderly operation of the court system." 262 F. 3d at 575-76.

It logically follows that under *Blackard*, Director Long's legal responsibility "for the orderly operation of the court system" further establishes her special relation and connection with the Advisory Commission, whose duty is to advise on "rules of

18

practice and procedure" in State courts. 262 F.3d at 575-76; Tenn. Code Ann. § 16-3-601(a); *Ex Parte Young,* 209 U.S. at 157. Thus, the Court should reject Director Long's claim that she lacks "authority" over the Advisory Commission and its State court rulemaking meetings.

### 2. Director Long's office provides administrative support to the Advisory Commission and is actively involved with administering meetings.

Additionally, the TAOC is "actively involved with administering" meetings of the Advisory Commission, established by Tenn. Code Ann. § 16-3-601. Harmon Supp. Decl. at ¶ 4; *See Doe v. Dewine*, 910 F. 3d at 849 (quoting *Russell*, 784 F. 3d at 1048)). This includes Director Long's statutory authority to approve legal, clerical, and other necessary assistance; Michelle Consiglio-Young's administrative support; hosting in-person public meetings at TAOC's office in Nashville; and publishing and disseminating public meeting notices on TAOC's website.

### 3. Determining whether *Ex Parte Young* applies does not involve an analysis of McCaleb's First Amendment claim on the merits.

"[T]he inquiry into whether suit lies under *Ex Parte Young* does not include an analysis of the merits of the claim." *Dubuc v. Mich. Bd. of Law Examiners*, 342 F. 3d 610, 616 (6th Cir. 2003). Director Long misstates the law by claiming she "seeks to dismiss [McCaelb's] First Amended Complaint in its entirety and with prejudice as Plaintiff's claims are barred by sovereign immunity and Plaintiff lacks the requisite standing to confer Article III jurisdiction on this Court." Memorandum, ECF No. 25, Page ID #225. This is simply wrong legally since a Court's lack of subject-matter

jurisdiction (which is not the case here) is not a dismissal "with prejudice" on the merits. *See Dubuc*, 342 F. 3d at 616. Moreover, it is wrong factually because Director Long has never contested "the merits" of McCaleb's First Amendment right of access claim to meetings of the Advisory Commission under the two-part test in *Richmond Newspapers*, either in her present Rule 12 motion or in her response to McCaleb's motion for preliminary injunction. Reply, ECF No. 26, Page ID #243.

### II. McCaleb has Article III standing because his preclusion from future meetings is fairly traceable to Director Long's administrative action, which may be redressed by this Court issuing an injunction.

To establish minimum Article III standing, a plaintiff must show: (1) an injury-in-fact that is concrete, particularized, and imminent; (2) fairly traceable to defendant's conduct; and (3) would be redressed by a favorable court decision. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). But Article III standing does not require a plaintiff to engage in "costly futile gestures simply to establish standing, particularly when the First Amendment is implicated." *Lac Vieux Desert Band of Lake Superior Chippewa Indians v. Mich. Gaming Control Bd.*, 172 F. 3d 397, 406 (6th Cir. 1999) (citing *Virginia v. Am. Booksellers Ass'n, Inc.*, 484 U.S. 383, 392–93 (1988); *Clements v. Fashing*, 457 U.S. 957, 962 (1982)).

Director Long contests the second and third prongs of minimum Article III standing: traceability and redressability. ECF No. 24 and 25. And she reprises the same "causal connection" argument she makes in arguing *Ex Parte Young* does not apply and that the Eleventh Amendment bars McCaleb's claim. *See Caspar v. Snyder*, 77 F. Supp. 3d 616, 635 (E.D. Mich. Jan. 15, 2015). But this Court clearly

has jurisdiction over McCaleb's First Amendment claim, and he has established Article III standing as demonstrated by the record,

First, McCaleb is precluded from assigning reporters to report on future meetings of the Advisory Commission including the upcoming meeting on September 9, 2022. Second, his First Amendment pre-deprivation and injury is fairly traceable to Director Long based on the realistic possibility she will take administrative action against him by closing future meetings of the Advisory Commission, including the upcoming September meeting. Third, his injury may be redressed by this Court issuing a preliminary injunction ordering Director Long to provide him with both virtual and in-person access to Advisory Commission meetings, including the next meeting on September 9, 2022, so he can assign reporters to report on meetings. ECF No. 20, Page ID ##155-56.

## CONCLUSION

For these reasons, McCaleb has satisfied his burden of establishing the Court's subject matter jurisdiction over his claim. The Eleventh Amendment does not bar his First Amendment right of access claim to meetings of the Advisory Commission because the *Ex Parte Young* exception applies, and he has Article III standing to confer jurisdiction on this Court. Therefore, the Court should deny Director Long's Rule 12(b)(1) motion to dismiss in its entirety. The Court may now turn its attention to McCaleb's First Amendment claim on the merits.

21

July 28, 2022                     Respectfully submitted,


*/s/ M. E. Buck Dougherty III*

M. E. Buck Dougherty III, TN BPR #022474
James McQuaid, Admitted *pro hac vice*
LIBERTY JUSTICE CENTER
440 N. Wells Street, Suite 200
Chicago, Illinois 60654
312-637-2280-telephone
312-263-7702-facsimile
bdougherty@libertyjusticecenter.org
jmcquaid@libertyjusticecenter.org

Attorneys for Plaintiff, Dan McCaleb,
Executive Editor of The Center

22

**CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2022, a copy of the foregoing Response to Defendant's Motion to Dismiss Plaintiff's First Amendment Complaint was filed electronically via the Court's CM/ECF filing system. Notice of this filing will be sent by operation of the Court to all parties indicated on the electronic filing receipt, including a copy to the Office of Tennessee Attorney General and Reporter, counsel for TAOC Administrative Director Michelle Long, via electronic mail as follows:

HERBERT H. SLATERY III
Office of the Attorney General & Reporter
Janet M. Kleinfelter, *Deputy Attorney General*
Public Interest Division
Steven A. Hart, *Special Counsel*
P.O. Box 20207
Nashville, Tennessee 37202-0207
janet.kleinfelter@ag.tn.gov
steve.hart@ag.tn.gov

*/s/ M. E. Buck Dougherty III*
M. E. Buck Dougherty III, TN BPR #022474

23