IN THE UNITED STATES DISTRICT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DAN McCALEB, Executive Editor of THE CENTER SQUARE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:22-cv-00439 |
| MICHELLE LONG, in her official capacity as DIRECTOR of the TENNESSEE ADMINISTRATIVE OFFICE OF THE COURTS, | ) ) ) ) ) | Judge Richardson<br><br>Magistrate Judge Frensley |
| Defendant. | ) | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (DE 24)**

Defendant Michelle Long, in her official capacity as Director of the Tennessee

Administrative Office of the Courts (AOC), hereby submits this Reply in support of her Motion to

Dismiss Plaintiff's First Amended Complaint for lack of subject matter jurisdiction pursuant to

Fed. R. Civ. P. 12(b)(1). (DE 24).

**The *Ex Parte Young* Exception Does Not Apply Because Director Long Has No
Authority to Close Meetings of the Rules Advisory Commission.**

The *Ex Parte Young* exception to Eleventh Amendment Immunity exists only to allow a

federal court to issue "an injunction which restrains the state officer from taking any steps towards

the enforcement of an unconstitutional enactment [or action], to the injury of complainant." *Ex*

*Parte Young*, 209 U.S. at 159. No such injunction is possible against Director Long because she

has taken no steps—or even has the authority to take—any steps toward closing meetings of the

Rules Advisory Commission. Director Long is not a member of the Rules Advisory Commission, and the Commission is not part of the AOC. And because the Commission is not part of the AOC, it is not subject to any policy issued by the AOC and/or Director Long. *See* (DE 23-1), Harmon Supp. Decl., ¶¶ 4-6. To be blunt, Director Long has no authority over the Rules Advisory Commission, period, and nothing in the Amended Complaint or Plaintiff's declarations (DE 20-1 and 26-1)demonstrates otherwise.[1]

Instead, Plaintiff tries to argue that Director Long has a "special relationship" with the Rules Advisory Commission by virtue of the Commission's enabling statute, Tenn. Code Ann. § 16-3-601(d). But all that statute does is give Director Long—along with the Commissioner of Finance and Administration—the authority to approve the employment of "administrative, legal, clerical and other assistance" for the Rules Advisory Commission. *Id.* Even construing this statute liberally, it cannot be read as giving Director Long authority for administering or enforcing the policies and procedures of the Rules Advisory Commission, including procedures governing the closing of its meetings. *See Harris v. Tennessee*, No. 3:19-cv-00174, 2020 WL 107101, at *5 (M.D. Tenn. Jan. 9, 2020) (noting that "*Young* does not reach state officials who lack a 'special relation to [a] particular statute' and '[are] not expressly directed to see to its enforcement." (internal quotation and citations omitted). Nor does the AOC's budgeting responsibilities for the court system establish that Director Long has any sort of supervisory authority over or responsibility for the practices and procedures of the Rules Advisory Commission.

Plaintiff also argues that Director Long has a sufficient connection with the Rules Advisory Commission to invoke the *Ex Parte Young* exception based on the Sixth Circuit Court's opinion

---

[1] Plaintiff's declarations contain a number of speculative assertions but what they do not contain is an assertion that Director Long has closed meetings of the Rules Advisory Commission, much less that she has the authority to close meetings of that body, or the Director Long has threatened to close future meetings of the Commission.

in *Blackard v. Memphis Area Med. Ctr. For Women, Inc.*, 262 F.3d 568, 575-76 (6th Cir. 2001) (DE 27, PageID # 274-75). But Plaintiff's reliance on that case is misplaced as Eleventh Amendment immunity and the *Ex Parte Young* exception was not at issue in that case; rather, the Sixth Circuit's decision was focused on the scope of the temporary injunction and whether the Director of the AOC and the juvenile courts were in "active concert and participation" such that the juvenile courts were subject to the injunction pursuant to Fed. R. Civ. P. 65(d). *Blackard*, 262 F.3d at 574-576.

Director Long has no authority related to the Rules Advisory Commission other than to approve the employment of "administrative, legal, clerical and other assistance." She has no authority regarding any decision to open or close the Rules Advisory Commission's meetings and Plaintiff has not pointed to any statutory authority that would allow Director Long to order the Rules Advisory Commission to open its meetings. Overall, Director Long's relationship with the Rules Advisory Commission is simply too attenuated to trigger the *Ex Parte Young* exception to Director Long's Eleventh Amendment immunity. *See Kelly v. Burks*, 414 F.Supp.2d 681 (E.D. Ky. 2006) (finding that Governor can "only be said to exercise authority over the Personnel Board in tangential and trivial ways" and, therefore, cannot be stripped of his immunity); *W.O. v. Beshear*, No. 3:20-cv-00023-GFVT, 2020 WL 2134088, at *3 ((E.D. Ky. May 5, 2020) (finding that Attorney General not a proper defendant because he had no connection with enforcement of challenged executive orders and had not threatened enforcement). Plaintiff simply has not and cannot demonstrate that the only defendant, Director Long, has anything other than a tangential connection to the challenged action—the closing of meetings of the Rules Advisory Commission.

3

**CONCLUSION**

For these reasons, and for the reasons set forth in Director Long's memorandum in support of her motion to dismiss (DE 25), Director Long respectfully requests that this Court grant her motion to dismiss the First Amended Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter


/s/ *Janet M. Kleinfelter*
JANET M. KLEINFELTER (BPR 13889)
Deputy Attorney General
Public Interest Division

STEVEN A. HART (BPR 7050)
Special Counsel

Office of Tennessee Attorney General
P.O. Box 20207
Nashville, TN  37202
(615) 741-7403
Janet.kleinfelter@ag.tn.gov
Steve.hart@ag.tn.gov

4

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing document has been forwarded electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to the parties named below. Parties may access this filing through the Court's electronic filing system.

M. E. Buck Dougherty III
James McQuaid
Liberty Justice Center
440 N. Wells Street, Suite 200
Chicago, IL 60654
bdoughterty@libertyjusticecenter.org
jmcquaid@libertyjusticecenter.org

Date: August 4, 2022

/s/ *Janet M. Kleinfelter*
JANET M. KLEINFELTER
Deputy Attorney General

5