IN THE UNITED STATES DISTRICT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DAN McCALEB, Executive Editor of THE CENTER SQUARE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:22-cv-00439 |
| MICHELLE LONG, in her official capacity as DIRECTOR of the TENNESSEE ADMINISTRATIVE OFFICE OF THE COURTS, | ) ) ) ) | Judge Richardson<br><br>Magistrate Judge Frensley |
| Defendant. | ) ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO POSTPONE THE CASE MANAGEMENT CONFERENCE
AND STAY DISCOVERY**

On July 14, 2022, Defendant Long filed a Motion to Dismiss this action in its entirety. *See* Mtn. to Dismiss, D.E. 24. The Motion raises threshold issues of subject matter jurisdiction for both Eleventh Amendment immunity and lack of standing.

Briefing is now complete, and the Motion to Dismiss is ripe for adjudication. Accordingly, for the reasons set forth below, Defendant Long moves to postpone the Initial Case Management Conference currently scheduled for August 11, 2022, and to stay discovery pending resolution of the Motion to Dismiss.

## I. ARGUMENT.

The Court has discretion to postpone the Initial Case Management Conference. *See* Fed. R. Civ. P. 26(f)(1); Local Rule 16.01(d). Further, "[t]rial courts have broad discretion and inherent

power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). *See also* Fed. R. Civ. P. 26(c) (allowing a court to stay discovery to prevent "undue burden or expense"). "Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (citing *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir.1995)). Unless it is shown that the plaintiff would suffer "substantial prejudice" from a stay of discovery, a trial court's decision to stay discovery will not be disturbed. *Cochran v. United Parcel Service, Inc.*, 137 F. App'x 768, 772 (6th Cir. 2005).

"'The filing of a motion to dismiss by itself does not mandate a stay of discovery pending resolution of that motion, nor does the right to discovery continue in light of a pending dispositive motion.'" *Nexstar Broadcasting, Inc. v. Granite Broadcasting Corp.*, No. 1:11-CV-249, 2011 WL 4345432 at *2 (N.D. Ind. Sept. 15, 2011) (citation omitted). "Rather, whether a stay of discovery is warranted depends on the individual case. A stay is appropriate where the motion to dismiss can resolve the case, where ongoing discovery is unlikely to produce facts necessary to defeat the motion, or where the motion raises a potentially dispositive threshold issue, such as a challenge to plaintiff's standing." *Id.* (citation omitted). Accordingly,

> "[i]n deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted."

*Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C.1988)).

2

Here, Defendant Long has presented such threshold issues which necessitate the postponement of the Initial Case Management Conference and a stay of discovery.

First, Defendant Long has asserted that the Amended Complaint should be dismissed on the basis of Eleventh Amendment immunity.  An assertion of immunity is more than "a mere defense to liability."  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  "The entitlement is an *immunity from suit*. . . ."  *Id*. (emphasis in original).  Accordingly, a matter of immunity should be decided at the earliest opportunity, and—in order to protect public officials from "unnecessary and burdensome discovery"—a district court "should resolve that threshold question *before* permitting discovery."  *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (emphasis added).  *See also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).[1]

Second, Defendant Long has asserted a lack of standing with respect to all of Plaintiff's claims.  "Because standing is a *sine qua non* to the prosecution of a suit in a federal court, the absence of standing sounds the death knell for a case."  *Microsystems Software, Inc. v. Scandinavia Online AB*, 226 F.3d 35, 39 (1st Cir. 2000).  Thus, "a federal court must resolve any doubts about such standing before proceeding to adjudicate the merits of a given case."  *United States v. Catala*, 870 F.3d 6, 9 (1st Cir. 2017).

Defendant Long's Motion to Dismiss unequivocally demonstrates that Eleventh Amendment immunity applies, because (as fully discussed therein) Director Long has no connection with the alleged unconstitutional conduct, i.e., the closing of meetings of the Rules

---

[1] While *Mitchell*, *Crawford-El*, and *Harlow* each addressed issues of qualified immunity, rather than Eleventh Amendment immunity, the distinction is of no consequence.  The Sixth Circuit has held that the Eleventh Amendment also provides "'an *immunity from suit* rather than a mere defense to liability,'" *Wells v. Brown*, 891 F.2d 591, 592-93 (6th Cir. 1989) (quoting *Mitchell*) (emphasis in original), and that "until resolution of the threshold question of immunity, 'discovery should not be allowed.'"  *Id*. at 593 (quoting *Harlow*).

