**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| DAN McCALEB, Executive Editor of THE CENTER SQUARE, | |
| Plaintiff, | No. 3:22-cv-00439 |
| v. | |
| MICHELLE LONG, in her official capacity as DIRECTOR of TENNESSEE ADMINISTRATIVE OFFICES OF THE COURTS, | Judge Richardson Magistrate Judge Frensley |
| Defendant. | |

**PROPOSED INITIAL CASE MANAGEMENT ORDER**

A. JURISDICTION:

Plaintiff's position: The Court has jurisdiction over Plaintiff's Section 1983 and First Amendment claims arising under the U.S. Constitution pursuant to 28 U.S.C. §§ 1331 and 1343.

Defendant's position: Defendant Long submits that this Court lacks jurisdiction due to Plaintiff's lack of standing and the Eleventh Amendment's jurisdictional bar for suits against the State.

B. BRIEF THEORIES OF THE PARTIES:

For Plaintiff: Under the two-part test in *Richmond Newspapers*, Defendant Administrative Director Michelle Long of the Tennessee Administrative Office of the Courts ("TAOC"), is violating Plaintiff Dan McCaleb's First Amendment right of

access to State court rulemaking meetings of (1) the Tennessee bench-bar advisory commission ("Advisory Commission"), created by the enabling statute, Tenn. Code Ann. § 16-3-601; and (2) the Tennessee Judicial Conference (TJC) committees, created by the enabling statute, Tenn. Code Ann. § 17-3-101, et seq. ECF No. 19.

Plaintiff sued Director Long in her official capacity and seeks declaratory and prospective injunctive relief, including virtual and in-person access to future meetings, so that he may assign reporters in his role as Executive Editor of The Center Square, to report on meetings. Plaintiff asserts that there is a realistic possibility that Director Long will take administrative action against McCaleb's First Amendment interests and close the next Advisory Commission quarterly meeting scheduled for **September 9, 2022**. Plaintiff further asserts that Director Long has a special relation and connection to the Advisory Commission enabling statute, and she is expressly directed to administratively enforce it. Further, her office (TAOC) provides administrative support to the Advisory Commission and is actively involved in administering meetings. Therefore, his First Amendment claim is not barred by the Eleventh Amendment under the *Ex Parte Young* doctrine, and he has established Article III standing to confer jurisdiction on this Court.

For Defendant: Defendant Long contends that this Court lacks subject-matter jurisdiction because Plaintiff lacks standing and because Plaintiff's claim is barred by the State's Eleventh Amendment immunity. To establish standing, Plaintiff must allege an actual or imminent injury that is traceable to the defendant and redressable by the court for each claim asserted. *Lujan v. Defendants of Wildlife*, 504 U.S. 555,

6

560–62 (1992). Plaintiff alleges that their First Amendment right of access to meetings of Rules Advisory Commission has been denied, but Defendant Long has no authority over the Rules Advisory Commission, including authority to open or close its meetings. Nor does Plaintiff allege that Defendant Long has closed any meetings of the Rules Advisory Commission or that she has the authority to do so. Thus, to the extent Plaintiff has been injured by closed meetings of the Rules Advisory Commission, Plaintiff's allegations do not establish that the harm is fairly traceable to Director Long's actions or redressable by her. This failure deprives Plaintiff of standing. Additionally, the Eleventh Amendment "confirms" that a State is not "amendable to the suit of an individual without its consent." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996) (internal quotation marks omitted). Moreover, the *Ex Parte Young* exception to the Eleventh Amendment exists only to allow a federal court to issue "an injunction which restrains the state officer from taking any steps towards the enforcement of an unconstitutional enactment [or action], to the injury of complainant." *Ex Parte Young*, 209 U.S. 123, 159 (1908). No such injunction is possible against Director Long because she has taken no steps—or even has the authority to take—any steps toward closing meetings of the Rules Advisory Commission. Thus, as neither *Ex Parte Young* nor any other exception applies, Plaintiff's suit is barred by the Eleventh Amendment.

