# Exhibit

# 2

IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE

## IN RE: AMENDMENTS TO TENNESSEE RULES OF APPELLATE PROCEDURE AND CIVIL PROCEDURE

_____

**No. ADM2021-00969**

_____

**ORDER**

The Advisory Commission on the Rules of Practice & Procedure annually presents recommendations to the Court to amend the Tennessee Rules of Appellate, Civil, Criminal, and Juvenile Procedure and the Tennessee Rules of Evidence. With its meeting on June 11, 2021, the Advisory Commission completed its 2020-2021 term, and the Commission thereafter transmitted its recommendations to the Court.

The Court hereby solicits written comments from the bench, the bar, and the public concerning the Advisory Commission's recommended amendments set out in Appendix I (proposed amendments to the Rules of Appellate Procedure, Evidence, Civil Procedure, and Criminal Procedure) to this order. The deadline for submitting written comments is November 23, 2021. Written comments may either be submitted by email to appellatecourtclerk@tncourts.gov or by mail addressed to:

> James Hivner, Clerk
> Re: 2021 Rules Package
> 100 Supreme Court Building
> 401 7th Avenue North
> Nashville, TN 37219-1407

and should reference the docket number set out above.

The Clerk shall provide a copy of this order to LexisNexis and to Thomson Reuters. In addition, the order shall be posted on the Tennessee Supreme Court's website.

PER CURIAM

# *APPENDIX I*

## *PROPOSED AMENDMENTS TO THE TENNESSEE*

### *RULES OF APPELLATE PROCEDURE*

### *RULES OF EVIDENCE*

### *RULES OF CIVIL PROCEDURE*

### *and*

### *RULES OF CRIMINAL PROCEDURE*

**(new text indicated by underlining; deleted text indicated by overstriking)**

TENNESSEE RULES OF APPELLATE PROCEDURE

RULE 9

INTERLOCUTORY APPEAL BY PERMISSION FROM THE TRIAL COURT

[Amend Rule 9 as indicated below:]

*Advisory Commission Comment [2022]*

Subsection(e) refers to Rule 27 through Rule 30 regarding the form of briefs and other papers. Rules 27 and 30 have been revised to reflect the length of briefs and other referenced papers is now determined by word limitations as opposed to page limitations.

TENNESSEE RULES OF APPELLATE PROCEDURE

RULE 10

EXTRAORDINARY APPEAL BY PERMISSION ON ORIGINAL APPLICATION IN THE

APPELLATE COURT

[Amend Rule 10(d) as indicated below:]

…

**(d) Subsequent Procedure**.  If the appellate court is of the opinion that an extraordinary appeal should not be granted, it shall deny the application. Otherwise, the appellate court shall order that an answer to the application be filed by the other parties within the time fixed by the order. The order shall be served on all other parties and if the application has not previously been served shall have attached thereto a copy of the application. Such answers shall be accompanied by an appendix containing any additional parts of the record the answering party desires to have considered by the appellate court; any statement of facts in the answer shall contain appropriate references to the documents contained in the appendix to the application or the appendix to the answer. After the answer is filed, the appellate court shall either grant or deny the application. If the application is granted, the trial court clerk must file the record on appeal within 30 days from the date of entry of the order granting permission to appeal or within such other period as the appellate court may direct. The appellate court shall advise the parties of the dates on which briefs are to be filed, if briefs are required, and of the date of oral argument, if oral argument is granted.   <u>The form and content of any briefs filed shall be in accordance with Rules 27-30.</u>

*Advisory Commission Comment [2022]*

Subsection(d) refers to Rule 27 through Rule 30 regarding the form of briefs and other papers. Rules 27 and 30 have been revised to reflect the length of briefs and other referenced papers is now determined by word limitations as opposed to page limitations.

