IN THE UNITED STATES DISTRICT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DAN McCALEB, Executive Editor of THE CENTER SQUARE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:22-cv-00439 |
| MICHELLE LONG, in her official capacity as DIRECTOR of the TENNESSEE ADMINISTRATIVE OFFICE OF THE COURTS, | ) ) ) ) ) | Judge Richardson<br><br>Magistrate Judge Frensley |
| Defendant. | ) ) | |

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO STAY DISCOVERY [DE 29]**

Defendant, Michelle Long, in her official capacity as Director of the Administrative Office
of the Courts for the State of Tennessee, hereby submits this Reply in support of her Motion to
postpone the Initial Case Management Conference and to Stay Discovery pending resolution of
Defendant Long's Motion to Dismiss (DE 24).

**ARGUMENT**

Plaintiff erroneously implies that neither the Federal Rules of Civil Procedure nor this
Court's Local Rule 16.01(g) allow this Court to stay discovery pending a ruling upon Defendant's
Motion to Dismiss, which is based upon Eleventh Amendment immunity and a lack of standing.
(*See* Plaintiff's Response, DE 33, PageID #s 909-11). Plaintiff is wrong. This Court is afforded
broad discretion to control and dictate the sequence of discovery. *Crawford-El. v. Britton*, 523
U.S. 574, 598-99 (1998). Indeed, as the Sixth Circuit has often recognized, "[d]istrict courts have

broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999).  And as this Court has previously noted, "the power of a court to stay discovery is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Nissan North America, Inc. v. DeltaWing Project 56, LLC*, 2015 WL 7756146, at *2 (M.D. Tenn. Dec. 1, 2015) (Judge Todd Campbell)).

Furthermore, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.' " *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)); see also *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) and *Lubinski v. Hub Group Trucking, Inc.*, 2015 WL 4603878, at *1 (W.D. Tenn. July 30, 2015).  Thus, as former District Judge Todd J. Campbell reasoned, where jurisdiction is challenged as it is here, "should the Court find it has no jurisdiction and dismiss the action," the Defendant "would have no need for the burden or expense of participating in the litigation." *Nissan North America, Inc. v. DeltaWing Project 56, LLC*, 2015 WL 7756146, at *2; *Solomon v. Solomon*, No. 3:21-0498, 2022 WL 1460364, at *2 (M.D. Tenn. Feb. 15, 2022)(finding good cause to stay discovery pending resolution of dispositive motion for lack of jurisdiction, which should it be granted, the defendants "would have no need for the burden or expense of participating in the litigation"); *see also Bradley v. Hallworth*, No. 1:09-cv-1070, 2010 WL 2231820, at *1 (W.D. Mich. June 1, 2010) (citing *Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1, 2 (D.D.C. 2001) (" '[a] stay of discovery pending the determination of a dispositive

motion is eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'") (internal quotation marks and citations omitted)).

The foregoing is present in the instant case where the preliminary legal issues may dispose of the case. Specifically, Defendant Long has asserted Eleventh Amendment immunity, which if found, is a jurisdictional bar to Plaintiff's case. The Eleventh Amendment confers more than just protection from liability. "[T]he very object and purpose of the 11th Amendment were to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties*." Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (quoting *In re Ayers*, 123 U.S. 443, 505 (1887)). Thus, "[t[he entitlement is an *immunity from suit* rather than a mere defense to liability." *Id* at 144; *see also Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) (holding that "the Eleventh Amendment is a true jurisdictional bar" that can be raised "*sua sponte* at any stage in litigation" and "must be decided before the merits.").

Here, the immunity that Defendant Long seeks to vindicate—and that the motion to stay discovery is intended to protect—is an immunity from suit, not just liability. "Allowing Plaintiff to collection information from [Defendant Long] and continuing litigating his . . . claims would vitiate that immunity." *Fox v. Cnty. of Saginaw by Bd. of Commissioners*, No. 19-CV-1187, 2021 WL 872089, at *4 (E.D. Mich. Mar. 9, 2021). Thus, as both the Supreme Court, Sixth Circuit and this Court have recognized, a stay of discovery is properly granted until the issue of immunity is resolved. *See Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Criss v. City of Kent*, 867 F.2d 259, 261 (6th Cir. 1988) ("discovery in litigation against government officials should be halted until the threshold question of immunity is resolved"); *Kennedy v. City of Cleveland*, 797 F.2d 297, 298-99

