# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| DAN MCCALEB, Executive Editor of THE CENTER SQUARE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:22-cv-00439 |
| | ) | Judge Richardson/Frensley |
| MICHELLE LONG, in her official capacity as DIRECTOR of the TENNESSEE ADMINISTRATIVE OFFICE OF THE COURTS, | ) ) ) ) ) | |
| Defendant. | ) | |

## ORDER

## I. INTRODUCTION

Plaintiff Dan McCaleb, executive editor of the news journal The Center Square, filed this action alleging that his First Amendment rights will be violated if Defendant Michelle Long, in her official capacity as Director of the Tennessee Administrative Office of the Courts, closes meetings of the Tennessee bench-bar advisory committee established to recommend rules and does not allow press access to those meetings. Docket No. 19. Ms. Long has filed a Motion to Dismiss, arguing (among other things) that this Court lacks subject matter jurisdiction because Mr. McCaleb's claims are barred by the Eleventh Amendment, which provides Ms. Long with immunity from suit. Docket No. 24. The Motion to Dismiss is pending.

This matter is now before the Court upon Ms. Long's Motion to Postpone the Initial Case Management Conference and Stay Discovery.[1]  Docket No. 29.  Ms. Long has also filed a Supporting Memorandum.  Docket No. 30.  Mr. McCaleb has filed a Response in Opposition and other supporting documents.  Docket Nos. 33, 33-1 through 33-4.  Ms. Long has filed a Reply.  Docket No. 35.  For the reasons set forth below, Ms. Long's Motion (Docket No. 29) is GRANTED.

## II.  <u>LAW AND ANALYSIS</u>

### A.  <u>Motions to Stay</u>

"District courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered."  *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005), *citing Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999).  Further, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'"  *Sevier v. Apple, Inc.*, No. 3:13-cv-0607, 2014 U.S. Dist. LEXIS 18402, at *10 (M.D. Tenn. Feb. 13, 2014), *quoting Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (internal quotation marks omitted).

At the same time, "[t]he mere fact a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery."  *Collabera v. Ligget*, No. 3:21-cv-00123, 2021 WL 6496801, 2021 U.S. Dist. LEXIS 250832, at *2 (M.D. Tenn. June 21, 2021), *quoting Stirling v. Hunt*, No. 12-2737, 2012 WL 12899060, 2012 U.S. Dist. LEXIS 163371, at *1 (W.D. Tenn. Nov. 15, 2012).  And the Local Rules of this District specifically advise that "[d]iscovery

---

[1] Because the Court has already postponed the case management conference to allow the Motion to be fully briefed and considered, the only remaining issue is whether to stay discovery.  *See* Docket No. 32.

is not stayed, including during the pendency of dispositive motions, unless specifically authorized by Fed. R. Civ. P. 26(d) or by order of the Court, or with regard to e-discovery, as outlined in Administrative Order 174-1."[2]  LR 16.01(g).  Accordingly, "unless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 U.S. Dist. LEXIS 98934, 2010 WL 3522397, at *2 (S.D. Ohio Sept. 7, 2010).  While the Court has the inherent discretionary power to stay proceedings as part of its ability to manage its docket, it must "tread carefully" in granting a motion to stay, because every party has a "right to a determination of its rights and liabilities without undue delay."  *Ohio Envtl. Council v. USDC S.D. of Ohio*, 565 F.2d 393, 396 (6th Cir. 1977), *citing Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010) (same).

**B.  Ms. Long's Motion**

Ms. Long contends that her Motion to Dismiss raises "threshold issues of subject matter jurisdiction for both Eleventh Amendment immunity and lack of standing" that should be resolved prior to conducting discovery on the merits of Mr. McCaleb's claims.  Docket No. 30, p. 1.  Ms. Long submits that "conducting discovery on the merits of the asserted claims would needlessly increase the cost of this litigation for no purpose . . . ."  *Id.* at 5.

Mr. McCaleb argues that Ms. Long's Motion "should be summarily denied because it is facially invalid since the Federal Rules do not provide for such a motion, and this Court's Local

---

[2] Rule 26(d), which provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," is not implicated here.  Similarly, this is not a dispute about e-discovery.

3

Rules expressly forbid it." Docket No. 33, p. 16. Further, Mr. McCaleb maintains that the Motion should be evaluated under the standard for obtaining a protective order pursuant to Rule 26(c), which he argues Ms. Long has not met. *Id.* at 18-19. Finally, Mr. McCaleb asserts that "Director Long has not presented any evidence or cited any applicable cases supporting her contention that discovery should be stayed based on Eleventh Amendment immunity grounds." *Id.* at 20.

As an initial matter, the Court will consider the merits of Ms. Long's Motion despite the fact that such a motion is not specifically provided for by the Federal Rules. In practice, such motions are commonplace, and the Court must always bear in mind that the Federal Rules first and foremost "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In the present case, where Ms. Long asserts that discovery may be avoided altogether if the threshold issue of immunity is determined first, the Court finds that these purposes are furthered by addressing the merits of the motion.

In addition, Mr. McCaleb is incorrect in his assertion that motions to stay are expressly forbidden by the Local Rules. Instead, as previously stated, the Local Rules provide that discovery is not stayed during the pendency of a dispositive motion except under certain circumstances, including "by order of the Court." LR 16.01(g). This language appears to recognize that a party may move the Court for such an order.

