

**User Name:** Buck Dougherty

**Date and Time:** Sunday, November 13, 2022 8:17:00PM EST

**Job Number:** 183959270

## Document (1)

1. *In re Amendments to Tenn. Rules of Appellate Procedure & Civ. Procedure, 2022 Tenn. LEXIS 307*

   **Client/Matter:** -None-

   **Search Terms:** Amendments to Tennessee Rules

   **Search Type:** Natural Language

   **Narrowed by:**

   | Content Type | Narrowed by |
   | --- | --- |
   | Cases | Court: State Courts > Tennessee |

Case 3:22-cv-00439   Document 37-1   Filed 11/14/22   Page 1 of 7 PageID #: 1062

No *Shepard's* Signal™
As of: November 14, 2022 1:17 AM Z

# *In re Amendments to Tenn. Rules of Appellate Procedure & Civ. Procedure*

Supreme Court of Tennessee, At Nashville

August 31, 2022, Filed

No. ADM2022-01198

**Reporter**
2022 Tenn. LEXIS 307 *

IN RE: ***AMENDMENTS TO TENNESSEE RULES*** OF APPELLATE PROCEDURE AND CIVIL PROCEDURE

## Core Terms

electronic, tracking device, transmitted, storage media, email, affiant, sender, search warrant, administration of oath, installation, certificate, documents, signature, copy of the warrant, electronic means, transmission, attachment, seizure, tracked, mail, issuing magistrate, warrant affidavit, date and time, recipient, issuance, Copies, electronic mail, take possession, audio-visual, deactivated

## Opinion

 **[*1] ORDER**

The Advisory Commission on the ***Rules*** of Practice & Procedure annually presents recommendations to the Court to amend the ***Tennessee Rules*** of Appellate, Civil, Criminal, and Juvenile Procedure and the ***Tennessee Rules*** of Evidence. With its meeting on June 10, 2022, the Advisory Commission completed its 2021-2022 term, and the Commission thereafter transmitted its recommendations to the Court.

The Court hereby solicits written comments from the bench, the bar, and the public concerning the Advisory Commission's recommended ***amendments*** set out in Appendix I (proposed ***amendments*** to the ***Rules*** of Appellate Procedure, Evidence, Civil Procedure, and Criminal Procedure) to this order. The deadline for submitting written comments is December 2, 2022. Written comments may either be submitted by email to appellatecourtclerk@tncourts.gov or by mail addressed to:

James Hivner, Clerk

Re: 2023 ***Rules*** Package

100 Supreme Court Building
401 7th Avenue North

Nashville, ***TN*** 37219-1407
and should reference the docket number set out above.

The Clerk shall provide a copy of this order to LexisNexis and to Thomson Reuters. In addition, the order shall be posted on the ***Tennessee*** Supreme Court's website.

PER CURIAM

***APPENDIX [*2] I***

***PROPOSED AMENDMENTS TO THE TENNESSEE***

***RULES OF CIVIL PROCEDURE***

***and***

***RULES OF CRIMINAL PROCEDURE***

**(new text indicated by underlining; deleted text indicated by overstriking)**

***TENNESSEE RULES*** OF CIVIL PROCEDURE

***RULE*** *5.02*

SERVICE AND FILING OF PLEADINGS AND OTHER PAPERS

[Amend ***Rule*** *5.02* as indicated below:]

**5.02. Service — How Made**.

. . .

(2)(a) Service on any attorney or on a party may also be made by emailing the attorney person the document in Adobe PDF to the

attorney's recipient's email address, which shall be promptly furnished on request. The sender shall include language in the subject line designed to alert the recipient that a document is being served under this **rule**. On the date that a document served under this **rule** is electronically sent to an attorney a recipient, the sender shall send by mail, facsimile or hand-delivery a certificate that advises that a document has been transmitted electronically. The certificate shall state the caption of the action; the trial court file number; the title of the transmitted document; the number of pages of the transmitted document (including all exhibits thereto); the sender's name, address, telephone number and electronic mail address; the electronic mail address of **[*3]** each recipient; and the date and time of the transmission. The certificate shall also include words to this effect: "If you did not receive this document, please contact the sender immediately to receive an electronic or physical copy of this document." The certificate shall be sent to all counsel of record and all self-represented parties.

(b) A sender who emails a document and is notified that it was not received must promptly furnish a copy of the document to the

attorney person who did not receive it.

