# Exhibit

# 2

FILED

12/19/2022

Clerk of the
Appellate Courts

# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE

## IN RE: PROPOSED AMENDMENT TO TENNESSEE RULES OF CIVIL PROCEDURE

---

## No. ADM2022-01198

---

## ORDER

The Court adopts the attached amendment effective July 1, 2023, subject to approval by resolution of the General Assembly. The rule amended is as follows:

RULE 5.02 SERVICE AND FILING OF PLEADINGS AND OTHER PAPERS

The text of the amendment is set out in the attached Appendix.

IT IS SO ORDERED.

FOR THE COURT:

ROGER A. PAGE
CHIEF JUSTICE

## *APPENDIX*

## *AMENDMENT TO THE*
## *RULES OF CIVIL PROCEDURE*

**[Deleted text is indicated by overstriking,
and new text is indicated by underlining.]**

# TENNESSEE RULES OF CIVIL PROCEDURE

# RULE 5.02

# SERVICE AND FILING OF PLEADINGS AND OTHER PAPERS

[Amend Rule 5.02  as indicated below:]

**5.02. Service – How Made.**

. . .

(2)(a) Service on any attorney <u>or on a party</u> may also be made by emailing the ~~attorney~~ <u>person</u> the document in Adobe PDF to the ~~attorney's~~ <u>recipient's</u> email address, which shall be promptly furnished on request. The sender shall include language in the subject line designed to alert the recipient that a document is being served under this rule. ~~On the date that a document served under this rule is electronically sent to an attorney, the sender shall send by mail, facsimile or hand-delivery a certificate that advises that a document has been transmitted electronically. The certificate shall state the caption of the action; the trial court file number; the title of the transmitted document; the number of pages of the transmitted document (including all exhibits thereto); the sender's name, address, telephone number and electronic mail address; the electronic mail address of each recipient; and the date and~~

time of the transmission. The certificate shall also include words to this effect: "If you did not receive this document, please contact the sender immediately to receive an electronic or physical copy of this document." The certificate shall be sent to all counsel of record.

(b) A sender who emails a document and is notified that it was not received must promptly furnish a copy of the document to the ~~attorney~~ <u>person</u> who did not receive it.

(c) A document transmitted by email shall be treated as a document that was mailed for purposes of computation of time under Rule 6.

(d) For good cause shown, an attorney <u>or self-represented party</u> may obtain a court order prohibiting service of documents on that ~~attorney~~ <u>person</u> by electronic mail and requiring that all documents be served under subsection (1) or (3).

*Advisory Commission Comment [2023]*

Rule 5.02(2) is amended to provide self-represented parties the same convenience in sending and receiving documents by email that is afforded to attorneys. Section 5.02(2)(d) provides that a trial court may excuse a party from receiving service by email "for good cause shown [...]." The rule is not intended to require pro se litigants who lack regular and reliable email access to find a means to acquire it. When email service is feasible, however, courts should "not excuse the pro se litigant from complying with the same substantive and procedural rules that represented parties are expected to observe." State v. Sprunger, 458 S.W.3d 482, 491 (Tenn. 2015) (Citations omitted). Rule 5.02(2) is further amended to eliminate the requirement of a mailed, faxed, or hand-delivered certificate advising that a document has been transmitted electronically.