# IN THE UNITED STATES DISTRICT FOR
# THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DAN McCALEB, Executive Editor of THE CENTER SQUARE, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) **Case No. 3:22-cv-00439** ) **Judge Richardson** |
| MICHELLE LONG, in her official capacity as DIRECTOR of the TENNESSEE ADMINISTRATIVE OFFICE OF THE COURTS, | ) **Magistrate Judge Frensley** ) ) ) ) |
| Defendant. | ) ) |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants respond to Plaintiff's First Amended Complaint (ECF no. 19) as follows based on reasonable investigation of the allegations contained therein. All allegations not specifically admitted below are expressly denied. Defendant reserves the right to amend her answer as new facts are discovered.

## INTRODUCTION

1. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph and leaves Plaintiff to his proof.

2. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph and leaves Plaintiff to his proof.

3.	Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph and leaves Plaintiff to his proof.

4.	Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph and leaves Plaintiff to his proof.

5.	Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph and leaves Plaintiff to his proof.

6.	Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph and leaves Plaintiff to his proof.

7.	Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in the first sentence of this paragraph and leaves Plaintiff to his proof.  Defendant also denies that the Tennessee Supreme Court appoints a bench-bar advisory commission, but admits that the Tennessee Supreme Court appoints an Advisory Commission on Rules of Practice & Procedure in accordance with Tenn. Code Ann. § 16-3-601.  Defendant admits the allegations contained in the second sentence.

8.	Defendant admits the allegations contained in the first sentence.  The allegations contained in the second sentence are denied. Defendant further clarifies that future meetings of the Tennessee Advisory Commission on Rules of Practice & Procedure are expected generally to be open in compliance with the terms of the preliminary injunction issued by the Court on March 22, 2023 in this matter.

9.	It is admitted that federal bench-bar advisory committees are sometimes open to the public. The remaining allegations in this paragraph are denied.

10. It is admitted that federal bench-bar advisory committees are sometimes open to the public. The remaining allegations in this paragraph are denied.

11. Admitted to the extent Plaintiff seeks injunctive relief to prevent closure of future meetings of the Tennessee Advisory Commission on Rules of Practice & Procedure. Otherwise, the factual allegations in this paragraph are denied because Tennessee does not have a "bench-bar advisory commission."

12. Denied.

## PARTIES AND JURISDICTION

13. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph and leaves Plaintiff to his proof.

14. Admitted.

15. Admitted.

16. Defendant denies that Plaintiff's claims satisfy the statutory requirements authorizing declaratory and injunctive relief.

17. Admitted.

## FACTUAL ALLEGATIONS

A. **Defendant denies the factual allegations in this heading. The Tennessee Supreme Court has established the Advisory Commission on Rules of Practice & Procedure in accordance with Tenn. Code Ann. § 16-3-601, and the meetings of the commission are currently open to the public and press in accordance with the preliminary injunction issued by the Court in this matter on March 22, 2023.**

18. Defendant admits that Tenn. Code Ann. § 16-3-401 provides: "The supreme court may make rules of practice for the better disposal of business before it."

3

Additionally, Defendant admits that Tenn. Code Ann. § 16-3-402 provides: "The supreme court has the power to prescribe by general rules the forms of process, writs, pleadings and motions, and the practice and procedure in all of the courts of this state in all civil and criminal suits, actions and proceedings." Otherwise, Defendant denies the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

19. Defendant admits that Tenn. Code Ann. § 16-3-403 provides: "The rules prescribed by the supreme court pursuant to § 16-3-402 shall not abridge, enlarge or modify any substantive right, and shall be consistent with the constitutions of the United States and Tennessee." Otherwise, Defendant denies the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

20. Defendant admits that Tenn. Code Ann. § 16-3-404 provides: "The supreme court shall fix the effective date of all its rules; provided, that the rules shall not take effect until they have been reported to the general assembly by the chief justice at or after the beginning of a regular session of the general assembly, but not later than February 1 during the session, and until they have been approved by resolutions of both the house of representatives and the senate." Otherwise, Defendant denies the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

