# IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

DAN McCALEB, Executive Editor of )
THE CENTER SQUARE, )
    Plaintiff, )     Civil Action No. 3:22-cv-00439
v. )     Judge Richardson / Frensley
    )
MICHELLE LONG, in her official )
capacity as DIRECTOR of TENNESSEE )
ADMINISTRATIVE OFFICES OF THE )
COURTS, )
    Defendant. )

## INITIAL CASE MANAGEMENT ORDER

**A. JURISDICTION:**

<u>Plaintiff's position</u>: The Court has jurisdiction over Plaintiff's Section 1983 and First Amendment claims arising under the United States Constitution pursuant to 28 U.S.C. §§ 1331 and 1343. As stated in Plaintiff's response to Defendant's motion to dismiss, the *Ex parte Young* exception applies, and Plaintiff's claims are not barred by the Eleventh Amendment. Additionally, Plaintiff has Article III standing.

Defendant's position: As stated in Defendant's motion to dismiss, the Eleventh Amendment to the United States Constitution presents a jurisdictional bar to this suit, and the *Ex parte Young* exception does not apply. Additionally, as noted in the motion to dismiss, Plaintiff lacks standing which prevents subject-matter jurisdiction by the Court over this matter.

**B. BRIEF THEORIES OF THE PARTIES:**

For Plaintiff: Under the two-part "experience and logic" test in *Richmond Newspapers*, Defendant Michelle Long, Director of the Tennessee Administrative Office of the Courts ("TAOC"), is violating Plaintiff Dan McCaleb's First Amendment right of access to State court rulemaking meetings of (1) the Tennessee bench-bar advisory commission ("Advisory

Commission"), created by the enabling statute, Tenn. Code Ann. § 16-3-601; and (2) the Tennessee Judicial Conference (TJC) committees, created by the enabling statute, Tenn. Code Ann. § 17-3-101, et seq. *See* First Am. Compl., ECF No. 19. As set forth in Plaintiff's motion for preliminary injunction, the federal bench-bar rulemaking advisory committees provide the historical analogue to satisfy the experience prong, and open TN equivalent meetings would be positive for the rulemaking process to satisfy the logic prong. Under *Ex parte Young*, Plaintiff McCaleb sued Director Long in her official capacity and seeks declaratory and injunctive relief so that he may assign reporters in his role as Executive Editor of The Center Square, to report on future meetings. Additionally, McCaleb seeks reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988.

For Defendant: First, this Court lacks subject-matter jurisdiction because Plaintiff lacks standing under *Alston v. Advanced Brands & Imp. Co.,* 494 F.3d 562 (6th Cir. 2007). Plaintiff's claim is also barred by State sovereign immunity under the Eleventh Amendment. Additionally, and to the extent Petitioner's claim is subject to review by this Court, the First Amendment to the United States Constitution does not compel the Tennessee Advisory Commission on the Rules of Practice & Procedure, or any other Tennessee Judicial Conference Committee, to open their meetings under *Richmond Newspapers'* two-part test because there is no historically recognized right of access to the Tennessee Advisory Commission on the Rules of Practice & Procedure and because there has been no proof that opening the challenged meeting would further an important governmental interest.

**C.      ISSUES RESOLVED:** On March 22, 2023, the Court partially granted Plaintiff's motion for preliminary injunction pending trial (ECF No. 20) and denied Defendant's Rule 12(b)(1) motion to dismiss (ECF No. 24) and her arguments based on Eleventh Amendment immunity and Article III subject matter jurisdiction. *See* Memorandum Opinion (ECF No. 39),

Preliminary Injunction (ECF No. 40), and Order Denying Defendant's Motion to Dismiss (ECF No. 41).

In the Preliminary Injunction Order that went into effect at 3 pm CT on March 22, 2023, the Court **ORDERED** that, pursuant to Federal Rule of Civil Procedure 65, Defendant and her officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them are hereby **ENJOINED** and **RESTRAINED** from:

Holding future meetings of the Tennessee bench-bar advisory commission established to recommend rules without providing the public with access either via livestreaming or in-person attendance; provided, however, that such access may be denied with respect to a particular meeting, such that the meeting is closed in whole or in part on a case-specific basis; based on a particular stated reason that purportedly justifies such closure; provided further, however, that any such disclosure shall be separately subject to challenge in its own right by any party with standing to do so. *See* Prel. Injun., ECF No. 40, Page ID # 1103.

**D.      ISSUES STILL IN DISPUTE:**

For Plaintiff: The Court's Preliminary Injunction (ECF No. 40) currently in effect protects Plaintiff's First Amendment interests pending trial. Plaintiff seeks a permanent injunction to eventually issue, under applicable and appropriate terms.

For Defendant: Whether Petitioner's First Amendment claim fails as a matter of law or whether a permanent injunction should issue, and under what terms.

**E.      INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **May 19, 2023**.

**F.      CASE RESOLUTION PLAN AND JOINT STATUS REPORTS**: The parties are encouraged to consider the Alternative Dispute Resolution Options provided in Local Rules

16.02 through 16.05. By **November 14, 2023**, the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either a joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

G.     **DISCOVERY:** The parties shall complete all discovery on or before **October 31, 2023**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions. In connection with any discovery conference or discovery motion, the applicable parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute statement shall certify that lead counsel for every applicable party held the aforementioned telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or

(a)(3), but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response, as the case may be.

**H.** **MOTIONS TO AMEND OR TO ADD PARTIES**: Any motions to amend or add parties shall be filed by no later than **October 31, 2023**, and must comply with Local Rules 7.01 and 15.01

**I.** **DISCLOSURE AND DEPOSITION OF EXPERTS**: Though the parties have not reached a decision at this time on the use of expert witnesses, Plaintiff shall disclose any expert witnesses on or before **August 1, 2023**. Defendant shall disclose any expert witness on or before **September 1, 2023**. Expert depositions shall be completed by **October 31, 2023.**

**J.** **TELEPHONE STATUS CONFERENCE**. A status conference shall be held telephonically on **September 11, 2023, at 8:30 a.m.**, to address: the status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. The Parties shall call 1-877-336-1831 at the appointed time. and when prompted for the access code, enter 7039387# to participate in the Conference. If a party has difficulty connecting to the call or has been on hold for more than five (5) minutes, please contact chambers at 615-736-7344.

**K.** **DISPOSITIVE MOTIONS**: As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than **December 15, 2023**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memorandum of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment

shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

All attorneys are required to read Judge Richardson's opinion in *McLemore v. Gumucio*, #3:19-cv-00530, 2021 WL 2400411 (M. D. Tenn. June 11, 2021), regarding what should (or should not) be included in the Summary judgment movant's statement of undisputed material facts," and any party moving for summary judgment is expected to follow Judge Richardson's guidance as detailed in the *McLemore* opinion.

**L.      ELECTRONIC DISCOVERY:** If the parties have reached an agreement on how to conduct electronic discovery, Administrative Order 174-1 need not apply to this case. Any agreement between the parties to address the topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as a proposed agreed order with accompanying motion for approval. In the absence of an agreement, the default standards of Administrative Order No. 174-1 will apply.

**M.      MODIFICATION OF CASE MANAGEMENT ORDER:** Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a

statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

**N.** **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE**: The **BENCH** trial of this action is expected to last approximately three days. A trial date no earlier than **May 6, 2024**, is respectfully requested because per local rule 16.01(h)(1) it has to be at least 90 days after the last dispositive motion.

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**