# Exhibit

# 5

IN THE UNITED STATES DISTRICT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAN McCALEB, Executive Editor of )
THE CENTER SQUARE, )
                        )
       Plaintiff, )
                        )
v. )      Case No. 3:22-cv-00439
                        )
MICHELLE LONG, in her official capacity )      Judge Richardson
as DIRECTOR of the TENNESSEE )
ADMINISTRATIVE OFFICE OF THE )      Magistrate Judge Frensley
COURTS, )
                        )
       Defendant. )

---

## DECLARATION OF JAMES MCQUAID

---

I, James McQuaid, declare as follows:

1. I am a US citizen over the age of 18 years. If called to testify in this matter, I would do so as follows:

2. I am counsel of record for Plaintiff Dan McCaleb in this case.

3. In a series of emails on September 28, 2023, Robert Wilson and Andrew Coulam, counsel for Defendant, agreed to accept service of the subpoenas for depositions of the Supreme Court Justices Bivens, Page, Kirby, and Lee ("the Subpoenas"). An excerpt of that email chain containing a true and correct copy of the relevant emails is attached to this declaration as **Exhibit A.**

4. On October 31 2023, I electronically served the Subpoenas on attorneys Wilson and Coulam, as well as their colleague Michael Stahl. A true and correct copy of that email is attached as **Exhibit B.**

5. The Subpoenas and their proofs of service are attached to this Declaration as **Exhibit C.**

Under penalty of perjury, I affirm that the foregoing is true and correct.

November 26, 2023

James McQuaid

1

# Exhibit

# A



**From:** Buck Dougherty <bdougherty@libertyjusticecenter.org>
**Sent:** Thursday, September 28, 2023 7:15 PM
**To:** Andrew Coulam <Andrew.Coulam@ag.tn.gov>; Robert W. Wilson <Robert.Wilson@ag.tn.gov>; James McQuaid <jmcquaid@libertyjusticecenter.org>
**Cc:** Michael Stahl <Michael.Stahl@ag.tn.gov>
**Subject:** RE: McCaleb v. Long - Notices of Deposition

Let me know what time for a call tomorrow.

Prof. Barton confirmed his zoom depo next Tuesday. So, Barton and McCaleb have confirmed their zoom depos per your notices.

**Buck Dougherty**
Senior Counsel
Liberty Justice Center

 312-637-2280 (Main)
 423-326-7548 (Cell)
 bdougherty@libertyjusticecenter.org
🌐 libertyjusticecenter.org

 LIBERTY JUSTICE CENTER

**From:** Andrew Coulam <Andrew.Coulam@ag.tn.gov>
**Sent:** Thursday, September 28, 2023 7:04 PM
**To:** Buck Dougherty <bdougherty@libertyjusticecenter.org>; Robert W. Wilson <Robert.Wilson@ag.tn.gov>; James McQuaid <jmcquaid@libertyjusticecenter.org>
**Cc:** Michael Stahl <Michael.Stahl@ag.tn.gov>
**Subject:** Re: McCaleb v. Long - Notices of Deposition

Yes, to be clear, our office will accept service of the subpoenas.

It was our understanding that we had agreed on the depos of Long and Harmon for next week and we were wondering why we had not received a notice and subpoena. That was one of the reasons for my call. So, we can tell Long and Harmon that their depos for next week are off and will have to be rescheduled? If so, we'll inquire about their availability for the remainder of October.

We can discuss tomorrow about extending another discovery deadline to allow you to depose any expert(s) we disclose. We're obviously not trying to prevent you from deposing any such expert.

**Andrew C. Coulam** | Deputy Attorney General
Public Interest Division
Office of Tennessee Attorney General

Mailing Address:
P.O. Box 20207, Nashville, TN 37202-0207
p. 615.741.1868
andrew.coulam@ag.tn.gov



---

**From:** Buck Dougherty <bdougherty@libertyjusticecenter.org>
**Sent:** Thursday, September 28, 2023 6:15 PM
**To:** Robert W. Wilson <Robert.Wilson@ag.tn.gov>; James McQuaid <jmcquaid@libertyjusticecenter.org>
**Cc:** Andrew Coulam <Andrew.Coulam@ag.tn.gov>; Michael Stahl <Michael.Stahl@ag.tn.gov>
**Subject:** RE: McCaleb v. Long - Notices of Deposition

1. Because Bulso can only do his deposition on **October 9** (and you were uncertain of his availability at the conference), it makes more sense practically and logistically to try and do Bulso, Long, and Harmon together in Nashville that week at your office. McCaleb's is on the 13th, and I will be in Chicago for that. So, if Bulso is on Monday October 9, which is fine with me, let me know if Long and Harmon can do 10, 11, and/or 12 (in any order). I do not want to depose Harmon and Long next week now that Bulso's schedule has been disclosed to us. As you know, I'm in Memphis and would prefer to depose the State folks you've stipulated to at your office the same week so I'm not making multiple trips. So please confirm Long and Harmon's availability as I've suggested.

