| | | |
|---|---|---|
| DAN McCALEB, Executive Editor of THE CENTRE SQUARE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:22-cv-00439-EJR-JSF |
| MICHELLE LONG, in her official capacity as DIRECTOR of the TENNESSEE ADMIN OFFICE OF THE COURTS, | ) ) ) ) | |
| Defendant. | ) ) | |

**NON-PARTY TENNESSEE SUPREME COURT JUSTICES'
REPLY IN SUPPORT OF
MOTION TO QUASH SUBPOENA OR FOR PROTECTIVE ORDER**

Tennessee Supreme Court Chief Justice Holly Kirby, Justice Jeffrey Bivins, Justice Roger Page, and Special Justice Sharon Lee, non-parties to this action, submit this Reply in support of their Motion to Quash Subpoena or for Protective Order.

## **ARGUMENT**

**I.      The Justices' Motion Was Timely Filed.**

Plaintiff's statement of the factual background of the dispute omitted several key facts.

- On November 3, 2023, counsel for the Justices notified Plaintiff's counsel (three days after service of the subpoenas) that the Justices intended to file a Motion to Quash the subpoenas. (Exhibit 1.)
- On November 20, 2023, counsel for the Justices sent Plaintiff's counsel an advance courtesy copy of the Motion to Quash via email and requested a meet and confer to discuss. Plaintiff's counsel advised that they were not available until the following day. (Exhibit 2.)
- On November 21, 2023, counsel discussed the objections to the subpoenas via video conference. Counsel for the Justices indicated that the Motion to Quash would be filed and that the Justices would not be attending the scheduled depositions unless they obtained an adverse ruling on the Motion.

"A motion to quash is timely if it is filed before compliance with the subpoena is required." *Olmstead v. Fentress County, Tennessee*, No. 2:16-cv-00046, 2018 WL 6198428, at \*2 (M.D. Tenn. Nov. 28, 2018). Plaintiff was on notice of the Motion to Quash 27 days prior to the first scheduled deposition. Plaintiff had an advance copy of the Motion to Quash seven days prior to the first scheduled deposition. Plaintiff seems to suggest that the Motion would have been timely in its estimation if it had been filed one day sooner. As shown in the email exchange attached at Exhibit 2, Plaintiff declined to meet on November 20 and instead asked for a November 21 meeting, inserting the one-day delay Plaintiff now seems to complain of. Furthermore, with respect to the depositions scheduled for November 28, 29, and 30, the Motion was not filed "one business day prior" as the Response asserts.

Plaintiff had ample notice of the Motion to Quash, beginning three days after service of the subpoenas. The only legal authority cited by Plaintiff in support of its position that the Motion to Quash was untimely filed is *Save On Energy Sys. v. Energy Automation Sys.*, 2009 U.S. Dist. LEXIS 82505, \*4-5 (M.D. Tenn. Sept 10, 2009). *Save On Energy* involved a plaintiff's motion to quash the defendant's notices of deposition scheduled six weeks out. *Id.* The plaintiff gave no indication that it objected to the deposition until filing the motion to quash one business day before the depositions; did not conduct a good faith conference to attempt to resolve the dispute; and did not comply with the case management order in that case. *Id.*

Because the subpoenas in this case were served upon non-parties, notice of intent to quash was given almost immediately upon service, Plaintiff was given an advance copy of the Motion to Quash one week prior to the first deposition, and the good faith conference was conducted, *Save On Energy* does not support Plaintiff's position that the Motion to Quash was untimely filed.

II.     **The Justices Have Standing to Challenge the Subpoenas on the Ground that the Burden of Discovery Outweighs Its Likely Benefits.**

2

Plaintiff insists that one or more of the Justices may have relevant information. To the extent that Plaintiff misinterprets the line of cases quashing subpoenas for deposition of non-parties who lack essential knowledge, the Justices' argument is not about relevance. Rather, the Motion to Quash is based upon undue burden and the proportionality requirement of Fed. R. Civ. P. 26(b)(1). The possibility that one of the Justices may possess background information about the Advisory Commission is far outweighed by the burden of the four subpoenaed depositions. Both Fed. R. Civ. P. 26(b)(1) and Fed. R. Civ. P. 45(d) confer standing upon the Justices as non-parties to raise the issue of undue burden imposed by a subpoena.

### III.     The "Affidavits" of the Justices are Valid under Federal Law.

An "affidavit" is required to be sworn to by the affiant in front of a notary, whereas 28 U.S.C. § 1746 allows for "unsworn declarations under penalty of perjury" to support any matter that legally requires an affidavit to support it. Section 1746 provides that an unsworn statement may be used in lieu of an affidavit so long as the oath substantially complies with the following form: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on date." *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 475 (6th Cir. 2002).

Counsel for the Justices inaccurately titled the unsworn declarations of the Justices under penalty of perjury "Affidavits." This error does not invalidate the declarations. A Missouri district court encountered this same error in titling and labelled Plaintiff's argument here "baseless:"

> The declarations of [the witnesses] are clearly dated, signed, and contain the language: "Pursuant to United States Code 28 USC Sec. 1746, I declare under penalty of perjury that the foregoing is true and correct." Although defendant mistitled these documents as affidavits, they have been properly executed as declarations, and are sworn statements the Court can properly consider in a motion for summary judgment. [] [*P]laintiffs' counsel carelessly raised a baseless argument. The Court trusts that counsel for both parties will exercise better judgment in future filings.*

3

*E. Mo. Laborers Dist. Council v. Surecut Lawncare, LLC*., No. 4:17-CV-1234 CAS at \*2 (E.D. Mo. Jun 15, 2018) (emphasis added).  Mistitling a Section 1746 declaration as an affidavit does not invalidate it. *Accord*, *Cormier v. Riverside Cnty. Dist. Att'y Office*, 5:21-cv-01654-SVW-AFM (C.D. Cal. Oct 08, 2021) (finding valid an "affidavit" signed and dated under penalty of perjury pursuant to 28 U.S.C. § 1746).

