**IN THE UNITED STATES DISTRICT FOR**
**THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **DAN McCALEB, Executive Editor of** | ) | |
| **THE CENTER SQUARE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:22-cv-00439** |
| | ) | **Judge Richardson** |
| **MICHELLE LONG, in her official capacity** | ) | **Magistrate Judge Frensley** |
| **as DIRECTOR of the TENNESSEE** | ) | |
| **ADMINISTRATIVE OFFICE OF THE** | ) | |
| **COURTS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**RESPONSE OF DEFENDANT MICHELLE LONG IN OPPOSITION TO PLAINTIFF
DAN McCALEB'S MOTION TO CONTINUE TRIAL SET FOR MAY 7, 2024,
AND MODIFY CASE MANAGEMENT ORDER**

Pursuant to Local Rule 7.01(a)(3), Defendant Michelle Long files this response in opposition to Plaintiff Dan McCaleb's "Motion to Continue Trial Set for May 7, 2024, and Modify Case Management Order" (D.E. 63). Following the filing of the non-party Tennessee Supreme Court Justices' Motion to Quash Subpoena or for Protective Order (D.E. 60), Plaintiff raced to file his motion to modify the remaining deadlines in this matter. But Plaintiff's motion stumbles out of the starting blocks. For one, Plaintiff failed to consult with Defendant prior to filing his motion as required by the Local Rules. And two, Plaintiff's motion is unripe for review because it is based on a contingent and speculative event: the denial of the Tennessee Supreme Court Justices' motion. For these reasons, this Court should deny Plaintiff's motion.

**ARGUMENT**

**Good Grounds Exist to Deny Plaintiff's Unripe Motion.**

*First*, Plaintiff's counsel failed to consult with Defendant's counsel prior to filing the motion. The Local Rules provide that counsel for the moving party must consult with all other counsel before requesting relief from the Court:

> In cases in which all parties are represented by counsel, all motions, except motions under Rule 12, 56, 59, or 60, but including discovery motions, must state that counsel for the moving party has conferred with all other counsel, and whether or not the relief requested in the motion is opposed. In those instances where counsel for the moving party is unable to confer with all other counsel, the motion must describe all attempts made to confer with counsel and the results of such attempts.

L.R. 7.01(a)(1). A moving party's failure to comply with the consultation requirement constitutes good grounds for denying the motion. *See Massiah v. Tenn. State Univ.*, No. 3:21-cv-00066, 2022 WL 2911804, at *1 (M.D. Tenn. July 22, 2022); *Vasser v. Mapco Express, LLC*, No. 3:20-cv-00665, 2021 WL 5154211, at *1 (M.D. Tenn. Aug. 19, 2021); *see also Johnson v. Hensley*, 62 F. App'x 85, 86-87 (6th Cir. 2003) (affirming the denial of a motion that did not include "a certificate of consultation as required by Local Rule").

Here, this Court should deny Plaintiff's motion for failure to comply with Local Rule 7.01(a)(1). Nothing in Plaintiff's motion indicates that he "conferred with" or was "unable to confer with" Defendant's counsel prior to filing the motion. L.R. 7.01(a)(1). Plaintiff attempts to skirt this requirement by referring to an email he sent to the Court requesting modification of the Case Management Order. (D.E. 63 at 1743; D.E. 63-1 at 1746-47.) But that email was directed to the Court—Defendant's counsel was merely copied so as to avoid *ex parte* communication—and notably Plaintiff never asked Defendant's counsel about Defendant's position on changing the scheduling order and continuing trial. (D.E. 63-1 at 1746-47.) "I have not had an opportunity to confer with opposing counsel prior to sending this email and do not know their position. To the

2

extent we are unable to discuss with the Court and opposing counsel today, we intend to file a motion later today requesting a continuance of these deadlines per this email." (D.E. 63-1 at 1747.) Plaintiff's counsel did not attempt to contact Defendant's counsel after sending that email and before filing the motion. None of the undersigned received a phone call, email, or even fax asking Defendant's position on the continuance and change of the scheduling order. Instead, the undersigned received a notice from ECF that the motion had been filed.

And Plaintiff offers no explanation as to why he was unable to confer with Defendant's counsel prior to filing his motion. Nor can he: the communication need not have been extensive and, *at most*, would have delayed the filing of the motion to Tuesday rather than Monday. There is no reasonable basis to explain why Plaintiff failed to comply with the Local Rules. Again, Local Rule 7.01(a)(1) required Plaintiff to consult with Defendant's counsel, or describe his attempts to consult, "before asking the Court for relief." *Vasser*, 2021 WL 5154211, at *1. Plaintiff's failure to do so here constitutes good grounds to deny his motion. *See Johnson*, 62 F. App'x at 86-87; *Massiah*, 2022 WL 2911804, at *1.

*Second*, even had Plaintiff complied with the Local Rules, his motion is premature and is not ripe for review. A motion is unripe for judicial resolution if it is "dependent on contingent future events that may not occur as anticipated, or indeed may not occur at all." *Trump v. New York*, 141 S. Ct. 530, 535 (2020) (internal quotation marks omitted); *see also United States v. Coppler*, No. 1:14-CR-00023-GNS, 2017 WL 194280, at *2 (W.D. Ky. Jan. 17, 2017) (denying a motion to amend an order of forfeiture as unripe).

Plaintiff's motion depends on just that. He seeks modification of both the trial date and the Case Management Order because of the Tennessee Supreme Court Justices' motion to quash. (D.E. 63 at 1741-42.) But Plaintiff's request for relief is based on the speculative notion that this

Court will deny the motion to quash. That notion, however, is "no more than conjecture at this time." *Trump*, 141 S. Ct. at 535 (internal quotation marks omitted). In support of their motion, the Tennessee Supreme Court Justices' argue, *inter alia*, that federal courts have applied "heightened scrutiny" to requests to depose judges regarding the performance of their official duties (D.E. 61 at 1223 (internal quotation marks omitted)), and that the depositions would unduly burden them because they lack any information that would be discoverable in a deposition (*id.* at 1224-25, 1231-32). And should this Court grant the Tennessee Supreme Court Justices' motion, the parties would have no need to modify either the trial date or the remaining deadlines at this time. Since Plaintiff's motion is based on "contingencies and speculation that impede judicial review," *Trump*, 141 S. Ct. at 535, this Court should deny it as premature and unripe. *See Coppler*, 2017 WL 194280, at \*2.

**CONCLUSION**

For these reasons, this Court should deny Plaintiff's motion.

4

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

s/ Andrew C. Coulam
ANDREW C. COULAM, B.P.R. No. 30731
Deputy Attorney General

s/ Michael M. Stahl
MICHAEL M. STAHL, B.P.R. No. 032381
Senior Assistant Attorney General

s/ Robert W. Wilson
ROBERT W. WILSON, B.P.R. No. 34492
Senior Assistant Attorney General

Public Interest Division
P.O. Box 20207
Nashville, Tennessee 37202
615-741-1868
andrew.coulam@ag.tn.gov
michael.stahl@ag.tn.gov
robert.wilson@ag.tn.gov

*Counsel for Defendant Michelle Long*
*in her official capacity as Director of the*
*Tennessee Administrative Office of the Courts*

## CERTIFICATE OF SERVICE

I, counsel for Defendant, hereby certify that on the 29th day of November, 2023, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

s/ Robert W. Wilson
ROBERT W. WILSON
Senior Assistant Attorney General

5