# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| DAN McCALEB, Executive Editor of THE CENTER SQUARE, <br><br>     Plaintiff, <br><br> v. <br><br> MICHELLE LONG, in her official capacity as DIRECTOR of TENNESSEE ADMINISTRATIVE OFFICE OF THE COURTS, <br><br>     Defendant. | No. 3:22-cv-00439 <br><br> Judge Richardson <br><br> Magistrate Judge Frensley |

## PLAINTIFF McCALEB'S REPLY TO DEFENDANT LONG'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE TRIAL SET FOR MAY 7, 2024, AND MODIFY CASE MANAGEMENT ORDER

Respectfully submitted,

M. E. Buck Dougherty III, TN BPR #022474
James McQuaid, *Pro Hac Vice*
LIBERTY JUSTICE CENTER
440 N. Wells Street, Suite 200
Chicago, Illinois 60654
312-637-2280-telephone
312-263-7702-facsimile
bdougherty@libertyjusticecenter.org
jmcquaid@libertyjusticecenter.org

*Attorneys for Plaintiff, Dan McCaleb,*
*Executive Editor of The Center Square*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................iii

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................... 1

Plaintiff McCaleb has established "good cause" under Rule 16(b)(4) to continue the May 7, 2024, trial date and modify the current case management order......... 1

    A.  Defendant Long does not dispute McCaleb's diligence in moving for a continuance, nor does she argue that she would be prejudiced by continuing the trial date......................................................................... 2

    B.  Her two novel arguments are unavailing and must fail .............................. 5

CONCLUSION................................................................................................................. 5

# TABLE OF AUTHORITIES

**Cases**

*Bradford v. DANA Corp.*,
249 F.3d 807 (8th Cir. 2001) ....................................................................................... 2

*Franchi v. Smiledirectclub, Inc.*, 2020
U.S. Dist. LEXIS 236608 (M.D. Tenn. Jan. 27, 2020) ............................................. 5

*Inge v. Rock Fin. Corp.*,
281 F.3d 613 (6th Cir. 2003) .................................................................................. 2, 4

*Johnson v. Mammoth Recreations, Inc.*,
975 F.2d 604 (9th Cir. 1992) ....................................................................................... 2

*Parker v. Columbia Pictures Indus.*,
204 F.3d 326 (2d Cir. 2000)......................................................................................... 2

**Rules**

Fed. R. Civ. P. 16................................................................................................... 1, 2

LR 7.01 .......................................................................................................................... 5

**Other Authorities**

*IN RE: 2023 Holiday Schedule,*
Administrative Order No. 102 (M.D. Tenn. Oct. 17, 2023) ...................................... 3

WILLIAM SHAKESPEARE, HAMLET act 3, sc. 2, I. 224 .......................................... 5

# INTRODUCTION

In further support of his Motion to Continue Trial, currently scheduled to begin in five months on May 7, 2024 (ECF No. 63), Plaintiff Dan McCaleb, Executive Editor of The Center Square, files this Reply to Defendant Michelle Long's opposition response (ECF No. 65).

In her response opposing Plaintiff's Motion to Continue Trial, Defendant Long, Director of Tennessee's Administrative Office of the Courts ("AOC"), (1) does not dispute McCaleb's diligence in moving for a continuance, nor does she argue that she would be prejudiced by continuing the trial date; and (2) her two novel arguments are unavailing and must fail.

Accordingly, the Court should grant McCaleb's Motion to Continue Trial because he has established good cause for a continuance pursuant to Fed. R. Civ. P. 16(b)(4).

# ARGUMENT

**Plaintiff McCaleb has established "good cause" under Rule 16(b)(4) to continue the May 7, 2024, trial date and modify the current case management order.**

Plaintiff McCaleb has established "good cause" under Rule 16(b)(4) to continue the trial date that is set for May 7, 2024, and modify the current case management order. *First*, McCaleb has been diligent in moving for a continuance and attempting to meet the case management order's requirements and deadlines, which Long does not dispute. Nor does she argue that she would be prejudiced by continuing the trial date. *Second*, Defendant Long's two novel arguments are unavailing and must fail.

