IN THE UNITED STATES DISTRICT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DAN McCALEB, Executive Editor of THE CENTRE SQUARE, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 3:22-cv-00439-EJR-JSF |
| MICHELLE LONG, in her official capacity as DIRECTOR of the TENNESSEE ADMIN OFFICE OF THE COURTS, | ) ) ) ) | |
| Defendant. | ) ) | |

**NON-PARTY TENNESSEE SUPREME COURT JUSTICES'
RESPONSE TO PLAINTIFF'S MOTION TO COMPEL
COMPLIANCE WITH SUBPOENA**

Tennessee Supreme Court Chief Justice Holly Kirby, Justice Jeffrey Bivins, Justice Roger Page, and Special Justice Sharon Lee, non-parties to this action, submit this Response to the Motion to Compel Tennessee Supreme Court Justices' Compliance with Subpoena filed by Plaintiff.

## BACKGROUND

Plaintiff, the executive editor of an online news organization, "The Center Square," filed suit seeking to enforce his alleged First Amendment right of access to meetings of (1) the Tennessee Advisory Commission on the Rules of Practice and Procedure; and (2) any Tennessee Judicial Conference committees recommending establishment of court rules. (D.E. No. 19.)

In pursuit of these claims, Plaintiff has subpoenaed four non-party Tennessee Supreme Court Justices to testify at depositions: Chief Justice Kirby, Justice Bivins, Justice Page, and

Special Justice Lee ("the Justices").  On November 22, 2023, the Justices filed a Motion to Quash Subpoenas or for Protective Order.  (D.E. No. 60).  Plaintiff filed a Response in Opposition on November 27, 2023 (D.E. No. 62), and the Justices filed a Reply on November 28, 2023 (D.E. No. 64). Two days after the Motion to Quash Subpoenas or for Protective Order was thus fully briefed, but before the Court had an opportunity to rule on the Motion, Plaintiff filed the instant Motion to Compel the Justices' Compliance with Subpoenas on November 30, 2023 (D.E. No. 67).  Plaintiff now seeks an Order compelling the Justices to testify at deposition while the Motion to Quash or for Protective Order is pending.

Rather than burden the Court with duplication of the argument presented in the Motion to Quash Subpoenas or for Protective Order, the Justices refer the Court to their Memorandum of Law in Support of that Motion (D.E. No. 61) and subsequent Reply (D.E. No. 64) and incorporate those arguments here by reference.  In addition, the Justices respond to the limited number of authorities cited in Plaintiff's instant Motion.

## **ARGUMENT**

**I.     The Justices Must Await this Court's Ruling on the Motion to Quash or for Protective Order Before Proceeding to Deposition.**

Plaintiff cites a series of cases for the proposition that "the filing of a motion to quash does not automatically stay a deposition." (D.E. No. 68 at p. 18).  However, every case cited by Plaintiff is based upon a Rule 30 notice of deposition to a *party litigant* rather than a Rule 45 subpoena to a *non-party*.  *Stephen L. Lafrance Holdings, Inc. v. Sorensen*, 278 F.R.D. 429, 436 (W.D. Ark Dec. 13, 2011) (Rule 30 notice of deposition to plaintiff corporation's president); *Batt v. Kimberly-Clark Corp.*, 438 F.Supp.2d 1315, 1317-18 (N.D. Okla. Jul. 14, 2006) (Rule 30 notice of deposition to employee of defendant corporation); *Barnes v. Madison*, 79 Fed.Appx. 691, 707 (5th Cir. 2003) (Rule 30 notice of deposition to plaintiff); *Sutherland v. Mesa Air Group, Inc.*, 2003 WL

2

21402549, at \*5 and n.10 (S.D. Fla. Jun. 6, 2002) (Rule 30(b)(6) notice of deposition to defendant and no motion to quash was filed); *Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979) (Rule 30 notice of deposition to plaintiff); *Goodwin v. City of Boston*, 118 F.R.D. 297, 298 (D. Mass. Feb. 4, 1988) (Rule 30 notice of deposition to employee of defendant city).

Federal Rule of Civil Procedure 45 governs subpoenas to non-parties, such as the Justices in this case. Non-parties enjoy greater protections under Rule 45 than parties enjoy under Rule 30. Even a *party* who fails to appear for a properly noticed deposition is insulated from sanctions if the party has a pending motion for protective order.  Fed. R. Civ. P. 37(d)(2) ("A failure [of a party to appear for its deposition] is not excused on the ground that the discovery sought was objectionable, *unless the party failing to act has a pending motion for a protective order under Rule 26(c)*") (emphasis added).

