# Exhibit

# 5

# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DAN McCALEB, Executive Editor of THE CENTER SQUARE, <br><br> Plaintiff, <br><br> v. <br><br> MICHELLE LONG, in her official capacity as DIRECTOR of TENNESSEE ADMINISTRATIVE OFFICE OF THE COURTS, <br><br> Defendant. | No. 3:22-cv-00439 <br><br><br> Judge Richardson <br><br> Magistrate Judge Frensley |

## [PROPOSED] PERMANENT INJUNCTION

Plaintiff Dan McCaleb, Executive Editor of The Center Square, having filed a First Amended Complaint for Declaratory and Injunctive Relief (ECF No. 19) against Defendant Michelle Long, in her official capacity as Director of the Tennessee Administrative Office of the Courts ("AOC"), and this Court having granted Plaintiff's Motion for Summary Judgment, entered Final Judgment, and issued this Permanent Injunction;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. This Court has jurisdiction over the subject matter and all parties to this action.

2. Plaintiff's First Amended Complaint seeks a constitutional right of access under the First Amendment to State court rulemaking meetings of the Tennessee Advisory Commission on the Rules of Practice and Procedure ("Advisory

1

Commission"), created by the enabling statute, Tenn. Code Ann. § 16-3-601(a).

3. Specifically, Plaintiff seeks a permanent injunction ordering Defendant Long and the AOC to provide him with access to Advisory Commission meetings so he can assign reporters to report on meetings.

4. In support of his First Amendment right of public access claim to Advisory Commission meetings, Plaintiff relies upon the "experience and logic" test in favor of open access. *Detroit Free Press v. Ashcroft*, 303 F.3d 681, 683 (6th Cir. 2002).

5. The "experience and logic" test was first articulated by the United States Supreme Court in *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980), later adopted in the majority opinion in *Globe Newspaper Co. v. Superior Ct. for Norfolk Cty.*, 457 U.S. 596, 603-06 (1982), and reaffirmed in *Press–Enterprise Co. v. Superior Court*, 464 U.S. 501, 104 (1984) (*Press–Enterprise I*) and *Press–Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986) (*Press–Enterprise II*).

6. To further support his claim for open meetings under the "experience and logic" test, Plaintiff identifies the Tennessee Advisory Commission's federal analogue, i.e., the Judicial Conference's Committee on Rules of Practice and Procedure (also called the "Standing Committee"). These Standing Committee meetings on proposed federal court rules and procedures have been open to the public and press for at least 35 years. *See* 28 U.S.C. § 2073(c)(1).

7. Under State law, the Tennessee Supreme Court appoints members to its Advisory Commission, whose duty is to make recommendations on proposed rules of practice and procedure in Tennessee courts. *See* Tenn. Code Ann. § 16-3-601(a).

2

8. Advisory Commission members appointed by the Tennessee Supreme Court are comprised of members of the Bench — State court judges — and Bar — attorneys employed in private practice, by State government, or law school faculty.

9. The Advisory Commission's meeting cadence is typically quarterly.

10. The Advisory Commission has authority to employ legal and clerical assistance, subject to Defendant Long's approval as AOC Director, to efficiently discharge its rulemaking duties. *See* Tenn. Code Ann. § 16- 3-601(d).

11. The AOC provides administrative support to the Advisory Commission.

12. This administrative support by the AOC includes posting public meeting notices on its website of past Advisory Commission meetings that were open to the public and providing public access to such meetings at the AOC in Nashville.

13. AOC employee Michelle Consiglio-Young is currently providing administrative support to the Advisory Commission and attends its meetings as AOC liaison and Staff Contact.

14. On March 22, 2023, this Court concluded that Plaintiff was likely to succeed on the merits of his First Amendment claim and issued a Memorandum Opinion partially granting Plaintiff's request for a preliminary injunction and ordering the AOC under Director Long's direction to open Advisory Commission meetings to the public either by livestreaming or by allowing in-person attendance. *See* ECF No. 39, PageID ##1100-01.

15. The Court enters this Permanent Injunction to supplant the preliminary injunction previously issued by the Court on March 22, 2023.

16.   Under the *Richmond Newspapers'* "experience and logic" test, this Court declares that the First Amendment right of access attaches to meetings of the Advisory Commission, created by Tenn. Code Ann. § 16-3-601(a).

