IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DAN McCALEB, Executive Editor of THE CENTER SQUARE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:22-cv-00439 |
| MICHELLE LONG, in her official capacity as DIRECTOR of the TENNESSEE ADMINISTRATIVE OFFICE OF THE COURTS, | ) ) ) ) ) | Judge Richardson<br><br>Magistrate Judge Frensley |
| Defendant. | ) ) | |

**PLAINTIFF'S REPLY TO NON-PARTY TENNESSEE SUPREME COURT JUSTICES' RESPONSE TO MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

Respectfully submitted,

M. E. Buck Dougherty III, TN BPR #022474
James McQuaid, *Pro Hac Vice*
LIBERTY JUSTICE CENTER
440 N. Wells Street, Suite 200
Chicago, Illinois 60654
312-637-2280-telephone
312-263-7702-facsimile
bdougherty@libertyjusticecenter.org
jmcquaid@libertyjusticecenter.org

*Attorneys for Plaintiff, Dan McCaleb,
Executive Editor of The Center Square*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ iii

INTRODUCTION ............................................................................................... 1

ARGUMENT ....................................................................................................... 2

    I. Plaintiff McCaleb was required to file his Motion to Compel when he did on November 30 because that day was the close of discovery under the Case Management Order .............................................................. 2

    II. The Justices' act of filing a Motion to Quash the Subpoena was not an "adequate excuse" under Rule 45 for their failure to appear at their scheduled depositions to give testimony ........................................... 3

CONCLUSION .................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Bankers Ins. Co. v. Egenberg*,
 2020 U.S. Dist. LEXIS 140129 (E.D. La. Aug. 6, 2020) ............................................. 4

*Ginett v. Federal Express Corp.*,
 1998 WL 777998 (6th Cir. Oct. 21, 1998) .......................................................... 2, 3

*McGhee v. Buffaloe & Assocs.,
PLC*, 2013 U.S. Dist. LEXIS 191172 (E.D. Tenn. Dec. 20, 2013) ............................ 2

*Stephen L. Lafrance Holdings, Inc. v. Sorensen*,
 278 F.R.D. 429 (E.D. Ark. Dec. 13, 2011) ......................................................... 4, 5

**Rules**

Fed. R. Civ. P. 45 ................................................................................................. 4, 5

**Other Authorities**

*Obey*, AMERICAN HERITAGE DICTIONARY (4th ed., 2000) ............................................... 5

# INTRODUCTION

Plaintiff Dan McCaleb, Executive Editor of The Center Square, files this Reply to the Non-Party Justices' Response (ECF No. 70) opposing his Motion to Compel Compliance with Subpoena (ECF No. 67).

The Justices' sparse five-page Response to McCaleb's Motion to Compel offers very little in terms of substantive legal arguments. Rather, their Response raises generalized and vague policy considerations. The Justices still have no answers as to why they disobeyed a federal Subpoena and failed to appear at their remote depositions via Zoom that were scheduled for November 27, 28, 29, and 30. Instead, the Justices dig their heels in the ground and double down on their contention that merely filing a Motion to Quash relieved them of their duty to obey the Subpoena that commanded them to appear and give testimony.

But the answer to McCaleb's question that he presented to the Court is still, No. The mere act of filing a Motion to Quash was not an "adequate excuse" under Rule 45 for the Justices to then disobey the Subpoena and not appear at their depositions to give testimony when the Court had not ruled on their Quash Motion.

Accordingly, Plaintiff McCaleb requests a Court Order compelling the Justices' compliance with the Subpoena that commands their deposition testimony.[1]

---

[1] As of Friday, December 15, 2023, in accordance with the deadlines set forth in the Case Management Order, the parties to this lawsuit filed cross-motions for summary judgment and supporting papers. *See* ECF No. 74, Plaintiff McCaleb's motion for summary judgment; *see also* ECF No. 71, Defendant Long's motion for summary judgment.

