IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAN McCALEB, Executive Editor of )
THE CENTER SQUARE, )
  )
    Plaintiff, )
  )
v. ) Case No. 3:22-cv-00439
  )
MICHELLE LONG, in her official ) Judge Richardson
capacity as DIRECTOR of the )
TENNESSEE ADMINISTRATIVE ) Magistrate Judge Frensley
OFFICE OF THE COURTS, )
  )
    Defendant. )

## RULE 56.01 STATEMENT IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Dan McCaleb, Executive Editor of The Center Square, files this Rule 56.01 Statement pursuant to LR 56.01(c) in support of his Response in opposition to Defendant's Motion for Summary Judgment:

1. The purpose of the Tennessee Advisory Commission on the Rules of Practice and Procedure ("Advisory Commission") is to discuss rule proposals and make recommendations of possible changes to the Tennessee Supreme Court. (Exhibit 1 ("Consiglio-Young Dep."), at 53-54.)[1]

---

[1] All Exhibits referenced are attached to Defendant's Memorandum of Law in Support of Motion for Summary Judgment. (D.E. 72.)

RESPONSE: DISPUTED. The purpose of the Advisory Commission is to "recommend rule changes for practice and procedure for the various courts, criminal, civil, juvenile, appellate court, and rules of evidence." Long Dep., ECF No. 74-2 at p. 60, Line 21 through p. 61, Line 1.

2. A proposed recommendation as to such rules can come from a number of sources: a member of the Advisory Commission; a legislator; a judge; an attorney; and even a member of the public. (Consiglio-Young Dep., at 68; Exhibit 2 ("Wiseman Dep."), at 29.)

RESPONSE: OBJECT to testimony by Lang Wiseman on behalf of the Advisory Commission because he was never disclosed to Plaintiff as a fact witness in Director Long's Rule 26 Initial Disclosures. ECF No. 83-2. Rather, Wiseman was disclosed to Plaintiff on November 1, 2023, as an expert witness to present evidence pursuant to Fed. R. Evid. 702, 703, or 705. ECF No. 83-3. Without waiving the objection, this is DISPUTED regarding reference to a "member of the public." Members of the public do not know they have the option to make rule recommendations because the AOC has never publicized such an option on its website. Consiglio-Young Dep., ECF No. 74-3 at p. 69, Lines 7-19.

3. After considering a proposed rule change, the Advisory Commission votes on the rule. If approved, the Tennessee Administrative Office of the Court's (the "AOC") liaison to the Advisory Commission sends the recommendation to the Tennessee Supreme Court. (Exhibit 3 ("Bulso Dep."), at 32; Consiglio-Young Dep., at 55-56.)

RESPONSE: OBJECT to testimony by Chairman Bulso on behalf of the Advisory Commission because his counsel clarified on the record in his deposition that Bulso was testifying only in his individual capacity and not for the Advisory Commission. Bulso Dep., ECF No. 83-1 at p. 17, Lines 6-24. Without waiving the objection, AGREE the fact is undisputed for purposes of ruling on the motion for summary judgment only.

4. Thereafter, the Tennessee Supreme Court decides whether to move forward on a rule proposal, including making its own revisions to the proposed rule, and can make any such changes without consulting the Advisory Commission. (Consiglio-Young Dep., at 56-57, 61; Wiseman Dep., at 31-32, 53.)

RESPONSE: OBJECT to testimony by Wiseman on behalf of the Advisory Commission as previously asserted herein. Without waiving the objection, AGREE the fact is undisputed for purposes of ruling on the motion for summary judgment only.

5. After deciding on a proposed rule, the Tennessee Supreme Court will publicize it for public comment for at least 60 days. (Consiglio-Young Dep., at 56-57.)

RESPONSE: AGREE the fact is undisputed for purposes of ruling on the motion for summary judgment only.

6. Once the comment period ends, the Tennessee Supreme Court takes the comments into consideration before filing an order of proposed rules that are then transmitted to the General Assembly. (Consiglio-Young Dep., at 57-58.)

RESPONSE: AGREE the fact is undisputed for purposes of ruling on the motion for summary judgment only.

7. The proposed rules do not go into effect unless affirmatively approved by the General Assembly. (Wiseman Dep., at 53.)

RESPONSE: OBJECT to testimony by Wiseman on behalf of the Advisory Commission as previously asserted herein. Thus, this is DISPUTED. ECF No. 83-2, 83-3.

