IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAN McCALEB, Executive Editor of )
THE CENTER SQUARE, )
                           )
      Plaintiff, )
                           )
v. )           Case No. 3:22-cv-00439
                           )
MICHELLE LONG, in her official )        Judge Richardson
capacity as DIRECTOR of the )
TENNESSEE ADMINISTRATIVE )        Magistrate Judge Frensley
OFFICE OF THE COURTS, )
                           )
      Defendant. )

---

**REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

---

Respectfully submitted,

M. E. Buck Dougherty III, TN BPR #022474
James McQuaid, *Pro Hac Vice*
LIBERTY JUSTICE CENTER
440 N. Wells Street, Suite 200
Chicago, Illinois 60654
312-637-2280-telephone
312-263-7702-facsimile
bdougherty@libertyjusticecenter.org
jmcquaid@libertyjusticecenter.org

*Attorneys for Plaintiff, Dan McCaleb,
Executive Editor of The Center Square*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii

INTRODUCTION ............................................................................................................ 1

ARGUMENT ................................................................................................................... 1

    I.     Defendant Long failed to set forth specific facts that show there
         is a genuine issue for trial on Plaintiff McCaleb's First Amendment
         right of public access claim to Advisory Commission meetings .................. 1

         A.  *Richmond Newspapers* governs McCaleb's right of public access
             claim because the facts show he is not seeking special access to
             meetings "over and above" the public to even trigger *Houchins* ............ 3

         B.  The facts show that the First Amendment attaches to
             Advisory Commission meetings under *Richmond Newspapers* ............. 5

    II.    Defendant failed to show a compelling and narrowly tailored reason
         to justify the AOC's practice of not posting public notice of meetings ........ 5

CONCLUSION ................................................................................................................. 5

# TABLE OF AUTHORITIES

**Cases**

*Bennett v. City of Eastpointe,*
   410 F.3d 810 (6th Cir. 2005) ...................................................................................... 1

*Detroit Free Press v. Ashcroft,*
   303 F.3d 681 (6th Cir. 2002) .................................................................................. 4, 5

*Evans v. Vinson,*
   427 Fed. Appx. 437 (6th Cir. 2011) .......................................................................... 1

*Houchins v. KQED, Inc.,*
   438 U.S. 1, 3 (1978 .................................................................................................... 4

*Richmond Newspapers v. Va.,*
   448 U.S. 555 (1980) ..........................................................................................passim

*Top Flight Entm't, Ltd. v. Schuette,*
   729 F. 3d 623 (6th Cir. 2013) ................................................................................... 3

**Statutes**

42 U.S.C. §1983 ......................................................................................................... 1, 5

**Rules**

Fed. R. Civ. P. 37 ...................................................................................................... 2, 3

Fed. R. Civ. P. 56 ................................................................................................... 1, 2, 5

Fed. R. Evid. 702 ............................................................................................................ 2

Fed. R. Evid. 703 ............................................................................................................ 2

Fed. R. Evid. 705 ............................................................................................................ 2

**Other Authorities**

Addison O'Donnell, *Mixed Messages: How the Free Press Has A Responsibility
   to We the People at the Marketplace of Ideas,*
   41 Hastings Comm. & Ent L.J. 35 (2019) .............................................................. 4

Matthew L. Schafer, *Does Houchins v. KQED, Inc. Matter?,*
   70 Buff. L. Rev. 1331 (2022) .................................................................................... 4

# INTRODUCTION

Plaintiff Dan McCaleb files this Reply to Defendant Michelle Long's response in opposition to Plaintiff's Motion for Summary Judgment. ECF No. 80.[1]

# ARGUMENT

## I. Defendant Long failed to set forth specific facts that show there is a genuine issue for trial on Plaintiff McCaleb's First Amendment right of public access claim to Advisory Commission meetings.

In her response, Defendant Long failed to set forth specific facts that show there is a genuine issue for trial on Plaintiff McCaleb's First Amendment right of public access claim to Advisory Commission meetings. *See* ECF No. 80. Indeed, Defendant's response is long on argument and short on facts. Thus, Plaintiff is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a) and (c)(1)(A).

Plaintiff moved on his First Amendment right of public access claim to meetings of the Advisory Commission. ECF No. 74, 75, and 76. Contrary to Defendant Long's contentions in her response — mainly legal arguments and not a genuine dispute of material facts — Defendant is simply wrong. ECF No. 80, Page ID ##2830-31.