3

Advisory Commission, and has not taken any steps—or even has authority to take—any steps toward closing past or future meetings of the Rules Advisory Commission. The Sixth Circuit has been clear that, for the *Ex Parte Young* exception to Eleventh Amendment immunity to apply, the state official sued must have some connection with the alleged unconstitutional conduct. *See e.g.*, *Floyd v. Cty. of Kent*, 454 F. App'x 493, 499 (6th Cir. 2012) ("The state official sued, however, must have, by virtue of the office, some connection with the alleged unconstitutional act or conduct of which the plaintiff complains."); *Top Flight Ent., Ltd. v. Schuette*, 729 F.3d 623, 634 (6th Cir. 2013) ("A plaintiff must allege facts showing how a state official is connected to, or has responsibility for, the alleged constitutional violations.") (citation omitted).

Similarly, Plaintiff lacks standing to pursue his claims. Here, to the extent Plaintiff has been constitutionally injured by closed meetings of the Rules Advisory Commission, Plaintiff's allegations do not establish that the harm is fairly traceable to Director Long's actions or redressable by her. Director Long has no authority over the Rules Advisory Commission as she is not a member of the Rules Advisory Commission, the Commission is not part of the AOC, and it is not subject to any policies of the AOC. *See* (DE 23-1). In other words, Plaintiff has both failed to demonstrate how Director Long caused Plaintiff's alleged injury—a causation defect—and failed to show what this Court could order Director Long to do or refrain from doing to give Plaintiff relief—a redressability defect. "To invoke federal jurisdiction, plaintiffs have the burden of showing some 'viable remedy' we can dispense that would at least partially relieve their injury. *Universal Life Church*, 35 F.4th at 1033 (citing *Alston v. Advanced Brands & Imp. Co.*, 494 F.3d 562, 565 (6th Cir. 2007).

All of this demonstrates that Defendant Long has presented a compelling Motion to Dismiss to the Court, which—if granted—would dispose of this entire action. And as both the

4

Supreme Court and Sixth Circuit have noted, an early ruling on immunity is essential to protect government officials from the burden of needless litigation:

> Decision of this purely legal question permits courts expeditiously to weed to suits which fail the test requiring a defendant who rightly claims . . . imunity to engage in expensive and time consuming preparation to defend the suit on its merits. One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit.

*Vaughn v. U.S. Small Business Admin.*, 65 F.3d 1322, 1326 (6th Cir. 1995) (quoting *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)). *See also J.A. b/n/f Alvarez v. Texas Education Agency*, No. 1:19-cv-921-RP, 2020 WL 3270834 (W.D. Tex. June 17, 2020) (staying discovery pending resolution of motion to dismiss asserting lack of standing and sovereign immunity); *Torongo v. Roy*, No. 15-81490, 2016 WL 10706286 (S.D. Fla. Jan. 28, 2016) (granting motion to stay discovery, pending resolution of motion to dismiss for lack of standing due to failure to allege an injury-in-fact). Accordingly, Defendant Long submits that conducting discovery on the merits of the asserted claims would needlessly increase the cost of this litigation for no purpose, especially when discovery would "have no relevance to the dispositive legal issues in question." *Hahn v. Star Bank*, 190 F.3d 708, 719-20 (6th Cir. 1999).

5

## II.  CONCLUSION

For these reasons, Defendant Long respectfully requests this Court to postpone the Case Management Conference currently scheduled for August 11, 2022, and to stay discovery in this matter pending resolution of her Motion to Dismiss.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter


/s/ *Janet M. Kleinfelter*
JANET M. KLEINFELTER (BPR 13889)
Deputy Attorney General
Public Interest Division

STEVEN A. HART (BPR 7050)
Special Counsel
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, TN  37202
(615) 741-7403
Janet.kleinfelter@ag.tn.gov
Steve.hart@ag.tn.gov

6

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing document has been forwarded electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to the parties named below. Parties may access this filing through the Court's electronic filing system.

M. E. Buck Dougherty III
James McQuaid
Liberty Justice Center
440 N. Wells Street, Suite 200
Chicago, IL 60654
bdoughterty@libertyjusticecenter.org
jmcquaid@libertyjusticecenter.org

Date: August 8, 2022                          /s/ *Janet M. Kleinfelter*
                                              JANET M. KLEINFELTER
                                              Deputy Attorney General