Finally, to the extent that Plaintiff's suit is not barred by the Eleventh Amendment and lack of standing, Defendant Long submits that the First

Amendment does not require that meetings of the Rules Advisory Commission be open to the public and press.

C. ISSUES RESOLVED: None. Pending before the Court are Plaintiff's motion for preliminary injunction (ECF No. 20) and Defendant's Rule 12(b)(1) motion to dismiss Plaintiff's first amended complaint (ECF No. 19) for lack of subject matter jurisdiction under Eleventh Amendment immunity and Article III lack of standing (ECF No. 24).

D. ISSUES STILL IN DISPUTE: Whether Plaintiff's claims are barred by the Eleventh Amendment; whether Plaintiff has Article III standing to vest subject matter jurisdiction with this Court; and whether Defendant is violating Plaintiff's First Amendment right of access to future meetings of the Advisory Commission, including the next quarterly meeting on **September 9, 2022**, such that Plaintiff has made the required showing for this Court to issue a preliminary injunction pursuant to Rule 65.

E. INITIAL DISCLOSURES:

*For Plaintiff*:

The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before August 19, 2022. Today on August 8, 2022, Defendant Long filed a motion to stay discovery pending resolution of her dispositive motion to dismiss (ECF No. 29). Plaintiff will respond accordingly to Defendant Long's motion to stay discovery prior to the initial case management telephone conference scheduled for this Thursday, August 11, 2022. As a general matter, Plaintiff

contends that Director Long's motion to stay discovery should be denied because the Local Rules expressly state that "[d]iscovery is not stayed, including during the pendency of dispositive motions, unless specifically authorized by Fed. R. Civ. P. 26(d) or by order of the Court, or with regard to e-discovery, as outlined by Administrative Order 174-1." LR. 16.01(g); *see generally Lee v. Vanderbilt Univ.*, 2021 U.S. Dist. LEXIS 184911 (M.D. Tenn. Apr. 15, 2021) (Frensley, J.).

*For Defendant:*

Defendant Long has filed a Motion to Dismiss (D.E. 24) which asserts lack of jurisdiction on the basis of standing and Eleventh Amendment immunity. Accordingly, Defendant Long asserts that discovery—including initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)—must be stayed, pending resolution of the Motion to Dismiss. *See, e.g., Kennedy v. City of Cleveland*, 797 F.2d 297 (6th Cir. 1986) (holding that a party asserting an immunity defense "is to be . . . protected from the burdens of discovery until the resolution of that issue [and] *the court is further obligated,* upon application, not only to refrain from proceeding to trial but to stay discovery until that issue is decided"; emphasis added; citing *Mitchell v. Forsyth*, 472 U.S. 511 (1985)). To that end, Defendant Long has also filed a Motion to Stay Discovery. (D.E. 29.)

In the event that the Court denies the pending Motion to Stay Discovery, the parties shall exchange initial disclosure pursuant to Fed. R. Civ. P. 25(a)(1) 30 days after entry of an Order denying the Motion to Stay.

9

F.  CASE RESOLUTION PLAN AND JOINT STATUS REPORTS: The parties are encouraged to consider the Alternative Dispute Resolution Options provided in Local Rules 16.02 through 16.05. **If the parties do not propose a detailed plan for resolution of the case in their proposed initial case management order, the Court will establish case resolution plan requirements.** Approximately fourteen (14) days after the conclusion of fact discovery, the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either a joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

G.  DISCOVERY:

*For Plaintiff*:

The parties shall complete all written discovery and depose all fact witnesses on or before January 6, 2023. Written discovery should proceed promptly (unless otherwise provided for herein) and shall be served no later than December 2, 2022. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

*For Defendant*:

As stated above, Defendant Long has filed a Motion to Stay Discovery, which is pending with the Court, and Defendant Long contends that all discovery must be stayed, pending resolution of Defendant's Motion to Dismiss. Following the Court's ruling on the Motion to Dismiss, if denied, then all stays on discovery will be lifted and the parties will, within 14 days of the Court's order, submit to the Court a draft scheduling order for completion of discovery disclosure, dispositive motions and a recommended trial date.