TENNESSEE RULES OF APPELLATE PROCEDURE

RULE 11

APPEAL BY PERMISSION FROM APPELLATE COURT TO SUPREME COURT

[Amend Rules11(b), (d), and (f) as indicated below:]

…

**(b) Time; Content.**  The application for permission to appeal shall be filed with the clerk of the Supreme Court within 60 days after the entry of the judgment of the Court of Appeals or Court of Criminal Appeals if no timely petition for rehearing is filed, or, if a timely petition for rehearing is filed, within 60 days after the denial of the petition or entry of the judgment on rehearing. Except or an application seeking to appeal the Court of Criminal Appeals' disposition of an appeal pursuant to Rule 9 or Rule 10, the time period for filing an application for permission to appeal is not jurisdictional in a case arising from the Court of Criminal Appeals and may be waived by the Supreme Court in the interest of justice. The application shall contain a statement of: (1) the date on which the judgment was entered and whether a petition for rehearing was filed, and if so, the date of the denial of the petition or the date of the entry of the judgment on rehearing; (2) the questions presented for review and, for each question presented, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);  (3) the facts relevant to the questions presented, with appropriate references to the record, but facts correctly stated in the opinion of the intermediate appellate court need not be restated in the application; and (4) the reasons, including

appropriate authorities, supporting review by the Supreme Court.   <u>The application shall comply with the word limit requirements of Rule 30(e).</u> ~~Except by order of the Supreme Court, the argument in an application for permission to appeal shall not exceed 50 pages.~~ The brief of the appellant referred to in subdivision (f) of this rule may be served and filed with the application for permission to appeal. A copy of the opinion of the appellate court shall be appended to the application.

…

**(d) Answer; Reply.**   Within 15 days after filing of the application, any other party may file an answer in opposition, with copies in the number required for the application. An answer shall set forth the reasons why the application should not be granted and any other matters considered necessary for correction of the application. Additional facts stated in the answer shall contain appropriate references to the record. <u>The answer shall comply with the word limit requirements of Rule 30(e).</u> ~~Except by order of the Supreme Court, the argument in an answer in opposition shall not exceed 25 pages.~~ The answer shall be served on all other parties in the manner provided in Rule 20 for the filing of papers. No reply to the answer shall be filed.

…

**(f) Briefs.**   Except as provided in the next paragraph, if permission to appeal is granted, the appellant shall serve and file his brief within 30 days after the date on which permission to appeal was granted. If the appellant files a brief with the application for permission to appeal as provided

in subdivision (b) of this rule, he or she may also file a supplemental brief, which shall likewise be served and filed within 30 days after the date on which permission to appeal was granted. ~~Except by order of the Supreme Court, the argument in a supplemental brief shall not exceed 25 pages.~~ If available, the color of the cover of a supplemental brief shall be blue. An appellant who elects not to file a supplemental brief shall, within 30 days after the date on which permission to appeal was granted, file with the clerk of the appellate court and serve on the appellee notice of the appellant's election not to file a supplemental brief; if the appellant fails to file a notice within 30 days, the appellee's time runs from the 30th day after permission to appeal was granted.

*Advisory Commission Comment [2022]*

Subsections (b), (d), and (f) have been revised to refer to Rule 27 through Rule 30, as appropriate. Rules 27 and 30 have been revised to reflect the length of briefs and other referenced papers is now determined by word limitations as opposed to page limitations.

TENNESSEE RULES OF APPELLATE PROCEDURE

RULE 27

CONTENT OF BRIEFS

[Amend Rule 27(i) as indicated below:]

…

**(i) Page Limitations.**  Except by order of the appellate court or a judge thereof, ~~arguments in principal briefs shall not exceed 50 pages, and arguments in reply briefs shall not exceed 25 pages.~~ briefs shall comply with the word limitations provided in Rule 30(e).

*Advisory Commission Comment [2022]*

Rule 27(i) has been revised to reflect of briefs and other referenced papers is now determined by word limitations as opposed to page limitations in accordance with revisions to Rule 30(e).