3

(6th Cir. 1986) ("a claim of immunity raises an interest in an early, and inexpensive termination of the litigation"); *Tennessee Conference of the NAACP v. Lee*, No. 3:20-cv-1039, DE 60 at PageID# 365 (M.D. Tenn. Mar. 15, 2021) (order granting motion to stay discovery on counts for which Eleventh Amendment immunity asserted, noting that "[c]ourts have regularly acknowledged that assertions of immunity are more than a defense to liability, but rather, a means to avoid discovery" (citing Everson v. Leis, 556 F.3d 484, 491 (6th Cir. 2009)).[1]

Plaintiff attempts to avoid this conclusion by arguing that he is entitled to "discover facts relevant to Director Long's Eleventh Amendment immunity claim." (Response, DE 33 at PageID# 914.) It must be recognized, however, that:

> The party opposing dismissal and requesting discovery has the burden of demonstrating the need for it. The party is " ' not entitled to jurisdiction discovery if the records shows that the request discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion.'" "Moreover, the burden is greater where . . . 'the party seeking discovery is attempting to disprove the applicability of an immunity-derived bar to suit because immunity is intended to shield the defendant from the burdens of defending the suit, including the burdens of discovery.'"

*Skidmore v. Access Grp., Inc.*, 149 F.Supp.3d 807, 810 (E.D. Mich. 2015) (internal citations omitted) (citation omitted).

Plaintiff has not asserted any need for discovery in order to respond to Director Long's Rule 12(b)(1) motion to dismiss—indeed, Plaintiff has already fully responded to that motion.[2]

---

[1] Plaintiff argues that Defendant Long "has not presented any evidence or cited any applicable cases supporting her contention that discovery should be stayed based on Eleventh Amendment immunity grounds." However, in *Tennessee Conference of the NAACP v. Lee,* this Court recognized that "while most of the cases addressing this issue relate to qualified immunity, the rationale is equally applicable to other types of immunity such as 11th Amendment immunity as asserted in this case." *Id.*

[2] Plaintiff's "Statement of Second Supplemental Facts" (Response, RE 33, PageID #s 904-09), containing references to alleged facts that were set forth in public record, is improper and should be disregarded as these references are not relevant to the pending Motion to Stay Discovery.

*See* DE 27. Instead, Plaintiff simply asserts that he has an "express *right* to discover facts under Rule 26(b)(1) related to Director Long's factual attack and Eleventh Amendment immunity claim." (emphasis added) (Response, DE 33 at PageID# 914.) Without more, Plaintiff's bare assertion of his "right" to conduct discovery is not sufficient to met his burden of showing that discovery is likely to produce facts necessary to withstand Director Long's Rule 12(b)(1) motion to dismiss.

Finally, to the extent Plaintiff relies on *Lee v. Vanderbilt University*, No. 3:20-cv-00924, 2021 WL 4340525, (M.D. Tenn., April 15, 2021) and *Gragg v. Kentucky Cabinet for Workforce Dev.,* 289 F.3d 958, 963 (6th Cir. 2002), such reliance is misplaced. (*See* Response, DE 33, PageID #s 909-11). The motion to dismiss in *Lee* involving Vanderbilt University did not assert a claim of Eleventh Amendment immunity. 2021 WL 434-525 at *1. And in *Gragg*, the issue was whether defendants had sufficiently demonstrated that they were an "arm of the state" to be able to invoke Eleventh Amendment immunity. 289 F.3d at 963. No such issue exists in the present case as Director Long has expressly been sued in her official capacity as the Director of the Tennessee Administrative Office of the Courts.

## II. CONCLUSION

For these reasons and the reasons set forth in her memorandum of law in support of her motion to stay (DE 30), Defendant Long respectfully requests this Court to stay discovery in this matter pending resolution of her Motion to Dismiss.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter


/s/ *Janet M. Kleinfelter*
JANET M. KLEINFELTER (BPR 13889)
Deputy Attorney General
Public Interest Division

5

STEVEN A. HART (BPR 7050)
Special Counsel
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, TN  37202
(615) 741-7403
Janet.kleinfelter@ag.tn.gov
Steve.hart@ag.tn.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing document has been forwarded electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to the parties named below.  Parties may access this filing through the Court's electronic filing system.

M. E. Buck Dougherty III
James McQuaid
Liberty Justice Center
440 N. Wells Street, Suite 200
Chicago, IL  60654
bdoughterty@libertyjusticecenter.org
jmcquaid@libertyjusticecenter.org

Date:  August 29, 2022

/s/ *Janet M. Kleinfelter*
JANET M. KLEINFELTER
Deputy Attorney General

6