While Mr. McCaleb is correct that a motion for stay is sometimes evaluated under the same standard as a motion for a protective order, this is not always the case. *See, e.g.*, *Singh v. Gilbert*, No. 3:21-cv-00444, 2021 U.S. Dist. LEXIS 258312 (M.D. Tenn. Oct. 18, 2001). When "garden-variety" motions to dismiss are filed, the protective order standard of Rule 26(c) may be

4

appropriate. *See Lee v. Vanderbilt Univ.*, No. 3:20-cv-00924, 2021 U.S. Dist. LEXIS 184911 (M.D. Tenn. Apr. 15, 2021). But Ms. Long's Motion to Dismiss "is not a garden-variety Rule 12(b)(6) motion because it requires resolution of [her] immunity defenses." *Mitchell v. Ohio State Univ.*, No. 2:19-cv-4162, 2020 WL 548326, 2020 U.S. Dist. LEXIS 19090, at *7 (S.D. Ohio Feb. 3, 2020) (internal quotation marks omitted). Thus, her argument is not one that "applies to every case in which an early dispositive motion is filed." *Lee*, 2021 U.S. Dist. LEXIS 18491, at *6. There is no mandate to apply the Rule 26(c) standard to every motion to stay, and because a finding of Eleventh Amendment immunity would completely shield Ms. Long from suit, considerations of judicial economy and that of the parties (which here includes the people of Tennessee, as Ms. Long is sued in her official capacity) are sufficiently important to obviate the need to state specific facts that show a clearly defined and serious injury.

The Court of Appeals for the Sixth Circuit has recognized the Supreme Court's instruction that "questions of qualified immunity should be resolved 'at the earliest possible stage in litigation,' or else the 'driving force' behind the immunity—avoiding unwarranted discovery and other litigation costs—will be defeated." *Everson v. Leis*, 556 F.3d 484, 491 (6th Cir. 2009), *quoting Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (internal quotation marks omitted). Accordingly, many courts within the Sixth Circuit have found that in such instances, discovery should be stayed while assertions of immunity are determined. *See Mitchell*, 2020 U.S. Dist. LEXIS 19090, at *7 (collecting cases). The question is whether a different analysis should apply here because Ms. Long has asserted, not qualified immunity, but immunity under the Eleventh Amendment.

Mr. McCaleb argues that Ms. Long's assertion of Eleventh Amendment immunity should make a difference to the Court's decision on her Motion to Stay:

5

> Under qualified immunity, unlike Eleventh Amendment immunity, the plaintiff bears the burden to establish the defendant is not entitled to immunity. So, in those instances under qualified immunity it logically follows that discovery would be stayed. But McCaleb is entitled to factual discovery because Director Long has the burden to establish her entitlement to immunity under the Eleventh Amendment.

Docket No. 33, p. 20, *citing Nair v. Oakland Comm. Mental Health Auth.*, 443 F.3d 469, 474 (6th Cir. 2006).

Mr. McCaleb cites no authority for the proposition that an assertion of Eleventh Amendment immunity should be treated differently from an assertion of qualified immunity in assessing a motion to stay discovery. *See* Docket No. 33. In *Nair*, the Court of Appeals for the Sixth Circuit recognized that "[the Sixth Circuit has] not spoken with one voice on whether we must, or whether we may, resolve a sovereign-immunity defense before addressing the merits." *Nair*, 443 F.3d at 474. After discussing cases in which the Court came down on both sides of this issue, the Court concluded that "federal courts have discretion to address the sovereign-immunity defense and the merits in whichever order they prefer." *Id.* at 477. While the *Nair* Court certainly held that "the entity asserting Eleventh Amendment immunity has the burden to show that it is entitled to immunity," it said nothing on the topic of whether the propriety of a discovery stay is affected by such an assertion.

Further, it is unclear to the Court how the fact that *Ms. Long* has the burden to establish Eleventh Amendment immunity would lead to the conclusion that *Mr. McCaleb* is entitled to additional discovery, particularly at this point in the litigation. The Court agrees with Mr. McCaleb's statement that if anyone, it is Ms. Long who "should want to seek *more* discovery, not less . . . ." Docket No. 33, p. 17 (emphasis in original). Mr. McCaleb has not pointed to any area of fact discovery that would be likely to yield information on the topic of whether Ms. Long

6

can successfully assert Eleventh Amendment immunity.  Moreover, Mr. McCaleb has already responded to Ms. Long's Motion to Dismiss.  Docket No. 27.  Briefing on that Motion is closed, and no additional facts can affect its outcome.  Should Ms. Long's assertion of immunity fail to succeed, the stay can be lifted to allow full discovery as to the merits of the case.  Mr. McCaleb does not argue that there is an urgent need to proceed with discovery (for example, that essential evidence is likely to become unavailable over time) such that he would be damaged by a stay.  *See* Docket No. 33.

Further, Mr. McCaleb does not argue (and it does not appear to the Court) that a temporary stay of discovery would lead to an "undue delay" in the determination of Mr. McCaleb's "rights and liabilities" such that Ms. Long should be required to demonstrate a pressing need.  *Ohio Envt'l Council*, 565 F.2d at 396, *citing Landis*, 299 U.S. at 254-55.  While he contends that a stay "would substantially prejudice McCaleb since Director Long has the burden to establish her entitlement to immunity," as previously discussed, Mr. McCaleb does not persuasively explain the connection between the two.

Under the circumstances, the Court finds that considerations of judicial economy and that of the parties directs that discovery should be stayed until the Court has determined whether it lacks jurisdiction to hear this matter, as asserted by Ms. Long in her Motion to Dismiss.

### III.  <u>CONCLUSION</u>

For the foregoing reasons, Ms. Long's Motion (Docket No. 29) is GRANTED.  The Case Management Conference set for September 19, 2022 (*see* Docket No. 32) is cancelled, to be reset if necessary after a ruling on the Motion to Dismiss.

7

**IT IS SO ORDERED.**

**Jeffery S. Frensley**
**United States Magistrate Judge**

8