(c) A document transmitted by email shall be treated as a document that was mailed for purposes of computation of time under **Rule** 6.

(d) For good cause shown, an attorney or self-represented party may obtain a court order prohibiting service of documents on that

attorney person by electronic mail and requiring that all documents be served under *subsection (1)* or *(3)*.

*Advisory Commission Comment [2023]*

**Rule** *5.02(2)* is amended to provide self-represented parties the same convenience in sending and receiving documents by email that is afforded to attorneys. *Section 5.02(2)(d)* provides that a trial court may excuse a party from receiving service by email "for good cause shown [...] ." The **rule** is not intended to require pro se litigants who **[*4]** lack regular and reliable email access to find a means to acquire it. When email service is

feasible, however, courts should "not excuse the pro se litigant from complying with the same substantive and procedural **rules** that represented parties are expected to observe." *State v. Sprunger, 458 S.W.3d 482, 491 (Tenn. 2015)* (Citations omitted).

**TENNESSEE RULES** OF CRIMINAL PROCEDURE

**RULE** *41*

SEARCH AND SEIZURE

[Amend **Rule** *41*, as indicated below:]

**(a) Authority to Issue Warrant**. A magistrate, as defined in *Tenn. Code Ann. §40-1-106*,

with jurisdiction in the county where the property sought is located may issue a search warrant authorized by this **rule**. The district attorney general, assistant district attorney general, criminal investigator, or any other law-enforcement officer may request a search warrant.

. . .

**(c) Issuance and Content of Warrant**.

(1) *Issuance*. A warrant shall issue only on an affidavit or affidavits that are sworn before the magistrate and establish the grounds for issuing the warrant. A warrant for electronic information pursuant to *section (c)(3)(E)* of this **Rule** or for a tracking device pursuant to *section (i)* of this **Rule** shall issue only on an affidavit sworn before a judge of the chancery, circuit, or criminal court.

(2) *Requesting a Warrant By Electronic Means*. A magistrate may issue a warrant **[*5]** based on information communicated by telephone or other reliable electronic means. In that case, the following procedures will apply:

(A) The proposed warrant, the signed affidavit, and accompanying documents may be transmitted by electronic facsimile transmission (fax) or by electronic transfer (email) with electronic signature to the magistrate, who may act upon the transmitted documents as if they were originals.

(i) If the warrant is being sought by electronic means rather than face-to-face, the warrant affidavit shall note that it is being submitted by electronic means and

shall be sworn to or affirmed by administration of the oath by audio-visual means by the magistrate, and the examination of the affiant by the magistrate may also be by audiovisual means; provided, the warrant affidavit shall be in writing and received by the magistrate prior to the administration of the oath and examination of the affiant.

(ii) If the administration of the oath and examination of the affiant by audio-visual means is not available either to the magistrate or requesting officer, then the warrant affidavit may be sworn to or affirmed by administration of the oath by audio means, and examination of **[*6]** the affiant by the magistrate may be by audio means; provided, the warrant affidavit shall be in writing and received by the magistrate prior to the administration of the oath and examination of the affiant. Where the administration of the oath and examination of the affiant is conducted by audio means alone, the requesting officer shall appear face-to-face before the issuing magistrate within 72 hours of the date and time of the issuance of the warrant. At that time, the officer shall swear to and affirm the oath previously given to the magistrate by audio means. The date and time of this second oath and affirmation will be documented on the original warrant and accompanied by signatures of the issuing magistrate and requesting officer.

(B) The affidavit transmitted via facsimile transmission or electronic transfer with electronic signature, received by the magistrate and the warrant approved by the magistrate, shall be deemed originals. Within five days after the execution of the warrant, the officer to whom the warrant was issued shall obtain the original affidavit and warrant from the magistrate and file them with the clerk of the court. The issuing magistrate shall retain a copy **[*7]** of the warrant and supporting affidavit as part of his or her official records. The issuing magistrate shall also issue a copy of the warrant and supporting affidavit with electronic signatures to the affiant. This section does not alter the requirement that the affidavit

be submitted to the magistrate in writing regardless of the means of transmission.