21. Defendant admits that Tenn. Code Ann. § 16-3-601(a) provides: "There shall be an advisory commission whose members shall be appointed by the supreme court and whose duty shall be to advise the supreme court from time to time respecting the rules of practice and procedure." Otherwise, Defendant denies the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

4

22. Defendant admits that Tenn. Code Ann. § 16-3-405 provides: "All rules adopted by the supreme court shall be published in the Tennessee Code Annotated and may be publicized both before and after becoming effective in a manner that the supreme court deems appropriate." Otherwise, Defendant denies the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

23. Defendant admits that Tenn. Code Ann. § 16-3-405 provides: "All rules adopted by the supreme court shall be published in the Tennessee Code Annotated and may be publicized both before and after becoming effective in a manner that the supreme court deems appropriate." Otherwise, Defendant denies the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

24. Defendant admits that Tenn. Code Ann. § 16-3-601(a) provides: "There shall be an advisory commission whose members shall be appointed by the supreme court and whose duty shall be to advise the supreme court from time to time respecting the rules of practice and procedure." Tenn. Code Ann. § 16-3-601(a). Otherwise, Defendant denies the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

25. Defendant admits that Tenn. Code Ann. § 16-3-601(b) provides: "Each member shall serve for a term of three (3) years and members shall be eligible for reappointment; provided, that members shall not be appointed for more than three (3) successive terms." Otherwise, Defendant denies the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

26. Defendant admits that Tenn. Code Ann. § 16-3-601(c) provides: "No compensation shall be paid to any of the members; however, the expenses necessarily incurred by

5

the members in the accomplishment of the purposes of the commission, as set out in this part, shall be reimbursable when statements of expenses are submitted pursuant to policies and guidelines promulgated by the supreme court." Otherwise, Defendant denies the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

27. Defendant admits that Tenn. Code Ann. § 16-3-601(d) provides: "The advisory commission has the authority to employ, subject to the approval of the administrative director of the courts and commissioner of finance and administration, legal, clerical and other assistance that may be necessary to the efficient discharge of its duties." Otherwise, Defendant denies the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

28. Denied.

29. Defendant admits that the Advisory Commission on the Rules of Practice & Procedure meets periodically to study and make recommendations to the Tennessee Supreme Court on practice and procedure. Otherwise, Defendant denies the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

30. Denied.

**B.** **Defendant admits that 28 U.S.C. § 2703(c)(1) applies to any committee appointed under 28 U.S.C. § 2073 but denies having adequate knowledge or information sufficient to form a belief as to the remaining factual allegations contained in this heading.**

31. Defendant admits that Congress passed PL 100-702 (Nov. 19, 1988), entitled "judicial Improvements and Access to Justice Act," on November 19, 1988.

6

Otherwise, Defendant denies the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

32. Defendant admits that Plaintiff correctly quoted 28 U.S.C. § 2073(c)(1). Otherwise, Defendant denies the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

33. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph and leaves Plaintiff to his proof.

34. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph and leaves Plaintiff to his proof.

35. Defendant admits that Plaintiff correctly quotes a 1995 law review article entitled, "Renewal of the Federal Rulemaking Process." 44 Am. U. L. Rev. 1655, 1657 (1995). Otherwise, Defendant denies the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

36. Defendant admits that 28 U.S.C. § 2071(a) provides: "The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business." Otherwise, Defendant denies the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

37. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph and leaves Plaintiff to his proof.

38. Denied.

39. Denied.

40. Defendant admits that 28 U.S.C. § 2703(e) provides: "Failure to comply with [Section 2073] does not invalidate a rule prescribed under section 2072 or 2075 of

7

this title." Otherwise, Defendant denies the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

41. Defendant admits that *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 48 (1995), states, in part, that "[o]ur rulemaking authority is constrained by §§ 2073 and 2074, which require, among other things, that meetings of bench-bar committees established to recommend rules ordinarily be open to the public . . . ." Otherwise, Defendant denies the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

42. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph and leaves Plaintiff to his proof.

43. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph and leaves Plaintiff to his proof.

44. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph and leaves Plaintiff to his proof.

45. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph and leaves Plaintiff to his proof.

46. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph and leaves Plaintiff to his proof.

47. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph and leaves Plaintiff to his proof.

48. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph and leaves Plaintiff to his proof.

8

49. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph and leaves Plaintiff to his proof.

50. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph and leaves Plaintiff to his proof.

51. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph and leaves Plaintiff to his proof.

52. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph and leaves Plaintiff to his proof.

53. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph and leaves Plaintiff to his proof.

54. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph and leaves Plaintiff to his proof.

**C.   Defendant denies the factual allegations contained in this heading and leaves Plaintiff to his proof.**

55. Admitted.

56. Defendant admits that Tenn. Code Ann. § 17-3-101(a) provides: "There is created a judicial conference for the state whose membership shall consist of all judges of courts of records whose salary is paid in whole or in part out of the state treasury, including retired judges."  Otherwise, Defendant denies the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

57. Defendant admits that Tenn. Code Ann. § 17-3-101(b) provides: "There shall also be included in the membership of the judicial conference active and retired judges who are licensed attorneys at law of all probate courts created by private acts of the

9

state, in counties having a population of three hundred thousand (300,000) or more, according to the federal census of 1960 and any subsequent census." Otherwise, Defendant denies the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

58. Defendant admits that Tenn. Code Ann. § 17-3-102 provides: "The attorney general and reporter shall be an ex officio member of the conference and act as its legal advisor." Otherwise, Defendant denies the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

59. Defendant admits that the Tenn. Code Ann. § 17-3-104(a) provides: "The conference shall meet annually for the consideration of any and all matters pertaining to the discharge of the official duties and obligations of its several members, to the end that there shall be a more prompt and efficient administration of justice in the courts of this state." Otherwise, Defendant denies the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

60. Defendant admits that Tenn. Code Ann. § 17-3-105(a) provides: "It is the official duty of each member of the conference, with the exception of retired judges, to attend its annual meetings unless otherwise officially engaged or for other good and sufficient reasons." Otherwise, Defendant denies the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

61. Defendant admits that Tenn. Code Ann. § 17-3-107 provides: "It is the duty of the conference to give consideration to the enactment of laws and rules of procedure that in its judgment may be necessary to the more effective suppression of crime and thus promote peace and good order in the state. To this end, a committee of its

10

members shall be appointed to draft suitable legislation and submit its recommendations to the general assembly." Otherwise, Defendant denies the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

62. Defendant admits that Tenn. Code Ann. § 17-3-107 provides: "It is the duty of the conference to give consideration to the enactment of laws and rules of procedure that in its judgment may be necessary to the more effective suppression of crime and thus promote peace and good order in the state. To this end, a committee of its members shall be appointed to draft suitable legislation and submit its recommendations to the general assembly." Otherwise, Defendant denies the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

63. Defendant admits that Tenn. Code Ann. § 17-3-103(a) provides: "The judicial conference shall elect annually a president, vice president, secretary, treasurer and other officers that become necessary. The secretary may also serve as the treasurer." Defendant further admits that Tenn. Code Ann. § 17-3-103(b)(1) provides: "There shall also be an executive committee of the conference to consist of the president, vice president, secretary, treasurer, immediate past president, president-elect and nine (9) additional members to be appointed by the president, three (3) from each grand division of the state." Otherwise, Defendant denies the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

64. Defendant admits that Tenn. Code Ann. § 17-3-105(b) provides: "Every member shall be entitled to have the member's expenses paid for attendance. The expenses shall be paid pursuant to policies and guidelines promulgated by the supreme

11

court." Otherwise, Defendant denies the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

65. Defendant admits that Tenn. Code Ann. § 17-3-106 provides: "The conference shall have full power and authority to prescribe rules of official conduct of all judges, the rules to be in compliance with the code of judicial ethics as promulgated by the American Bar Association but not otherwise." Otherwise, Defendant denies the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

66. Admitted.

67. Defendant admits that Tenn. Code Ann. §§ 17-3-101–107 do not require that Tennessee Judicial Conference meetings be open to the public and press.