2. I understand you object to the depos themselves. I'm just asking about accepting service of process. Thanks for agreeing to accept service.

3. We've both already had 30-day extensions of experts. I think we probably need to discuss on a call tomorrow. While it normally might not be an issue, pushing your expert deadline back another 30 days as you've requested exceeds the discovery cutoff of Oct. 31 per the scheduling order, and we are obviously going to have to depose that individual. So, I think your request is much more than a simple 30-day extension; it's actually a request to push back the discovery deadline itself, which is currently set for Oct. 31. I'm available to jump on a video conference tomorrow to discuss, just let me know.

Thanks, Buck

**Buck Dougherty**
Senior Counsel
Liberty Justice Center

📞 312-637-2280 (Main)
📞 423-326-7548 (Cell)
✉️ bdougherty@libertyjusticecenter.org
🌐 libertyjusticecenter.org

   

**From:** Robert W. Wilson <Robert.Wilson@ag.tn.gov>
**Sent:** Thursday, September 28, 2023 6:01 PM
**To:** Buck Dougherty <bdougherty@libertyjusticecenter.org>; James McQuaid <jmcquaid@libertyjusticecenter.org>
**Cc:** Andrew Coulam <Andrew.Coulam@ag.tn.gov>; Michael Stahl <Michael.Stahl@ag.tn.gov>
**Subject:** RE: McCaleb v. Long - Notices of Deposition

Buck,

You agreed to depose Director Long on October 4. That date is still available for you to depose her. If you need to reschedule, then we will need to contact Director Long regarding her available dates.

Our Office will accept service for the subpoenas. We still object to the relevance of any Tennessee Supreme Court Justice being deposed in this matter.

We also need to know if Plaintiff objects to the expert disclosure deadline extension by 30 days, to November 1, 2023.

Thank you,

-Robert

Robert W. Wilson
Senior Assistant Attorney General
Memphis Division
Office of Tennessee Attorney General
40 South Main Street, Suite 1014
Memphis, TN 38103-1877
Phone: (901) 543-9031
Email: Robert.Wilson@ag.tn.gov

MAKING THE CASE
FOR TENNESSEE
TENNESSEE ATTORNEY GENERAL

**From:** Buck Dougherty <bdougherty@libertyjusticecenter.org>
**Sent:** Thursday, September 28, 2023 5:49 PM
**To:** Robert W. Wilson <Robert.Wilson@ag.tn.gov>; James McQuaid <jmcquaid@libertyjusticecenter.org>
**Cc:** Andrew Coulam <Andrew.Coulam@ag.tn.gov>; Michael Stahl <Michael.Stahl@ag.tn.gov>
**Subject:** RE: McCaleb v. Long - Notices of Deposition

Please confirm via this email before close of business tomorrow on Friday Sep. 29 per our conference that you agree to accept service of process for the subpoenas for depositions for the 4 TN Supreme Court justices we've previously discussed.

Best, Buck

**Buck Dougherty**          📞  312-637-2280 (Main)
Senior Counsel             📞  423-326-7548 (Cell)

Case 3:22-cv-00439      Document 62-5      Filed 11/27/23      Page 6 of 37 PageID #: 1703

# Exhibit

# B

## McCaleb v Long

## James McQuaid <jmcquaid@libertyjusticecenter.org>

Tue 10/31/2023 4:48 PM

To:andrew.coulam@ag.tn.gov <Andrew.Coulam@ag.tn.gov>;Robert.Wilson@ag.tn.gov <Robert.Wilson@ag.tn.gov>;Stahl <Michael.Stahl@ag.tn.gov>
Cc:Buck Dougherty <bdougherty@libertyjusticecenter.org>

〚] 8 attachments (3 MB)
McCaleb notice of kirby dep.pdf; McCaleb notice of bivens dep.pdf; McCaleb notice of lee dep.pdf; McCaleb notice of page dep.pdf; kirby subpoena.pdf; bivens subpoena.pdf; Lee subpoena.pdf; Page subpoena.pdf;

Please see the attached Notices of Deposition and corresponding Subpoenas.