Federal law provides no required form for an unsworn declaration, other than the statement preceding the signature.  28 U.S.C. § 1746.  Therefore, Plaintiff did not, and cannot, produce any authority to support its labored analysis of the presence of the State and County names and introductory language to reach its conclusion that such formatting invalidates the declaration.

## IV. The Justices Possess No Unique Knowledge of Essential Facts that Could Outweigh the Burden of Depositions.

A deposition is improper "when the burden of discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  Plaintiff fails to address this legal standard of proportionality—much less the heightened "exceptional circumstances" standard applicable to the Justices—and instead argues that the Justices might have "relevant" knowledge.

Plaintiff identifies four[1] statements suggesting that the Justices have "relevant" knowledge (although that is the incorrect legal standard). First, Plaintiff alleges that Consiglio-Young testified that the Supreme Court closed the meetings in 2018.  (D.E. 62, p. 24.)  In fact, her deposition testimony was merely speculation: "… as far as I am aware, [Justice Kirby] took that matter back to the Supreme Court for discussion, and we at the AOC were told that the meetings would no longer be open after that." (*Id*. at 11-12.)  She could not recall whether the Justices, the AOC office, or the chair of the Advisory Commission would have told the Commission that meetings

---

[1] Plaintiff lists five statements from Consiglio-Young's deposition in support of the assertion that the Justices possess relevant knowledge.  However, the first and fifth statements are the same.

4

would be closed.  (*Id*. at 12.)  In contrast, Chief Justice Kirby unequivocally stated in her "Affidavit" that any decision to close meetings was made before she became a Justice; that she did not take part in that original decision to close meetings; and that any knowledge she possesses is also known to other Commission and AOC staff members.  (Affidavit of Holly Kirby, ℙℙ 2-5.)

Second, Plaintiff points to the fact that Chief Justice Kirby was a witness to the meeting in 2018 where an attendee became disruptive.  (D.E. 62, p. 24.)  Again, this knowledge is not unique to Chief Justice Kirby, and the incident was fully explored in Consiglio-Young's deposition.  (*Id*. at 10-11.)  Chief Justice Kirby's account of the same incident would be duplicative and cumulative, and thus cannot be grounds for compelling her testimony.  Fed. R. Civ. P. 26(b)(2)(C)(i).

Third, Plaintiff cites the fact that Justice Bivins was Chief Justice at the time of the disrupted meeting in 2018, and thus might have been involved in the decision to close meetings thereafter. (D.E. 62, p. 24.)  However, the "Affidavit of Jeffrey Bivins" directly forecloses Plaintiff's conjecture that Justice Bivins was involved in any decision to close Commission meetings: "I possess no knowledge of the decisions to designate the Advisory Commission meetings as open or closed to the public." (Affidavit of Jeffrey Bivins, ℙ 4.)

Finally, Plaintiff complains that other witnesses have not known if Advisory Commission meetings historically have been open or closed.  (D.E. 62, pp. 24-25.)  However, Plaintiff provides no mention of a reason to believe that the Justices would have this knowledge. (*Id*.) Indeed, their "Affidavits" expressly state that they do not.

Plaintiff having failed to demonstrate that the Justices possess any unique knowledge of facts essential to Plaintiff's claims, the depositions pose an undue burden under the proportionality standard of Fed. R. Civ. P. 26(b)(1) and the exceptional circumstances test.  *Goldblum v. Univ. of Cincinnati*, 62 F.4th 244, 257 (6th Cir. 2023).

**CONCLUSION**

For the foregoing reasons, the Court should quash the subpoenas pursuant to Rule 45(d)(3)(a)(iv) or enter a protective order pursuant to Rule 26(c)(1)(A).

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter


/s/      *Donna L. Green*
DONNA GREEN (BPR 19513)
     Assistant Attorney General
     Managing Attorney
CODY BRANDON (BPR 37504)
     Assistant Attorney General
     Managing Attorney
LIZ EVAN (BPR 37770)
     Assistant Attorney General
Law Enforcement and
Special Prosecutions Division
P.O. Box 20207
Nashville, TN  37202
(615) 532-6023
Donna.Green@ag.tn.gov
Cody.Brandon@ag.tn.gov
Liz.Evan@ag.tn.gov

6

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing document has been forwarded electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to the parties named below.  Parties may access this filing through the Court's electronic filing system.

M. E. Buck Dougherty III
James McQuaid
Liberty Justice Center
440 N. Wells Street, Suite 200
Chicago, IL  60654
bdoughterty@libertyjusticecenter.org
jmcquaid@libertyjusticecenter.org

Andrew C. Coulam
Michael M. Stahl
Robert W. Wilson
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN  37202
Andrew.coulam@ag.tn.gov
Michael.stahl@ag.tn.gov
Robert.wilson@ag.tn.gov

Date:  11-28-2023                                    /s/ *Donna Green*
                                                     DONNA GREEN
                                                     Assistant Attorney General

7