1

**A. Defendant Long does not dispute McCaleb's diligence in moving for a continuance, nor does she argue that she would be prejudiced by continuing the trial date.**

Although Defendant Long generally opposes Plaintiff's Motion to Continue Trial, she does so on other grounds further discussed below in section B and does not dispute McCaleb's diligence in moving this Court for a continuance. Nor does Defendant Long argue that she would be prejudiced by continuing the trial date.

"A [Court's] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2003) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (joining Eighth, Ninth, and Eleventh Circuits in construing "good cause" as depending on the movant's diligence). "Another relevant consideration [in measuring the good cause standard] is possible prejudice to the party opposing the modification." *Inge*, 281 F.3d at 625 (cleaned up).

*Long Does Not Dispute McCaleb's Diligence*

Here, in his Motion to Continue Trial "pursuant to Fed. R. Civ. P. 16(b)(4)," McCaleb argued that a continuance was warranted because of a last-minute motion to quash subpoenas filed on Thanksgiving Eve by non-party Tennessee Supreme Court Chief Justice Holly Kirby, Justice Jeffrey Bivins, Justice Roger Page, and

2

Special Justice Sharon Lee (collectively the "Justices"). ECF No. 63 at PageID#1741; *see also* ECF No. 60, Motion to Quash.[1] Specifically, McCaleb argued that good cause exists to continue the trial date of May 7, 2024, because the Justices' Motion to Quash and failure to appear at their scheduled depositions on November 27-30, "has negatively impacted the discovery deadline, dispositive motion deadline, and thus the trial date." ECF No. 63 at PageID#1742-43.

In further support of his Motion to Continue Trial, McCaleb attached two exhibits. The first exhibit was email correspondence from McCaleb's counsel to Magistrate Judge Frensley's chambers, copying Defendant Long's counsel, to request a conference with the Court as a result of the Justices' failure to appear at their scheduled depositions. ECF No. 63-1, **Exhibit 1**. Magistrate Judge Frensley's Courtroom Deputy, Surabhi Morrissey, responded and said, "The judge isn't available today. Please file a motion. If you all think this will impact the dispositive motion and thus the trial, please move to continue the trial." ECF No. 63-1 at PageID#1746. The second exhibit was this Court's holiday schedule. ECF No. 63-2, **Exhibit 2**, *IN RE: 2023 Holiday Schedule*, Administrative Order No. 102 (M.D. Tenn. Oct. 17, 2023). McCaleb argued he was "diligently" submitting his Motion to Continue Trial to comply with the Court's schedule. ECF No. 63 at PageID#1743.

---

[1] In addition to filing his Motion to Continue Trial on November 27, 2023, that is before the Court, McCaleb also filed on the same day a Response opposing the Justices' Motion to Quash. ECF No. 62. The Justices filed their Reply the following day and briefing has closed. ECF No. 64. Since filing his Motion to Continue Trial, Plaintiff McCaleb filed on November 30, 2023, a Motion to Compel Compliance With Subpoena (ECF No. 67) and supporting Memorandum of Law (ECF No. 68).

3

In her Response opposing McCaleb's Motion to Continue Trial, Defendant Long does not dispute McCaleb's diligence in moving for a continuance. She does not argue that McCaleb was dilatory or tarried. Instead, Defendant Long views McCaleb's diligence as a vice rather than a virtue. In other words, she argues that McCaleb is *too diligent and prompt*. Indeed, Defendant Long said, "Plaintiff raced to file his motion to modify the remaining deadlines in this matter. But Plaintiff's motion stumbles out of the starting blocks." ECF No. 65 at PageID#1765. But the Sixth Circuit — like most Circuits as it noted — has held that "the moving party's diligence in attempting to meet the case management order's requirements" is the primary measure of Rule 16's good cause standard. *Inge*, 281 F.3d at 625. Thus, Long's argument that McCaleb is excessively diligent does not show the *absence* of good cause. Rather, it shows the *presence* of good cause warranting a continuance.