Rule 45 requires the party issuing a subpoena to avoid imposing an undue burden on a non-party and further requires the court to enforce this duty.  Fed. R. Civ. P. 45(d)(1).   Specifically, the court must quash or modify a subpoena that: "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i) – (iv).

By taking the position that a non-party must comply with a subpoena that violates these requirements where a pending motion to quash has not yet been ruled upon leads to nonsensical results.  Under that reading of the Rule, (i) a non-party must appear for a deposition when the subpoena was served the same day because the court had not yet ruled that the subpoena gave unreasonable notice; (ii) a Hawaii resident must fly to Tennessee for deposition because the court had not yet ruled that the subpoena was beyond permissible geographical limits; (iii) a non-party

3

must disclose conversations with counsel because a court had not yet ruled that such information is privileged; and (iv) four non-party Tennessee Supreme Court Justices must endure the undue burden of a deposition because this Court has not yet ruled that the depositions are unduly burdensome.

In each example, it is impossible for the Court to protect non-parties from the precise harms set forth in Rule 45 if they are required to comply with the objectionable subpoena before the Court has ruled upon a motion to quash. Plaintiff's position is particularly nonsensical given that "a motion to quash is timely filed if it is filed before compliance with the subpoena is required." *Olmstead v. Fentress County, Tennessee*, No. 2:16-cv-00046, 2018 WL 6198428, at *2 (M.D. Tenn. Nov. 28, 2018). The protections afforded by Rule 45 would be meaningless if a non-party was forced to comply with the subpoena, only to obtain a later ruling that it was not required to comply. Such a reading would render every pending motion to quash and motion for protective order automatically moot on the scheduled deposition date. The Justices ask the Court to reject such a reading of the Federal Rules of Civil Procedure.

## II. The Justices Have No Standing to File a Motion to Stay Discovery in the Underlying Case.

Plaintiff further insists that the Justices should have filed a motion to stay discovery in the underlying case pending resolution of their Motion to Quash Subpoena or for Protective Order. (D.E. No. 68, p. 21). The Justices have not intervened in the underlying action (Fed. R. Civ. P. 24), nor have they been joined as parties (Fed. R. Civ. P. 19 and 20). They are simply non-parties who have been served with subpoenas for deposition. As such, they lack standing to move this Court to stay discovery between the parties, to extend discovery deadlines set by this Court, or to take any action other than the one requested, quashing the subpoenas.

4

The sole case relied upon by Plaintiff to suggest that the Justices should have moved to stay discovery is inapposite. In *Raymond James & Assoc. v. 50 N. Front St. TN, LLC*, the plaintiff subpoenaed the defendant's attorney seeking certain documents. *Raymond James & Assoc. v. 50 N. Front St. TN, LLC*, 2023 U.S. Dist. LEXIS 99271 (W.D. Tenn. Jun. 6, 2023). The *defendant* filed a motion to quash the subpoena and a motion to stay discovery, asserting the attorney-client privilege. *Id.* at *4. This case does not create precedent for a non-party to move a court for an order staying discovery between the parties. The Justices take no position on whether discovery should be stayed; they should simply be left out of that determination.

**CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's Motion to Compel the Justices to comply with the subpoena for deposition before the Court has ruled upon the Motion to Quash Subpoena or for Protective Order.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter


/s/      *Donna L. Green*
DONNA GREEN (BPR 19513)
        Assistant Attorney General
        Managing Attorney
CODY BRANDON (BPR 37504)
        Assistant Attorney General
        Managing Attorney
LIZ EVAN (BPR 37770)
        Assistant Attorney General
Law Enforcement and
Special Prosecutions Division
P.O. Box 20207
Nashville, TN  37202
(615) 532-6023

5

Donna.Green@ag.tn.gov
Cody.Brandon@ag.tn.gov
Liz.Evan@ag.tn.gov

6

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing document has been forwarded electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to the parties named below. Parties may access this filing through the Court's electronic filing system.

M. E. Buck Dougherty III
James McQuaid
Liberty Justice Center
440 N. Wells Street, Suite 200
Chicago, IL 60654
bdoughterty@libertyjusticecenter.org
jmcquaid@libertyjusticecenter.org

Andrew C. Coulam
Michael M. Stahl
Robert W. Wilson
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
Andrew.coulam@ag.tn.gov
Michael.stahl@ag.tn.gov
Robert.wilson@ag.tn.gov

Date: 12-11-2023 /s/ *Donna Green*
DONNA GREEN
Assistant Attorney General

7