17.   Therefore, any and all Advisory Commission meetings shall be open to the public and press by livestreaming.

18.   The AOC under Director Long's direction, as well as under the direction of any subsequent AOC Directors, shall provide public livestreaming access to any and all Advisory Commission meetings.

19.   The AOC under Director Long's direction, as well as under the direction of any subsequent AOC Directors, shall post on its website a public meeting notice at least 30 days in advance of any and all Advisory Commission meetings.

20.   The public meeting notice shall provide the date and time of the upcoming Advisory Commission meeting, as well as livestreaming credentials.

21.   The public meeting notice shall further provide the name, email address, and telephone number of an assigned AOC employee for the public to contact if there are questions regarding the upcoming Advisory Commission meeting.

22.   Under the standard articulated in *Globe Newspaper*, any action by the AOC that curtails the public's First Amendment right of access to meetings shall be supported by a showing "that denial is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." *See* 457 U.S. at 606-07.

23.   Moreover, "the [AOC's compelling] interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure

4

order was properly entered." *See Press-Enter. II*, 478 U.S. at 10.

24. Any such closure order by the AOC of a meeting in whole or in part is subject to challenge by Plaintiff McCaleb or a member of the public.

25. Within seven (7) days of entry by the Court, Defendant Long shall post a file-stamped copy of this Permanent Injunction on the AOC website, and it shall remain publicly posted in perpetuity.

26. Within seven (7) days of entry by the Court, Defendant Long shall send file-stamped copies of this Permanent Injunction via certified mail as follows:

> Advisory Commission on the Rules of Practice and Procedure
> Attn.: Gino Bulso, Chair
> 155 Franklin Road, Suite 400
> Brentwood, Tennessee 37027
>
> Tennessee Supreme Court
> Attn.: Chief Justice Holly M. Kirby
> 401 7th Ave N
> Nashville, TN 37219

27. Any and all notices directed to Plaintiff McCaleb regarding this Permanent Injunction shall be sent as follows:

> M. E. Buck Dougherty III
> James McQuaid
> LIBERTY JUSTICE CENTER
> 440 N. Wells Street, Suite 200
> Chicago, Illinois 60654
> bdougherty@libertyjusticecenter.org
> jmcquaid@libertyjusticecenter.org

28. Any and all notices directed to Defendant Long regarding this Permanent Injunction shall be sent as follows:

5

Andrew C. Coulam
Michael M. Stahl
Robert W. Wilson
OFFICE OF TENNESSEE
ATTORNEY GENERAL
P.O. Box 20207
Nashville, Tennessee 37202
andrew.coulam@ag.tn.gov
michael.stahl@ag.tn.gov
robert.wilson@ag.tn.gov

29. This Court retains jurisdiction over this action and the parties for the purpose of enforcing this Permanent Injunction and for granting such additional relief as may be necessary or appropriate.

It is so **ORDERED**, this \_\_\_\_ day of _____.

_____
United States District Court Judge

ENTRY CONSENTED TO:

*/s/ M. E. Buck Dougherty III*
M. E. Buck Dougherty III, TN BPR #022474
James McQuaid, Admitted *pro hac vice*
LIBERTY JUSTICE CENTER
440 N. Wells Street, Suite 200
Chicago, Illinois 60654
312-637-2280-telephone
312-263-7702-facsimile
bdougherty@libertyjusticecenter.org
jmcquaid@libertyjusticecenter.org

Attorneys for Plaintiff, Dan McCaleb,
Executive Editor of The Center Square

6

# CERTIFICATE OF SERVICE

I, counsel for Plaintiff Dan McCaleb, hereby certify that a true and correct copy of the foregoing document has been served on the following counsel of record, via the Court's ECF system by email on this 15th day of December 2023:

JONATHAN SKRMETTI

Office of the Attorney General & Reporter
Public Interest Division
P.O. Box 20207
Nashville, Tennessee 37202-0207

Andrew C. Coulam
Michael M. Stahl
Robert W. Wison
andrew.coulam@ag.tn.gov
michael.stahl@ag.tn.gov
robert.wilson@ag.tn.gov

*Attorneys for Defendant*
*AOC Director Michelle Long*

Donna Green
Cody Brandon
Liz Evan
donna.green@ag.tn.gov
cody.brandon@ag.tn.gov
liz.evan@ag.tn.gov

*Attorneys for Non-Party*
*Tennessee Supreme Court Justices*

/s/ M.E. Buck Dougherty III

7