1

## ARGUMENT

### I. Plaintiff McCaleb was required to file his Motion to Compel when he did on November 30 because that day was the close of discovery pursuant to the Case Management Order.

McCaleb was required to file his Motion to Compel Compliance with the Subpoena when he did because November 30 was the deadline for close of discovery pursuant to the Case Management Order.

The Sixth Circuit has held that motions to compel in discovery disputes — including those compelling a deposition — filed after the close of discovery are untimely. *McGhee v. Buffaloe & Assocs., PLC*, 2013 U.S. Dist. LEXIS 191172, at *4 (E.D. Tenn. Dec. 20, 2013) (citing *e.g., Ginett v. Federal Express Corp.*, 1998 WL 777998, at *5 (6th Cir. Oct. 21, 1998) (affirming the district court's denial of a motion to compel as untimely when the plaintiff was aware of the discovery issue prior to the discovery deadline, but did not file his motion to compel until after the discovery deadline had passed).

In their Response, the Justices imply that somehow McCaleb hastily filed his Motion to Compel. They appear to echo a similar argument made by Defendant Long that McCaleb is *too diligent*. And apparently, like Defendant Long, the Justices view his diligence as a vice rather than a virtue.[2] Indeed, the Justices said,

> Two days after the Motion to Quash Subpoenas or for Protective Order was thus fully briefed, but before the Court had an opportunity to rule on the Motion, Plaintiff filed the instant Motion to Compel the Justices' Compliance with Subpoenas on November 30, 2023 (D.E. No. 67). Plaintiff now seeks an Order compelling the

---

[2] *See generally* Plaintiff's Reply Mot. to Cont. Trial, ECF No. 69.

> Justices to testify at deposition while the Motion to Quash
> or for Protective Order is pending.

Response, ECF No. 70 at PageID#1973. It is unclear why they would bother to make this point in a Response comprising only five pages. And the Justices do not cite any case law for the proposition that McCaleb's Motion to Compel was improper.

Despite the Justices' apparent aversion to McCaleb's diligence, the discovery deadline was November 30. ECF No. 58, at PageID#1209, ¶3. In other words, the Justices' depositions scheduled for November 27, 28, 29, and 30 coincided with the close of discovery. And since McCaleb knew on Monday, November 27 that the Justices were not appearing for their scheduled depositions that week because Chief Justice Kirby failed to appear (ECF No. 67-7), he was required to file his Motion to Compel when he did on Thursday, November 30. *See Ginett*, 1998 WL at *5; ECF No. 67. Thus, Plaintiff McCaleb's Motion to Compel Compliance with the Subpoena was timely and properly brought before this Court.

### II. The Justices' act of filing a Motion to Quash the Subpoena was not an "adequate excuse" under Rule 45 for their failure to appear at their scheduled deposition to give testimony.

The Justices' act of filing a Motion to Quash the Subpoena was not an "adequate excuse" under Rule 45 for their failure to appear at their depositions to give testimony when the Court had not — and has not — ruled on their Quash Motion.

However, the Justices say McCaleb's reading of Rule 45 is "nonsensical." ECF No. 70 at PageID#1925. And they "ask the Court to reject such a reading of the Federal Rules of Civil Procedure." *Id.* But they do not offer any case law that actually supports their assertion that McCaleb's reading of Rule 45 is nonsensical,

3

just that it is because they say so. To be sure, they make a feeble attempt at trying to distinguish the well-settled case law McCaleb cited in his Motion that "the filing of a motion to quash does not automatically stay a deposition." *See e.g., Stephen L. Lafrance Holdings, Inc. v. Sorensen*, 278 F.R.D. 429, 436 (E.D. Ark. Dec. 13, 2011).