8. Advisory Commission members understand their meetings to be closed to the public. (Wiseman Dep., at 66; Bulso Dep., at 27, 29, 78.)

RESPONSE: OBJECT to testimony by Wiseman and Bulso on behalf of the Advisory Commission as previously asserted herein. DISPUTED. *See* Bulso Dep. ECF No. 83-1 at 27 ("Q. When you were first appointed in 2016, were any of those meetings ever open to the public? A. I'm not sure."); 28 ("Q. From 2016 through 22, during your time serving on the commission, were any of those meetings ever open to the public? A. I'm not sure."); Consiglio-Young Dep., ECF No. 74-3 at 24 ("Q. Do you recall when you joined in 2015 . . . do you know if any Advisory Commission meetings were open to the public? A. I don't recall specifically, but there were open meetings at that time. . . . Q. So when you joined, you recall that there were open Advisory Committee meetings? A. Yes."); 25 ("Q. Do you ever recall seeing a public meeting notice in advance of one of those meetings that you attended? A. I do recall some being on our website, but I couldn't tell you specifically which meeting."); Long Dep., ECF No. 74-2 at 106 ("For this particular commission, I understand the

history has been that at one point they were open and at one point they were closed.")

9. Discussions between Advisory Commission members can involve sensitive information in seeking to propose a rule change, and confidential meetings allow members a certain level of candor that would be diminished if they were open to the public. (Wiseman Dep., at 48, 67; Bulso Dep., at 78-79; Exhibit 4 ("Long Dep."), at 105, 111.)

RESPONSE: OBJECT to testimony by Wiseman and Bulso on behalf of the Advisory Commission as previously asserted herein. DISPUTED. Videos of the June and December 2023 Advisory Commission meetings that were livestreamed to the public depict discussions between members do not involve sensitive information in seeking to propose a rule change and further depict members' candor enhanced by opening meetings to the public. Manual Filing of Videos, ECF No. 79.

10. The AOC provides education sessions and administrative support to the Tennessee Judicial Conference ("Judicial Conference"). (Long Dep., at 148; Harmon Dep., at 118.).

RESPONSE: Pursuant to Fed. R. Civ. P. 56(d), for specified reasons as set forth in his counsel's Rule 56(d) Declaration, McCaleb cannot present facts essential to justify his opposition. Dougherty Rule 56(d) Declaration, ECF No. 83-4.

11. The Judicial Conference does not make recommendations for changes to the rules of practice and procedure. (Harmon Dep., at 136.)

RESPONSE: Pursuant to Fed. R. Civ. P. 56(d), for specified reasons as set forth in his counsel's Rule 56(d) Declaration, McCaleb cannot present facts essential to justify his opposition. Dougherty Rule 56(d) Declaration, ECF No. 83-4.

<table>
<tr><td>January 12, 2024</td><td>Respectfully submitted,</td></tr>
</table>

/s/ *M. E. Buck Dougherty III*
M. E. Buck Dougherty III, TN BPR #022474
James McQuaid, *Pro Hac Vice*
LIBERTY JUSTICE CENTER
440 N. Wells Street, Suite 200
Chicago, Illinois 60654
312-637-2280-telephone
312-263-7702-facsimile
bdougherty@libertyjusticecenter.org
jmcquaid@libertyjusticecenter.org

*Attorneys for Plaintiff, Dan McCaleb,*
*Executive Editor of The Center Square*

6

**CERTIFICATE OF SERVICE**

I, counsel for Plaintiff Dan McCaleb, hereby certify that a true and correct copy

of the foregoing document has been served on the following counsel of record, via the

Court's ECF system by email on this 12th day of January 2024:


JONATHAN SKRMETTI

Office of the Attorney General & Reporter
Public Interest Division
P.O. Box 20207
Nashville, Tennessee 37202-0207


Andrew C. Coulam
Michael M. Stahl
Robert W. Wison
andrew.coulam@ag.tn.gov
michael.stahl@ag.tn.gov
robert.wilson@ag.tn.gov

*Attorneys for Defendant*
*AOC Director Michelle Long*


Donna Green
Cody Brandon
Liz Evan
donna.green@ag.tn.gov
cody.brandon@ag.tn.gov
liz.evan@ag.tn.gov

*Attorneys for Non-Party*
*Tennessee Supreme Court Justices*


/s/ M.E. Buck Dougherty III

7