To prevail on a claim under 42 U.S.C. §1983, a plaintiff must demonstrate that a person acting under color of state law "deprived [him] of rights, privileges or immunities secured by the Constitution or the laws of the United States." *Evans v. Vinson*, 427 Fed. Appx. 437, 441 (6th Cir. 2011) (quoting *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005)). On a motion for summary judgment,

---

[1] In accordance with the initial and modified Case Management Orders, McCaleb's Reply is due today on January 19, 2024, "14 days" after Long filed her response on January 5, 2024. ECF No. 50, Page ID #1150 at ¶ K; *see also* ECF No. 58.

1

a "party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

As a preliminary matter Plaintiff objects to Defendant's proffered evidence and testimony of Chairman Bulso on behalf of the Advisory Commission. Fed. R. Civ. P. 56(c)(2); *see* ECF No. 80, 81. Chairman Bulso's counsel Ashley Carter clarified on the record in his deposition that Bulso was testifying only in his individual capacity and not for the Advisory Commission.[2] Bulso Dep., ECF No. 83-1 at p. 17, Lines 6-24. Based upon Ms. Carter's representation and to avoid harm and prejudice to McCaleb, this Court should not consider Bulso's proffered testimony on behalf of the Advisory Commission in ruling on Plaintiff McCaleb's Motion.

Moreover, Plaintiff further objects to Defendant's proffered evidence and testimony of Lang Wiseman on behalf of the Advisory Commission. Fed. R. Civ. P. 56(c)(2); *see* ECF No. 80, 81. Defendant Long never disclosed Wiseman to Plaintiff McCaleb as a fact or lay witness in her Rule 26 Initial Disclosures. ECF No. 83-2. Rather, Defendant disclosed Wiseman to Plaintiff on November 1, 2023, as an expert witness to present evidence pursuant to Fed. R. Evid. 702, 703, or 705. ECF

---

[2] Like counsel of record for Defendant Long and the Non-Party Tennessee Supreme Court Justices, Ms. Carter is an attorney employed by the Tennessee Attorney General's Office. ECF No. 83-1, Page ID #2885.

2

No. 83-3. Because Defendant Long failed to identify Wiseman as a fact or lay witness as required by Rule 26(a) and to avoid harm and prejudice to McCaleb, this Court should not consider Wiseman's proffered testimony on behalf of the Advisory Commission in ruling on Plaintiff McCaleb's Motion. *See* Fed. R. Civ. P. 37(c)(1).

Defendant Long does not dispute that she oversees the AOC as Director, and her office provides administrative support to the Advisory Commission. ECF No. 81, Page ID #2844-45 at ¶1, ¶2, and ¶3. She does not dispute that this support includes responsibility for her office posting on the AOC's website public notice of Advisory Commission meetings, and she said, "We post what's on the public notice calendar, yes." Long Dep., ECF No. 74-2 at p. 89, Lines 11-12; *see* 42 U.S.C. §1983; *see Top Flight Entm't, Ltd. v. Schuette*, 729 F. 3d 623, 634 (6th Cir. 2013). She does not dispute that this support further includes responsibility for her office providing livestreaming assistance to the public when Advisory Commission meetings are open. Long Dep., ECF No. 74-2 at p. 88, Lines 12-19. And she does not dispute that Harmon told Consiglio-Young "there was no need to put public notice out because meetings were going to be closed after a 2018 incident with a verbally combative man at an Advisory Commission meeting." ECF No. 81, Page ID # 2845 at ¶4.

**A.** ***Richmond Newspapers* governs McCaleb's right of public access claim because the facts show he is not seeking special access to meetings "over and above" the public to even trigger *Houchins*.**

*Richmond Newspapers* governs McCaleb's First Amendment claim because the facts show he is not seeking special access to meetings to even trigger *Houchins*.

The issue in *Houchins* was "whether the news media have a constitutional right of access to a county jail, *over and above that of other persons*, to interview inmates and make sound recordings, films and photographs for publication and broadcasting by newspapers, radio and television." *Detroit Free Press v. Ashcroft*, 303 F.3d 681, 694 (6th Cir. 2002) (emphasis in original) (quoting *Houchins v. KQED, Inc.*, 438 U.S. 1, 3 (1978)); *see* Matthew L. Schafer, *Does Houchins v. KQED, Inc. Matter?,* 70 Buff. L. Rev. 1331, 1434 (2022) (discussing limitations of *Houchins* because the issue was "whether the press was owed special treatment under the Press Clause.");[3] *see also* Addison O'Donnell, *Mixed Messages: How the Free Press Has A Responsibility to We the People at the Marketplace of Ideas*, 41 Hastings Comm. & Ent L.J. 35, 38–39 (2019) (discussing that the First Amendment has five clauses: "(1) freedom of religion; (2) freedom of speech; (3) freedom of the press; (4) freedom of the people to assemble; and (5) freedom to petition the Government for redress.").