*For both parties*:

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions. All discovery motions shall be filed by no later than January 6, 2023. In connection with any discovery conference or discovery motion, the applicable parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute statement shall

11

certify that lead counsel for every applicable party held the aforementioned telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3), but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response, as the case may be.

H. MOTIONS TO AMEND OR TO ADD PARTIES:

*For Plaintiff*:

Any motions to amend or add parties shall be filed by no later than January 6, 2023, and must comply with Local Rules 7.01 and 15.01

*For Defendant*:

Any motions to amend or to add parties shall be filed not later than 90 days after entry of an Order denying the Motion to Stay Discovery.

I. DISCLOSURE AND DEPOSITION OF EXPERTS: The parties do not anticipate requiring expert witnesses or expert reports in this matter.

J. SUBSEQUENT CASE MANAGEMENT CONFERENCE.

*For Plaintiff*:

A subsequent case management conference shall be held telephonically on November 5, 2022, to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including

12

propriety of ADR); and, any other appropriate matters. Plaintiff's counsel shall initiate the call.

*For Defendant*:

Following the Court's ruling on the Motion to Dismiss, if denied, then all stays on discovery will be lifted and the parties will, within 14 days of the Court's order, submit to the Court a draft scheduling order for completion of discovery disclosure, dispositive motions, and a recommended trial date.

K. DISPOSITIVE MOTIONS:

*For Plaintiff*:

As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than February 10, 2023. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memorandum of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

*For Defendant*:

Following the Court's ruling on the Motion to Dismiss, if denied, then all stays on discovery will be lifted and the parties will, within 14 days of the Court's

13

order, submit to the Court a draft scheduling order for completion of discovery disclosure, dispositive motions, and a recommended trial date.

L. ELECTRONIC DISCOVERY. If the parties have reached an agreement on how to conduct electronic discovery, Administrative Order 174-1 need not apply to this case. Any agreement between the parties to address the topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as a proposed agreed order with accompanying motion for approval. In the absence of an agreement, the default standards of Administrative Order No. 174-1 will apply.

M. MODIFICATION OF CASE MANAGEMENT ORDER. Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the

14

trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

N.  ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:

*For Plaintiff*:

The BENCH trial of this action is expected to last approximately three days. A trial date no earlier than July 17, 2023, is respectfully requested.[1] (per local rule 16.01(h)(1) it has to be at least 90 days after the last dispositive motion).

*For Defendant*:

Following the Court's ruling on the Motion to Dismiss, if denied, then all stays on discovery will be lifted and the parties will, within 14 days of the Court's order, submit to the Court a draft scheduling order for completion of discovery disclosure, dispositive motions, and a recommended trial date.

It is so **ORDERED.**

_____
United States Magistrate Judge

---

[1] The parties were also reminded during the case management conference of their option to consent to final disposition by the Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed **only if all parties consent** to final disposition by the Magistrate Judge.

15

APPROVED FOR ENTRY:


*/s/ M. E. Buck Dougherty III*
M. E. Buck Dougherty III, TN BPR #022474
James McQuaid, Admitted *pro hac vice*
LIBERTY JUSTICE CENTER
440 N. Wells Street, Suite 200
Chicago, Illinois 60654
312-637-2280-telephone
312-263-7702-facsimile
bdougherty@libertyjusticecenter.org
jmcquaid@libertyjusticecenter.org

Attorneys for Plaintiff, Dan McCaleb,
Executive Editor of The Center Square




*/s/ Janet M. Kleinfelter*
JANET M. KLEINFELTER (BPR 13889)
Deputy Attorney General
Public Interest Division

STEVEN A. HART (BPR 7050)
Special Counsel
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, TN  37202
(615) 741-7403
Janet.kleinfelter@ag.tn.gov
Steve.hart@ag.tn.gov

*Counsel for Defendants*

16