TENNESSEE RULES OF APPELLATE PROCEDURE

RULE 30

FORM OF BRIEFS AND OTHER PAPERS

[Add Rule 30(e) as indicated below:]

…

**(e) Word Limitations of Briefs and Other Papers.** Except by order of the court, briefs and other specifically referenced papers shall comply with the following word limitations: (1) principal briefs and applications pursuant to Rule 11 shall be limited to 15,000 words, (2) reply briefs, answers pursuant to Rule 11, and supplemental briefs pursuant to Rule 11 shall be limited to 5,000 words, and (3) amicus briefs shall be limited to 7,500 words.

The following sections of a brief and other referenced papers shall be excluded from these word limitations: Title/Cover page, Table of Contends, Table of Authorities, Certificate of Compliance, Attorney Signature Black, and Certificate of Service.

All briefs and other papers subject to word limitations under these rules must include a certificate by the attorney or unrepresented party that the brief or other paper complies with the applicable word limitation and must state the number of words in the brief or other paper. The person certifying compliance may rely on the word count of the word processing system used to prepare the brief or other paper.

*Advisory Commission Comment [2022]*

This rule adopts a word limitation provision for all briefs and other referenced papers. This rule is also amended to require a certification of compliance with the word limitation provisions of this rule.

TENNESSEE RULES OF EVIDENCE

RULE 412

SEX OFFENSE CASES; RELEVANCE OF VICTIM'S SEXUAL BEHAVIOR

[Amend Rule 412(d)(2) as indicated below:]

…

**(d) Procedures.**   If a person accused of an offense covered by this Rule intends to offer under subdivision (b) reputation or opinion evidence or under subdivision (c) specific instances of conduct of the victim, the following procedures apply:

(1) the person must file a written motion to offer such evidence.

…

(2) <u>Motions required by subdivision (d)(1) shall be filed under seal.</u> When a motion required by subdivision (d)(1) is filed and found by the court to comply with the requirements of this rule, the court shall hold a hearing in chambers or otherwise out of the hearing of the public and the jury to determine whether the evidence described in the motion is admissible. The hearing shall be on the record, but the record shall be sealed except for the limited purposes of facilitating appellate review, assisting the court or parties in their preparation of the case, and to impeach under subdivision (d)(3)(iii).

*Advisory Commission Comment [2022]*

This amendment adds the requirement that motions required by subdivision (d)(1) of the Rule shall be filed under seal.

TENNESSEE RULES OF CIVIL PROCEDURE

RULE 5B

ELECTRONIC FILING, SIGNING, OR VERIFICATION

[Amend Rule 5B as indicated below:]

(1) Any court governed by these rules may, by local rule, allow documents to be filed, signed, and verified by registered users of an E-filing system. Any local rule that allows documents to be E-filed may also allow such documents to be E-served. Pleadings and other documents filed or served electronically under any such local rule shall be considered the same as written documents filed or served by conventional means.

(2) Any court governed by these rules shall allow documents to be signed and/or verified by attorneys with an electronic signature either in the form of s/_____ (typed out), a graphic representation of an electronic signature and/or a digital graphic representation of the signature as signed by the person.  Attorneys shall also be able to sign all discovery, declarations, subpoenas or any other legal document in this same way.  Any such signature shall be considered the same as an original signature for all purposes.

(3) The following definitions shall apply herein:

(a) "E-file" or "E-filing" means the proper electronic transmission of original documents to and from the court for the purposes of E-filing using the court's E-filing system.

(b) "E-Filer" means a registered user who e-files a document.

(c) "E-Filing system" means a system adopted by local rule of any Circuit, Chancery, Criminal, Probate, Juvenile or General Sessions Court Clerk that allows for the E-filing of documents and is in compliance with the technological standards promulgated by the Tennessee Supreme Court.