A magistrate may issue a warrant based on information communicated by telephone or other reliable electronic means. The proposed warrant, the signed affidavit, and accompanying documents may be transmitted by electronic facsimile transmission (fax) or by electronic transfer with electronic signatures to the magistrate, who may act upon the transmitted documents as if they were originals. If the warrant is being sought by electronic means rather than face-to-face, the warrant affidavit shall be sworn to or affirmed by administration of the oath by audio-visual means by the magistrate, and the examination of the affiant by the magistrate shall also be by audio-visual means; provided, the warrant affidavit shall be in writing and received by the magistrate prior to the administration of the oath and examination of the affiant. The affidavit **[*8]** with electronic signature received by the magistrate and the warrant approved by the magistrate, signed with electronic signature, shall be deemed originals. The magistrate shall facilitate the filing of the original warrant with the clerk of the court and shall take reasonable steps to prevent tampering with the warrant. The issuing magistrate shall retain a copy of the warrant as part of his or her official records. The issuing magistrate shall issue a copy of the warrant, with electronic signatures, to the affiant. This section does not alter the requirement that the affidavit be submitted to the magistrate in writing regardless of the means of transmission.

(3) *Content*. If the magistrate is satisfied that there is probable cause to believe that grounds for the application exist, the magistrate shall issue a warrant as follows:

. . .

(E) The search warrant may authorize the seizure of electronic storage media and/or the seizure or copying of electronically stored information.

**(d) Copies and Record of Warrant**. The magistrate shall make two copies of the original search warrant and one copy of the supporting affidavit

prepare an original and two exact copies of each search warrant. The **[*9]** magistrate shall keep one copy of the warrant and the copy of the affidavit as a part of his or her official records. The other copy of the warrant shall

be left with the person or persons on whom the search warrant is served. The exact copy of the search warrant and the endorsement are

admissible evidence equally authentic.

**(e) Procedures to Execute Warrant**.

. . .

(3) *Timely Execution*. The warrant must be executed within five days after its date. If the warrant authorizes the search and/or seizure of electronic storage media and/or the seizure or copying of electronically stored information pursuant to section (c)(3)(E) of this **Rule**, the following provisions apply:

(A) If the warrant authorizes an officer to seize electronic storage media or electronically stored information, the warrant shall be deemed to be executed when the officer takes possession of the electronic storage media or serves the warrant on the person(s) or entities in possession of the electronically stored information.

(B) If the warrant authorizes an officer to search electronic storage media for electronically stored information, the warrant shall be deemed to be executed when the officer conducts the search of the **[*10]** electronic storage media unless:

(i) the search of the electronic storage media occurs within 10 days of when the officer takes possession of the storage media, in which case the warrant shall be deemed to be executed when the officer took possession of the storage media; or

(ii) upon a written showing of good cause made within 10 days of the officer taking possession of the storage media, the court grants an extension of up to 60 days for the officer to conduct the search of the electronic storage media, and the search occurs within the period of time authorized by the court, in which case the warrant shall be deemed to be executed when the officer took possession of the storage media.

. . .

**(g) Motion for Return or Suppression of Property**. A person aggrieved by an unlawful or invalid search or seizure may move the court pursuant to **Rule** 12(b) to suppress any evidence obtained in the unlawful search

or seizure. If property was unlawfully seized, the aggrieved person may move for the return of the property. The motion to suppress and/or the motion to return property unlawfully seized, may be granted, under applicable substantive law and except as to the return of contraband, if the evidence in support **[*11]** of the motion shows that:

. . .

(5) the magistrate did not:

(A) comply with the provisions of *sections (d)* or *(i)(8)(C)* of this **Rule**; or
(B) did not endorse on the warrant the date and time of issuance and the name of the officer to whom the warrant was issued; or . . .

. . .

**(i) Warrant for a Tracking Device**.

(1) As used in this **Rule**, the term "tracking device" means an electronic or mechanical device which permits the tracking of the movement of a person or object.

(2) A warrant for the installation or attachment of a tracking device shall be presented to and issued only by a judge of the chancery, circuit, or criminal court. The warrant may issue in the same judicial district as the site or location of:

(A) the county where an officer seeking the warrant has jurisdiction; or

(B) the vehicle, container, item, or object the movement of which will be tracked by the device.

(3) A tracking device warrant shall identify the vehicle, container, item, or object, the movement of which will be tracked by the device.

(4) The tracking device warrant shall command the installation or attachment of the tracking device authorized by the warrant be completed within a time period no longer than five days following issuance of the **[*12]** warrant. The tracking device warrant also shall specify a reasonable length of time that the tracking device may be used not to exceed 30 days from the date the warrant was issued; provided that the court may, upon a written showing of good cause, subsequently grant one or more extensions for a reasonable period not to exceed 30 days each.