68. Defendant admits that Tenn. Code Ann. §§ 17-3-101–107 do not specifically reference legal-education classes.

69. Defendant admits that Tenn. Code Ann. §§ 17-3-103(b)(5) and -105(b) reference "policies and guidelines promulgated by the supreme court" with regard to member expenses.

70. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph and leaves Plaintiff to his proof.

71. Defendant repeats and incorporates by reference its responses to paragraphs 1-70, above.

72. Denied.

73. Denied.

74. Denied.

12

75. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph and leaves Plaintiff to his proof.

76. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph and leaves Plaintiff to his proof.

77. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph and leaves Plaintiff to his proof.

78. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph and leaves Plaintiff to his proof.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Defendant admits that the Tennessee Advisory Commission on the Rules of Practice and Procedure studies and makes recommendations as to the court rules on practice and procedure.  Otherwise, Defendant denies the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

84. Denied.

85. Denied.

86. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph and leaves Plaintiff to his proof.

87. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph and leaves Plaintiff to his proof.

88. Denied.

13

89. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph and leaves Plaintiff to his proof.

90. Defendant admits that the Schedule pertaining to Tennessee First Judicial District courts at https://www.washingtoncountytn.org/DocumentCenter/View/1358/2022-Judges-Schedule-updated refers to "JUDICIAL CONFERENCE" on March 8-10, 2022; June 15-17, 2022; and October 25-27, 202. Otherwise, Defendant denies the allegations contained in this paragraph of Plaintiff's First Amended Complaint.

91. Denied.

92. Defendant admits in part and denies in part the factual allegations contained in paragraph 92. Defendant admits that TAOC has a YouTube Channel that posts information associated with certain TAOC related matters but denies that the TAOC adopted a formal policy requiring virtual hearings to conduct business during the timeframe alleged.

93. Admitted.

94. Admitted.

95. Denied.

### AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's Amended Complaint should be dismissed as it is barred by the doctrine of sovereign immunity.

2. Alternatively, Plaintiff's Complaint should be dismissed for lack of standing.

3. Defendant requests that each and every prayer for relief by Plaintiff be denied.

14

4. To the extent Plaintiff is seeking money damages, the Eleventh Amendment of the United States Constitution bars all claims for money damages against State employees acting in their official capacity, including Defendant.

5. Defendant reserves her right to amend this Answer as provided by the Federal Rules of Civil Procedure to assert additional affirmative defenses or averments which may become relevant as facts are discovered.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

s/ Andrew C. Coulam
ANDREW C. COULAM
Deputy Attorney General
Public Interest Division
P.O. Box 20207
Nashville, Tennessee 37202
615-741-1868
andrew.coulam@ag.tn.gov
B.P.R. No. 30731

s/ Michael Stahl
MICHAEL M. STAHL
Senior Assistant Attorney General
Public Interest Division
P.O. Box 20207
Nashville, Tennessee 37202-0207
615-253-5463
michael.stahl@ag.tn.gov
B.P.R. No. 032381

15

## CERTIFICATE OF SERVICE

I, counsel for Defendant, hereby certify that a copy of the foregoing answer was automatically served upon counsel for Plaintiff via the Court's electronic-court filing system on April 26, 2023.

s/ Andrew C. Coulam
ANDREW C. COULAM
Deputy Attorney General

s/ Michael Stahl
MICHAEL M. STAHL
Senior Assistant Attorney General

16