# Exhibit

# C

# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee ☐▾

| | |
|---|---|
| Dan McCaleb | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:22-cv-00439 |
| Michelle Long | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                        Holly Kirby

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: via Zoom | Date and Time: 11/27/2023 9:00 am |
|---|---|

The deposition will be recorded by this method: normal stenographic means

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/31/2023

| *CLERK OF COURT* | |
|---|---|
| | OR |
| | /s/ M.E. Buck Dougherty III |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff
Dan McCaleb                                                        , who issues or requests this subpoena, are:
M.E. Buck Dougherty III, 440 N. Wells St., Ste. 200, Chicago IL 60654
bdougherty@libertyjusticecenter.org, 312-637-2280

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:22-cv-00439

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*   Holly Kirby

on *(date)*   10/31/2023   .

☑ I served the subpoena by delivering a copy to the named individual as follows: Emailed to counsel for

Defendants, who had previously represented that they were authorized to accept service

  on *(date)*   10/31/2023   ; or

☐ I returned the subpoena unexecuted because:

  .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$   40   .

My fees are $   for travel and $   for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   11/21/2023

                  *Server's signature*

                  James J McQuaid
                  *Printed name and title*
                  440 N Wells St., Ste. 200
                  Chicago, IL 60654

                  *Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


DAN McCALEB, Executive Editor of )
THE CENTER SQUARE, )
)
    Plaintiff, )
)
v. )    Case No. 3:22-cv-00439
)
MICHELLE LONG, in her official capacity )    Judge Richardson
as DIRECTOR of the TENNESSEE )
ADMINISTRATIVE OFFICE OF THE )    Magistrate Judge Frensley
COURTS, )
)
    Defendant. )

---

### NOTICE OF DEPOSITION OF HOLLY KIRBY

---

Pursuant to the Federal Rules of Civil Procedure, Plaintiff, Dan McCaleb, Executive Editor of The Center Square, through counsel, gives notice that he will take the deposition of Chief Justice Holly Kirby on November 27, 2023, beginning at 9:00 AM Central Time. Counsel for the parties and the witness may attend the deposition through a video conference platform such as Zoom. All participants will be sent a meeting invitation via email which will allow connection to the deposition and will provide the password/meeting ID for participation. The deposition will be taken by normal stenographic means before a court reporter duly authorized to take sworn testimony. By agreement of the parties, the witness may be sworn remotely and will be bound by that oath as if given in person. The oath to be administered to the witness is attached. The deposition will continue until completed or until otherwise agreed by counsel.

Respectfully submitted,

*/s/ M. E. Buck Dougherty III*

M. E. Buck Dougherty III, TN BPR #022474
James McQuaid, *Pro Hac Vice*
LIBERTY JUSTICE CENTER
440 N. Wells Street, Suite 200
Chicago, Illinois 60654
    312-637-2280-telephone
312-263-7702-facsimile
bdougherty@libertyjusticecenter.org
jmcquaid@libertyjusticecenter.org

*Attorneys for Plaintiff, Dan McCaleb,*
*Executive Editor of The Center Square*

2

**CERTIFICATE OF SERVICE**

I, counsel for Plaintiff, hereby certify that a true and correct copy of the foregoing

document has been served on the following counsel of record via email on this 31st day of October,

2023:

JONATHAN SKRMETTI
Office of the Attorney General & Reporter
Andrew C. Coulam, *Deputy Attorney General*
Michael M. Stahl, *Senior Assistant Attorney General*
Robert W. Wison, *Senior Assistant Attorney General*
Public Interest Division
P.O. Box 20207
Nashville, Tennessee 37202-0207
andrew.coulam@ag.tn.gov
michael.stahl@ag.tn.gov
Robert.wilson@ag.tn.gov

/s/ M.E. Buck Dougherty III

3

### Remote Witness Oath

Do you solemnly swear or affirm that the testimony you are about to give in this case is the truth, the whole truth and nothing but the truth so help you God. Do you solemnly swear or affirm that you are not consulting and will not consult any outside sources or information during the deposition such as cell phone, smartphone, computer, the internet, any text or instant messaging service, e-mail, any chat room, blog, or website such as Facebook, Myspace, LinkedIn, YouTube, or Twitter to communicate with anyone or to obtain any information or consultation in conjunction with your testimony.