### *Long Does Not Argue She Would Be Prejudiced*

As the Sixth Circuit further held in *Inge*, a secondary consideration in measuring the good cause standard when evaluating a request to modify a case management order "is possible prejudice to the party opposing the modification." *Id.*

Long does not contend that she would be prejudiced by continuing the trial date. *See* ECF No. 65. Continuing trial to resolve the pending dispute with the Justices' depositions would *benefit* Long. One of her theories is "there is no historically recognized right of access to the Tennessee Advisory Commission on the Rules of Practice & Procedure." ECF No. 50 at PageID#1147, ¶B. Therefore, a continuance — and the Justices' deposition testimony — could perhaps assist with her defense.

4

## B. Her two novel arguments are unavailing and must fail.

Her two novel arguments are unavailing and must fail. The cited cases and arguments do not involve the application of Rule 16's good cause standard. Defendant Long "doth protest too much."[2]

First, she claims McCaleb did not comply with LR 7.01(a)(1) and could have delayed filing. ECF No. 65 at PageID#1767. But McCaleb did comply and said he did "not know whether Defendant Long and her counsel object to this request for a continuance of the trial." ECF No. 63 at PageID#1743. He had to file when he did, 7 days before the first impacted deadline (11/30/23 discovery close). *See* ECF No. 50 at PageID#1151, ¶M; *see also* ECF No. 63-2, **Exhibit 2**. He followed Court instructions to move "to continue the trial." ECF No. 63-1 at PageID#1746. And this Court has "waive[d] the requirement to comply with LR 7.01(a)." *Franchi v. Smiledirectclub, Inc.*, 2020 U.S. Dist. LEXIS 236608, *12 (M.D. Tenn. Jan. 27, 2020) (Frensley, J.).

Second, Long's "ripeness" argument is misplaced because this Court has already determined it has subject matter jurisdiction over the parties and this case, which includes a Motion to Continue Trial. *See* ECF No. 39, Memorandum Opinion.

## CONCLUSION

For these reasons, the Court should grant McCaleb's Motion to Continue Trial and modify the approaching dispositive motion deadline (December 15) pending resolution of the dispute and cross motions involving the Justices' depositions.

---

[2] WILLIAM SHAKESPEARE, HAMLET act 3, sc. 2, I. 224.

December 6, 2023        Respectfully submitted,

*/s/ M. E. Buck Dougherty III*
M. E. Buck Dougherty III, TN BPR #022474
James McQuaid, *Pro Hac Vice*
LIBERTY JUSTICE CENTER
440 N. Wells Street, Suite 200
Chicago, Illinois 60654
312-637-2280-telephone
312-263-7702-facsimile
bdougherty@libertyjusticecenter.org
jmcquaid@libertyjusticecenter.org

*Attorneys for Plaintiff, Dan McCaleb,*
*Executive Editor of The Center Square*

6

# CERTIFICATE OF SERVICE

I, counsel for Plaintiff, hereby certify that a true and correct copy of the foregoing document has been served on the following counsel of record, via the Court's ECF system by email on this 6th day of December 2023:

JONATHAN SKRMETTI

Office of the Attorney General & Reporter
Public Interest Division
P.O. Box 20207
Nashville, Tennessee 37202-0207

Andrew C. Coulam
Michael M. Stahl
Robert W. Wison
andrew.coulam@ag.tn.gov
michael.stahl@ag.tn.gov
robert.wilson@ag.tn.gov

*Attorneys for Defendant*
*AOC Director Michelle Long*

Donna Green
Cody Brandon
Liz Evan
donna.green@ag.tn.gov
cody.brandon@ag.tn.gov
liz.evan@ag.tn.gov

*Attorneys for Non-Party*
*Tennessee Supreme Court Justices*

/s/ M.E. Buck Dougherty III

7