This attempt to "distinguish" the cases McCaleb cited amounts to the Justices arguing that somehow those cases do not apply across the board because they involved a party litigant, as opposed to a non-party subpoena recipient under Rule 45. ECF No. 70 at PageID#1923. But they do not truly distinguish McCaleb's cited cases by coming forth with case law that actually says filing a motion to quash a subpoena does in fact stay a deposition. Thus, none of those sorts of cases must exist. And there are cases other than the ones McCaleb previously cited involving Rule 45 and a non-party that say the mere act of filing a motion to quash or motion for a protective order does not relieve a party of the duty to appear. *See e.g., Bankers Ins. Co. v. Egenberg*, 2020 U.S. Dist. LEXIS 140129 (E.D. La. Aug. 6, 2020).

More importantly, the plain meaning of Rule 45 makes clear that merely filing a Motion to Quash a Subpoena is not an "adequate excuse" for failing to appear at a deposition to give testimony. Start with the fact that a Rule 45 subpoena commands a recipient to do ***three things***: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises. Fed. R. Civ. P. 45(a)(1)(A)(iii) (emphasis added). In other words, the entire text and structure of Rule 45 is devoted to setting forth the benefits and burdens of each of these ***three***

*commands.* Next, Rule 45 expressly states that with **two** of those three commands — produce materials or permit inspection — a subpoena recipient "does not have to appear *unless also commanded to appear for a deposition, hearing, or trial.*" Fed. R. Civ. P. 45(d)(2)(A) (emphasis added). In other words, one of those commands — attend and testify — does not authorize a subpoena recipient to not attend a deposition commanding testimony. They must attend. Indeed, unless they have an adequate excuse the recipient must "obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).[3] And resting on a Quash Motion is not an adequate excuse. *See* Fed. R. Civ. P. 45(d)(2)(A); *see also generally Sorensen*, 278 F.R.D. 429.

The Justices miss the mark on the issue of attempting to stay their depositions pending resolution of their Quash Motion. ECF No. 70, at PageID##1925-26. Plaintiff's point and citations about suggesting the Justices should have sought to stay their depositions pending resolution of their Quash Motion as opposed to shrugging off their scheduled depositions was to suggest that such a collateral motion is typically brought as a matter of course — and the Quash movant further notifies the Court of the need for an expedited hearing.

## CONCLUSION

For these reasons, Plaintiff McCaleb requests that the Court grant his Motion to Compel and enter an Order compelling the Justices' compliance with the Subpoena that commands their deposition testimony.

---

[3] "Obey v. 1. To carry out or fulfill the command, order, or instruction of. 2. To carry out or comply with (a command, for example)."
*Obey*, AMERICAN HERITAGE DICTIONARY (4th ed., 2000).

5

December 18, 2023              Respectfully submitted,

*/s/ M. E. Buck Dougherty III*
M. E. Buck Dougherty III, TN BPR #022474
James McQuaid, *Pro Hac Vice*
LIBERTY JUSTICE CENTER
440 N. Wells Street, Suite 200
Chicago, Illinois 60654
312-637-2280-telephone
312-263-7702-facsimile
bdougherty@libertyjusticecenter.org
jmcquaid@libertyjusticecenter.org

*Attorneys for Plaintiff, Dan McCaleb,*
*Executive Editor of The Center Square*

**CERTIFICATE OF SERVICE**

I, counsel for Plaintiff, hereby certify that a true and correct copy of the foregoing document has been served on the following counsel of record, via the Court's ECF system by email on this 18th day of December 2023:

JONATHAN SKRMETTI

Office of the Attorney General & Reporter
Public Interest Division
P.O. Box 20207
Nashville, Tennessee 37202-0207

Andrew C. Coulam
Michael M. Stahl
Robert W. Wison
andrew.coulam@ag.tn.gov
michael.stahl@ag.tn.gov
robert.wilson@ag.tn.gov

*Attorneys for Defendant*
*AOC Director Michelle Long*

Donna Green
Cody Brandon
Liz Evan
donna.green@ag.tn.gov
cody.brandon@ag.tn.gov
liz.evan@ag.tn.gov

*Attorneys for Non-Party*
*Tennessee Supreme Court Justices*

/s/ M.E. Buck Dougherty III