The Sixth Circuit noted that "*Houchins* rested its holding on the Court's interpretation of the press clause, *see* 438 U.S. at 12, a First Amendment clause distinct from the speech clause." *Detroit Free Press*, 303 F.3d at 694. And because the newspaper plaintiffs in *Detroit Free Press* were not claiming a "special privilege of access" like the media plaintiffs in *Houchins* and simply requested access on "equal footing with the public," the Sixth Circuit held "that there is no basis to

---

[3] *Available* at:
https://digitalcommons.law.buffalo.edu/buffalolawreview/vol70/iss4/2.

argue that the [*Richmond Newspapers*] test itself does not apply." *Id.* at 694, 696. Here, like in *Detroit Free Press*, McCaleb is not claiming a special privilege of access to Advisory Commission meetings over and above the public. McCaleb Dep., ECF No. 74-1 at p. 10, Line 17 through p. 11, Line 3; p. 45, Lines 18-25.

### B. The facts show that the First Amendment attaches to Advisory Commission meetings under *Richmond Newspapers.*

Under the "experience" prong, Defendant does not dispute that there is an unbroken history and tradition of open access to meetings of Advisory Committees —the Advisory Commission's federal analogue — for a total of 40 years, including the past 35 years by statute, plus 5 years before enactment of the statute. ECF No. 81, Page ID #2846-47 at ¶6 and ¶7.[4] Under the "logic" prong, Defendant does not dispute the videos of Advisory Commission meetings livestreamed to the public. ECF No. 81, Page ID #2848 at ¶8 and ¶9. *See* 42 U.S.C. §1983.

### II. Defendant failed to show a compelling and narrowly tailored reason to justify the AOC's practice of not posting public notice of meetings.

Any testimony from members on whether meetings should be open or closed is irrelevant. Advisory Commission members do not make the decision to open or close their meetings. Consiglio-Young Dep., ECF No. 74-3 at p. 45, Lines 16-25.

### CONCLUSION

For these reasons, Plaintiff McCaleb requests that the Court grant his Motion.

---

[4] A party may cite to "electronically stored information." Fed. R. Civ. P. 56(c)((1)(A). In his Rule 26 Initial Disclosures, McCaleb disclosed discoverable information including "ESI" as follows: "Federal Court judicial website on public notices of bench-bar rulemaking meetings." ECF No. 83-4, Page ID #2946 at (ii) ¶14.

5

January 19, 2024                    Respectfully submitted,

*/s/ M. E. Buck Dougherty III*
M. E. Buck Dougherty III, TN BPR #022474
James McQuaid, *Pro Hac Vice*
LIBERTY JUSTICE CENTER
440 N. Wells Street, Suite 200
Chicago, Illinois 60654
312-637-2280-telephone
312-263-7702-facsimile
bdougherty@libertyjusticecenter.org
jmcquaid@libertyjusticecenter.org

*Attorneys for Plaintiff, Dan McCaleb,*
*Executive Editor of The Center Square*

6

**CERTIFICATE OF SERVICE**

I, counsel for Plaintiff Dan McCaleb, hereby certify that a true and correct copy of the foregoing document has been served on the following counsel of record, via the Court's ECF system by email on this 19th day of January 2024:

JONATHAN SKRMETTI

Office of the Attorney General & Reporter
Public Interest Division
P.O. Box 20207
Nashville, Tennessee 37202-0207

Andrew C. Coulam
Michael M. Stahl
Robert W. Wison
andrew.coulam@ag.tn.gov
michael.stahl@ag.tn.gov
robert.wilson@ag.tn.gov

*Attorneys for Defendant*
*AOC Director Michelle Long*

Donna Green
Cody Brandon
Liz Evan
donna.green@ag.tn.gov
cody.brandon@ag.tn.gov
liz.evan@ag.tn.gov

*Attorneys for Non-Party*
*Tennessee Supreme Court Justices*

/s/ M.E. Buck Dougherty III