(d) "E-service" or "E-served" means the automatically generated electronic transmission to all participants in a case who are registered users, by and through the E-filing system, of (i) a notice of the filing of a document with a copy of the document attached, (ii) a notice of the filing of a document with a hyperlink to the document, or (iii) a notice of the filing of a document and the document can be accessed by the registered user in the E-filing system.

(e) A "registered user" is a person who has properly registered with and has been authorized by a court system administrator to use an E-filing system for the E-filing of documents in accordance with the requirements of a local rule of court. A registered user is deemed to have consented to E-service and is responsible for maintaining a valid and current e-mail address in the E-filing system.

*Advisory Commission Comment [2021]*

Rule 5(B) is amended by adding a new sub-paragraph 2 to allow the use of electronic signatures by attorneys, including, but not limited to, signatures completed in DocuSign and Adobe signing programs and/or other such programs.

TENNESSEE RULES OF CIVIL PROCEDURE

RULE 45.09

FORM OF ISSUEANCE OF SUBPOENA

[Add Rule 45.09, as indicated below:]

For purposes of issuance of any subpoena under Rule 45, the clerk of the court in which the action is pending may issue the subpoena in either written paper or electronic form.  As signature affixed electronically to a subpoena shall be treated as an original signature.  Payment for the issuance of an electronic subpoena shall be received by the trial court clerk not later than ten (10) calendar days after the issuance of the electronic subpoena and shall paid by the party requesting said electronic issuance, subject to the following exception.  If the requesting party is either a party who has been allowed to proceed on a pauper's oath or an attorney for such a party, then payment of the fee shall be taxed as a court cost.

*Advisory Commission Comment [2022]*

New Rule 45.09 is adopted to empower the trial court clerk to issue any Rule 45 subpoena by either written paper documents or electronic means.

TENNESSEE RULES OF CIVIL PROCEDURE

RULE 58

ENTRY OF JUDGMENT

[Amend Rule 58, as indicated below:]

Entry of a judgment or an order of final disposition <u>or any other order of the court</u> is effective when a judgment <u>or order</u> containing one of the following is marked on the face by the clerk as filed for entry:

…

*Advisory Commission Comment [2022]*

<u>Rule 58 is amended to make clear that the effective date of all court orders (not just entries of judgment or orders of final disposition) is the date of the filing of the order.</u>

TENNESSEE RULES OF CRIMINAL PROCEDURE

RULE 44

RIGHT TO ASSIGNMENT OF COUNSEL

[Amend Rule 44, as indicated below:]

*Advisory Commission Comment [2022]*

The Advisory Commission adds this Comment to clarify that the waiver provisions of subparagraph (b) of the Rule apply to both indigent and non-indigent defendants.

TENNESSEE RULES OF CRIMINAL PROCEDURE

RULE 49

SERVICE AND FILING OF PLEADINGS AND OTHER PAPERS

[Amend Rule 49(c), as indicated below:]

…

**(c) Filing Served Papers with Court.** Papers required to be served shall be filed with the court as follows:

(1) *Signature.* Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state information sufficient to identify the signer, including but not limited to the signer's address, telephone number, e-mail address, and Tennessee Board of Professional Responsibility number, if any. An unsigned paper may be stricken by the court unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

(2) *With Court Clerk.* The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with the judge. When papers are filed with the judge, he or she shall note on the papers the filing date and promptly transmit them to the clerk's office.

(3) *Duties of Clerk.* The clerk shall endorse on every pleading and on all other papers filed with

the clerk in a proceeding the date and hour of the filing.

(4) *Recycled Paper*. The use of recycled paper with the highest feasible percentage of postconsumer waste content is recommended for all papers filed with the court.

*Advisory Commission Comment [2022]*

Rule 49(c) is amended by the addition of a new sub-paragraph (1) requiring that pleadings, motions, and other papers filed with the clerk shall identify the filing attorney or party, if unrepresented, and shall include the information identified in the amendment. Non-compliant filings are subject to being stricken by the court. The remaining sub-paragraphs have been renumbered.