(5) Provided that its issuance otherwise complies with the provisions of this section of **Rule 41**, the tracking device warrant may be included as part of an order authorizing the interception of communications under *Tenn. Code Ann. § 40-6-304*.

(6) Installation or attachment of the tracking device may be accomplished by the law enforcement officer, or one of them, to whom it is directed. Other persons may aid such officer at the officer's request, but the officer must be present and participate in the execution.

(7) Upon installation or attachment of the tracking device, a return noting the installation of the tracking device shall be returned to the issuing judge and may be accomplished via electronic means. The return shall include (i) the date and time of the installation or attachment of the tracking device, (ii) the name of the officer(s) who performed the installation or attachment, **[*13]** and (iii) the location of the vehicle, container, item, or object, the movement of which will be tracked by the tracking device, at the time of installation or attachment.

(8) Deactivation of mobile tracking device.

(A) A tracking device shall be deactivated and removed as soon as practicable after the search warrant has expired. If removal of such tracking device is not possible, such tracking device shall be deactivated promptly and shall not be reactivated without an additional warrant or extension of the original warrant and the search warrant return shall state the reasons removal has not been completed.

(B) A tracking device which has been deactivated may be accessed after the authorized warrant has expired solely for the purpose of collecting or retrieving tracking data obtained during the period specified by the warrant.

(C) As used in this sub-section, "deactivate" means to discontinue the ability of a tracking device to determine or track the position or movement of a person or object.

(9) Copies and record of tracking device warrant.

(A) The officer to whom the warrant was issued shall retain the original until filed with the court clerk.

(B) The issuing judge shall retain one **[*14]** copy as a part of his or her official records.

(C) Notwithstanding the requirements of *section (d)* of this **Rule**, within 10 days after the use of the tracking device has ended, the officer to whom the warrant was issued shall serve a copy of the warrant and return on all known persons whose vehicle, container, item, or object was tracked pursuant to the tracking device warrant. Service may be accomplished by (i) personally delivering a copy to each person or (ii) by leaving a copy at each person's residence or usual place of abode with an individual of suitable age and discretion who resides at that location and mailing a copy via certified mail to the person's last known address. The court may, upon a written showing of good cause, grant one or more extensions of the 10-day deadline for service for a period not to exceed 30 days each and not more than 90 days total.

**(j) Sealing Affidavits in Support of Warrants**. Upon written request of the officer seeking the warrant, the magistrate may order that an affidavit or affidavits submitted pursuant to *section (c)(1)* of this **Rule** be temporarily placed under seal if the officer's request demonstrates compelling circumstances to justify the need for sealing.

(1) Any order **[*15]** sealing an affidavit shall expire within 90 days or when the court determines, upon motion of any party, that the circumstances justifying the request have abated, whichever occurs earlier; provided that the court may, upon a written showing of good cause, subsequently grant the requesting officer one or more extensions of the 90-day deadline for a period not to exceed 90 days each and not longer than the conclusion of the criminal investigation.

(2) This section does not apply to any tracking device warrant that is incorporated into an order authorizing the interception of communications, as described in *section (i)(5)* of this **Rule**, as the confidentiality of such orders is governed by the provisions of *Tenn. Code Ann. § 40-6-304(f)*.

*TENNESSEE **RULES** OF CRIMINAL PROCEDURE*

**RULE** *49*

SERVING AND FILING PAPERS

[Amend **Rule** *49(b)(2)*, as indicated below:]

**(b) Service; How Made**.

. . .

(D) Electronic Service. Service on any attorney may also be made by mailing the attorney the document in Adobe PDF to the attorney's email address, which shall be promptly furnished on request. The sender shall include language in the subject line designed to alert the recipient that a document is being served under this **rule**. On the date that a document served under this **rule** is **[*16]** electronically sent to an attorney, the sender shall send by mail, facsimile or hand-delivery a certificate that advises that a document has been transmitted electronically. The certificate shall state the caption of the action; the trial court file number; the title of the transmitted document; the number of pages of the transmitted document (including all exhibits thereto); the sender's name, address, telephone number and electronic mail address; the electronic mail address of each recipient; and the date and time of the transmission. The certificate shall also include words to this effect: "If you did not receive this document, please contact the sender immediately to receive an electronic or physical copy of this document." The certificate shall be sent to all counsel of record. A sender who emails a document and is notified that it was not received must promptly furnish a copy of the document to the attorney who did not receive it.

**End of Document**