4

# UNITED STATES DISTRICT COURT
### for the
Middle District of Tennessee  ☑

| | |
|---|---|
| Dan McCaleb | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.  3:22-cv-00439 |
| Michelle Long | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                                    Jeffrey Bivens

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  via Zoom | Date and Time: <br> 11/28/2023 9:00 am |
|---|---|

The deposition will be recorded by this method:  normal stenographic means

❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        10/31/2023

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ M.E. Buck Dougherty III |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*        Plaintiff
Dan McCaleb                                                                          , who issues or requests this subpoena, are:
M.E. Buck Dougherty III, 440 N. Wells St., Ste. 200, Chicago IL 60654
bdougherty@libertyjusticecenter.org, 312-637-2280

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

Civil Action No.  3:22-cv-00439

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  Jeffrey Bivens

on *(date)*  _____10/31/2023_____  .

☑ I served the subpoena by delivering a copy to the named individual as follows:  Emailed to counsel for

Defendants, who had previously represented that they were authorized to accept service

_____  on *(date)*  ___10/31/2023___  ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$  _____40_____  .

My fees are $  _____  for travel and $  _____  for services, for a total of $  ___0.00___  .

I declare under penalty of perjury that this information is true.

Date:  _____11/21/2023_____          _____
                                                            *Server's signature*

                                                            James J McQuaid
                                                          *Printed name and title*
                                                          440 N Wells St., Ste. 200
                                                          Chicago, IL 60654

                                                            _____
                                                            *Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　**(i)** is a party or a party's officer; or
　　**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
　**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
　**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

　**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

　　**(i)** fails to allow a reasonable time to comply;
　　**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　**(iv)** subjects a person to undue burden.
　**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

　　**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
　　**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
　**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　**(i)** expressly make the claim; and
　　**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DAN McCALEB, Executive Editor of THE CENTER SQUARE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:22-cv-00439 |
| MICHELLE LONG, in her official capacity as DIRECTOR of the TENNESSEE ADMINISTRATIVE OFFICE OF THE COURTS, | ) ) ) ) ) | Judge Richardson Magistrate Judge Frensley |
| Defendant. | ) | |

## NOTICE OF DEPOSITION OF JEFFREY BIVENS

Pursuant to the Federal Rules of Civil Procedure, Plaintiff, Dan McCaleb, Executive Editor of The Center Square, through counsel, gives notice that he will take the deposition of Justice Jeffrey Bivens on November 28, 2023, beginning at 9:00 AM Central Time. Counsel for the parties and the witness may attend the deposition through a video conference platform such as Zoom. All participants will be sent a meeting invitation via email which will allow connection to the deposition and will provide the password/meeting ID for participation. The deposition will be taken by normal stenographic means before a court reporter duly authorized to take sworn testimony. By agreement of the parties, the witness may be sworn remotely and will be bound by that oath as if given in person. The oath to be administered to the witness is attached. The deposition will continue until completed or until otherwise agreed by counsel.

Respectfully submitted,

*/s/ M. E. Buck Dougherty III*

M. E. Buck Dougherty III, TN BPR #022474
James McQuaid, *Pro Hac Vice*
LIBERTY JUSTICE CENTER
440 N. Wells Street, Suite 200
Chicago, Illinois 60654
    312-637-2280-telephone
312-263-7702-facsimile
bdougherty@libertyjusticecenter.org
jmcquaid@libertyjusticecenter.org

*Attorneys for Plaintiff, Dan McCaleb,
Executive Editor of The Center Square*

2

**CERTIFICATE OF SERVICE**

I, counsel for Plaintiff, hereby certify that a true and correct copy of the foregoing

document has been served on the following counsel of record via email on this 31st day of October,

2023:

JONATHAN SKRMETTI
Office of the Attorney General & Reporter
Andrew C. Coulam, *Deputy Attorney General*
Michael M. Stahl, *Senior Assistant Attorney General*
Robert W. Wison, *Senior Assistant Attorney General*
Public Interest Division
P.O. Box 20207
Nashville, Tennessee 37202-0207
andrew.coulam@ag.tn.gov
michael.stahl@ag.tn.gov
Robert.wilson@ag.tn.gov

/s/ M.E. Buck Dougherty III

3

## Remote Witness Oath

Do you solemnly swear or affirm that the testimony you are about to give in this case is the truth, the whole truth and nothing but the truth so help you God. Do you solemnly swear or affirm that you are not consulting and will not consult any outside sources or information during the deposition such as cell phone, smartphone, computer, the internet, any text or instant messaging service, e-mail, any chat room, blog, or website such as Facebook, Myspace, LinkedIn, YouTube, or Twitter to communicate with anyone or to obtain any information or consultation in conjunction with your testimony.

# UNITED STATES DISTRICT COURT
### for the
Middle District of Tennessee  ▾

| | | |
|---|---|---|
| Dan McCaleb | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:22-cv-00439 |
| Michelle Long | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                              Sharon Lee

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: via Zoom | Date and Time:  11/29/2023 9:00 am |
|---|---|

The deposition will be recorded by this method: ___normal stenographic means___

❐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     10/31/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ M.E. Buck Dougherty III |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Plaintiff
Dan McCaleb_____ , who issues or requests this subpoena, are:
M.E. Buck Dougherty III, 440 N. Wells St., Ste. 200, Chicago IL 60654
bdougherty@libertyjusticecenter.org, 312-637-2280

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

Civil Action No.  3:22-cv-00439

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  Sharon Lee

on *(date)*  10/31/2023  .

☑ I served the subpoena by delivering a copy to the named individual as follows: Emailed to counsel for
Defendants, who had previously represented that they were authorized to accept service
                                                                    on *(date)*  10/31/2023  ; or

☐ I returned the subpoena unexecuted because:                                                                    .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$  40  .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date:  11/21/2023  _____

*Server's signature*

James J McQuaid

*Printed name and title*
440 N Wells St., Ste. 200
Chicago, IL 60654

_____

*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

| | | |
|---|---|---|
| DAN McCALEB, Executive Editor of THE CENTER SQUARE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:22-cv-00439 |
| MICHELLE LONG, in her official capacity as DIRECTOR of the TENNESSEE ADMINISTRATIVE OFFICE OF THE COURTS, | ) ) ) ) ) | Judge Richardson<br><br>Magistrate Judge Frensley |
| Defendant. | ) ) | |

## NOTICE OF DEPOSITION OF SHARON LEE

Pursuant to the Federal Rules of Civil Procedure, Plaintiff, Dan McCaleb, Executive Editor of The Center Square, through counsel, gives notice that he will take the deposition of Retired Justice Sharon Lee on November 29, 2023, beginning at 9:00 AM Central Time. Counsel for the parties and the witness may attend the deposition through a video conference platform such as Zoom. All participants will be sent a meeting invitation via email which will allow connection to the deposition and will provide the password/meeting ID for participation. The deposition will be taken by normal stenographic means before a court reporter duly authorized to take sworn testimony. By agreement of the parties, the witness may be sworn remotely and will be bound by that oath as if given in person. The oath to be administered to the witness is attached. The deposition will continue until completed or until otherwise agreed by counsel.

Respectfully submitted,

*/s/ M. E. Buck Dougherty III*

M. E. Buck Dougherty III, TN BPR #022474
James McQuaid, *Pro Hac Vice*
LIBERTY JUSTICE CENTER
440 N. Wells Street, Suite 200
Chicago, Illinois 60654
   312-637-2280-telephone
312-263-7702-facsimile
bdougherty@libertyjusticecenter.org
jmcquaid@libertyjusticecenter.org

*Attorneys for Plaintiff, Dan McCaleb,
Executive Editor of The Center Square*

2

**CERTIFICATE OF SERVICE**

I, counsel for Plaintiff, hereby certify that a true and correct copy of the foregoing

document has been served on the following counsel of record via email on this 31st day of October,

2023:

JONATHAN SKRMETTI
Office of the Attorney General & Reporter
Andrew C. Coulam, *Deputy Attorney General*
Michael M. Stahl, *Senior Assistant Attorney General*
Robert W. Wison, *Senior Assistant Attorney General*
Public Interest Division
P.O. Box 20207
Nashville, Tennessee 37202-0207
andrew.coulam@ag.tn.gov
michael.stahl@ag.tn.gov
Robert.wilson@ag.tn.gov

/s/ M.E. Buck Dougherty III

3

## Remote Witness Oath

Do you solemnly swear or affirm that the testimony you are about to give in this case is the truth, the whole truth and nothing but the truth so help you God. Do you solemnly swear or affirm that you are not consulting and will not consult any outside sources or information during the deposition such as cell phone, smartphone, computer, the internet, any text or instant messaging service, e-mail, any chat room, blog, or website such as Facebook, Myspace, LinkedIn, YouTube, or Twitter to communicate with anyone or to obtain any information or consultation in conjunction with your testimony.

4

# UNITED STATES DISTRICT COURT
### for the

Middle District of Tennessee ☐

| | |
|---|---|
| Dan McCaleb | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:22-cv-00439 |
| Michelle Long | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                     Roger Page

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: via Zoom | Date and Time: 11/30/2023 9:00 am |
|---|---|

The deposition will be recorded by this method: normal stenographic means

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/31/2023

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ M.E. Buck Dougherty III |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Dan McCaleb                                , who issues or requests this subpoena, are:
M.E. Buck Dougherty III, 440 N. Wells St., Ste. 200, Chicago IL 60654
bdougherty@libertyjusticecenter.org, 312-637-2280

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.  3:22-cv-00439

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  Roger Page
on *(date)*      10/31/2023      .

☑ I served the subpoena by delivering a copy to the named individual as follows: Emailed to counsel for

 Defendants, who had previously represented that they were authorized to accept service

                                                    on *(date)*      10/31/2023     ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$  40        .

My fees are $                for travel and $                for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date:      11/21/2023

_____
*Server's signature*

James J McQuaid
*Printed name and title*
440 N Wells St., Ste. 200
Chicago, IL 60654

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


DAN McCALEB, Executive Editor of  )
THE CENTER SQUARE,  )
  )
     Plaintiff,  )
  )
v.  )     Case No. 3:22-cv-00439
  )
MICHELLE LONG, in her official capacity  )     Judge Richardson
as DIRECTOR of the TENNESSEE  )
ADMINISTRATIVE OFFICE OF THE  )     Magistrate Judge Frensley
COURTS,  )
  )
     Defendant.  )

---

## NOTICE OF DEPOSITION OF ROGER PAGE

---

       Pursuant to the Federal Rules of Civil Procedure, Plaintiff, Dan McCaleb, Executive Editor of The Center Square, through counsel, gives notice that he will take the deposition of Justice Roger Page on November 30, 2023, beginning at 9:00 AM Central Time. Counsel for the parties and the witness may attend the deposition through a video conference platform such as Zoom. All participants will be sent a meeting invitation via email which will allow connection to the deposition and will provide the password/meeting ID for participation. The deposition will be taken by normal stenographic means before a court reporter duly authorized to take sworn testimony. By agreement of the parties, the witness may be sworn remotely and will be bound by that oath as if given in person. The oath to be administered to the witness is attached. The deposition will continue until completed or until otherwise agreed by counsel.

Respectfully submitted,

*/s/ M. E. Buck Dougherty III*

M. E. Buck Dougherty III, TN BPR #022474
James McQuaid, *Pro Hac Vice*
LIBERTY JUSTICE CENTER
440 N. Wells Street, Suite 200
Chicago, Illinois 60654
    312-637-2280-telephone
312-263-7702-facsimile
bdougherty@libertyjusticecenter.org
jmcquaid@libertyjusticecenter.org

*Attorneys for Plaintiff, Dan McCaleb,*
*Executive Editor of The Center Square*

2

**CERTIFICATE OF SERVICE**

I, counsel for Plaintiff, hereby certify that a true and correct copy of the foregoing

document has been served on the following counsel of record via email on this 31st day of October,

2023:

JONATHAN SKRMETTI
Office of the Attorney General & Reporter
Andrew C. Coulam, *Deputy Attorney General*
Michael M. Stahl, *Senior Assistant Attorney General*
Robert W. Wison, *Senior Assistant Attorney General*
Public Interest Division
P.O. Box 20207
Nashville, Tennessee 37202-0207
andrew.coulam@ag.tn.gov
michael.stahl@ag.tn.gov
Robert.wilson@ag.tn.gov

/s/ M.E. Buck Dougherty III

3

<u>**Remote Witness Oath**</u>

Do you solemnly swear or affirm that the testimony you are about to give in this case is the truth, the whole truth and nothing but the truth so help you God. Do you solemnly swear or affirm that you are not consulting and will not consult any outside sources or information during the deposition such as cell phone, smartphone, computer, the internet, any text or instant messaging service, e-mail, any chat room, blog, or website such as Facebook, Myspace, LinkedIn, YouTube, or Twitter to communicate with anyone or to obtain any information or consultation in conjunction with your testimony.