# IN THE UNITED STATES DISTRICT FOR
## THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

DAN McCALEB, Executive Editor of )
THE CENTER SQUARE, )
)
    Plaintiff, )
)
v. ) Case No. 3:22-cv-00439
) Judge Richardson
MICHELLE LONG, in her official capacity ) Magistrate Judge Frensley
as DIRECTOR of the TENNESSEE )
ADMINISTRATIVE OFFICE OF THE )
COURTS, )
)
    Defendant. )

---

## REPLY IN SUPPORT OF DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

---

Defendant has moved for summary judgment and submits this reply to Plaintiff's response in opposition to that motion. Defendant has explained that she is entitled to judgment as a matter of law on Plaintiff's First Amendment claims because Plaintiff cannot establish that he has a First Amendment right to access the meetings of either the Advisory Commission or the Judicial Conference. (D.E. 72, PageID# 1936-47.) The decision in *Houchins v. KQED, Inc.*, 438 U.S. 1 (1978), governs, and compels rejection of, Plaintiff's claims. And even if the test derived from *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980), were to apply, Plaintiff cannot show that he meets either prong of the test. Plaintiff's objections to the testimony of certain witnesses are meritless, and there is no basis for the Fed. R. Civ. P. 56(d) "motion" embedded in Plaintiff's response.

## ARGUMENT

### I. Plaintiff Has No Constitutional Right to Attend the Meetings of the Advisory Commission or Judicial Conference.

#### A. The Supreme Court's decision in *Houchins v. KQED, Inc.*—not *Richmond Newspapers*—governs Plaintiff's claims.

Plaintiff asserts that Defendant's reliance on *Houchins* is "misguided" because, unlike the plaintiff in *Houchins*, he does not seek press access "'over and above'" the public's right of access. (D.E. 83, PageID## 2874-75 (quoting *Houchins*, 438 U.S. at 3).) But this same assertion was made by the dissenting judge in *Phillips v. DeWine*, 841 F.3d 405 (6th Cir. 2016), *see id.* at 426-27 (Stranch, J., dissenting), and the majority effectively rejected it, *see id.* at 417-20. The majority held that *Houchins* "sets the baseline principle for First Amendment claims seeking access to information held by the government." *Id.* at 418; *see also id.* ("*Houchins* recognized that the Constitution itself is neither a Freedom of Information Act nor an Official Secrets Act, and neither the First Amendment nor the Fourteenth Amendment mandates a right of access to government

information or sources of information within the government's control." (cleaned up)).  The *Richmond Newspapers* test is "[a]n exception to *Houchins*'s general rule," *id.*, but as Defendant has discussed (*see* D.E. 72, PageID## 1938-41), it is a "modest exception" applicable only to cases involving adjudicatory or quasi-adjudicatory proceedings, *Hils v. Davis*, 52 F.4th 997, 1002 (6th Cir. 2022).  "[D]isregard[ing] the general applicability of *Houchins*" as to the meetings of the Advisory Commission or Judicial Conference here would "represent a significant—and unwarranted—expansion of the right of access under the First Amendment," because neither is adjudicatory or quasi-adjudicatory.  *See Phillips*, 841 F.3d at 419-20.

> **B.**     **Plaintiff's claims fail under the *Richmond Newspapers* test.**

Even if, *arguendo*, the *Richmond Newspapers* test were applicable here, the result would not change: Defendant would still be entitled to judgment as a matter of law.  On the "experience" prong of the test, Plaintiff relies solely on the meetings of the federal rules advisory committee. (D.E. 83, PageID## 2876-78.)  But Plaintiff has no good answer to Defendant's several reasons why Plaintiff cannot satisfy the "experience" prong on this basis: (1) "there was no common-law right to attend government meetings"; (2) at least eleven other States with similar rules advisory commissions are "not open to the public"; (3) Plaintiff's reliance on the legislative policy of only one sovereign—the federal government—fails to demonstrate "the experience in that type or kind of hearing throughout the United States"; (4) the federal rules advisory committee meetings were not open to the public for its "first fifty years of federal rulemaking"; and (5) Plaintiff's attempt to impose federal legislative policy on the States via the First Amendment is "fraught with federalism peril."  (D.E. 72, PageID## 1942-45 (internal quotations omitted).)  There is simply no unified (or even near universal), unbroken tradition across the 51 sovereigns of this country in favor of opening rules advisory commissions or committee meetings to the public.

Plaintiff cannot satisfy the "logic" prong either. His insistence that, "as depicted by the June and December 2023 videos [of Advisory Commission meetings], public access plays a significant positive role in the functioning of meetings" (D.E. 83, PageID# 2879), does not make it so. As Defendant explained in her response to Plaintiff's motion for summary judgment (incorporated herein by reference), the two videos fall far short of demonstrating that public access plays a *significant* positive role in the *functioning* of" Advisory Commission meetings. *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8 (1986) (emphasis added). (D.E. 80, PageID## 2839-41.)

### C. Plaintiff's objections are meritless.

Plaintiff lodges two objections to Defendant's reliance on certain deposition testimony in support of her motion for summary judgment. Neither has merit. First, Plaintiff objects to the testimony of Advisory Commission Chairman Gino Bulso because Chairman Bulso testified "only in his individual capacity and not for the Advisory Commission." (D.E. 83, PageID# 2880.) The distinction is immaterial here. Defendant can properly support her motion for summary judgment with evidence that would be admissible—*i.e.*, any relevant evidence provided by witnesses with personal knowledge. *See* Fed. R. Civ. P. 56(c)(1)-(2); Fed. R. Evid. 401, 402, 602. Furthermore, it was Plaintiff who decided that Chairman Bulso had relevant information and deposed him to obtain it. (D.E. 72-3, PageID# 2134.) Plaintiff cannot now object to Chairman Bulso's testimony simply because Plaintiff does not like what was said.

Plaintiff also objects to the testimony of Lang Wiseman because "he was never disclosed to Plaintiff as a fact witness in [Defendant's] Rule 26 Initial Disclosures." (D.E. 83, PageID# 2880.) But Defendant properly disclosed Wiseman as an expert witness whose opinions were based in part on his personal knowledge of the Advisory Commission. (D.E. 72-2, PageID##

3

2064, 2106; D.E. 72-7, PageID## 2636-38.)  Plaintiff raised no objection to the disclosure and its contents.  And when Plaintiff deposed Wiseman, who testified consistently with his disclosure, Plaintiff again raised no objection.  Nor would there have been any basis for an objection—just as there is none now.  An expert may "base an opinion on facts or data in the case that the expert has been made aware of *or personally observed*."  Fed. R. Evid. 703 (emphasis added).

## II.    The Court Should Deny Plaintiff's Rule 56(d) motion.

Plaintiff requests, through his counsel's declaration and citing Fed. R. Civ. P. 56(d), that the Court defer ruling on part of Defendant's motion and afford him time to conduct discovery—specifically, to depose multiple Tennessee Supreme Court Justices—on his First Amendment claim related to *Judicial Conference* committee meetings.  (D.E. 83, PageID# 2880; D.E. 83-4, PageID## 2937-38.)  The request should be denied, for three reasons.  First, Plaintiff has sought to compel the Justices' depositions only to provide testimony related to *Advisory Commission* meetings—not to meetings of the Judicial Conference.  *See* D.E. 62, PageID## 1295, 1317-19 (asserting that the Tennessee Supreme Court Justices have "'firsthand' knowledge of the advisory commission"); D.E. 68, PageID## 1907-09 (contending that the Tennessee Supreme Court Justices have "unique knowledge of Advisory Commission meetings").)

Second, the Court should not grant Fed. R. Civ. P. 56(d) relief when Plaintiff failed to pursue evidence on his claim related to Judicial Conference meetings during the discovery period. *See Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010) (noting that the "overarching inquiry" in granting Rule 56(d) relief is "whether the moving party was diligent in pursuing discovery").

Third, the Court should deny Plaintiff's request for Rule 56(d) relief because additional discovery would not create a genuine dispute of a material fact. *Cf. United States v. Dairy Farmers*

4

*of Am., Inc.*, 426 F.3d 850, 863 (6th Cir. 2005) (requiring a party requesting additional discovery under Fed. R. Civ. P. 56 to state "what material facts it hopes to uncover" (internal quotation marks omitted)). Defendant has shown, and Plaintiff does not dispute, that Judicial Conference meetings are not adjudicatory or quasi-adjudicatory proceedings. (D.E. 72, PageID# 1940.) Thus, *Houchins*' general rule applies to these meetings. *See Phillips*, 841 F.3d at 419-20. And even assuming *Richmond Newspapers* applies, Plaintiff does not contend that deposing the Tennessee Supreme Court Justices would provide evidence to satisfy the "experience" prong of that test—*i.e.*, evidence showing that the United States has a historical tradition of open meetings akin to Judicial Conference meetings. (PageID## 1942-45.) Nor does Plaintiff suggest that deposing the Justices would provide evidence on the "logic" prong either—*i.e.*, evidence showing a "particularly significant" positive role for public attendance in the functioning of Judicial Conference meetings. (*Id.* at PageID# 1947.)

## CONCLUSION

For the reasons stated here and in Defendant's memorandum of law in support of her motion, the Court should grant Defendant's motion for summary judgment and vacate the preliminary injunction.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

s/ Andrew C. Coulam
ANDREW C. COULAM
Deputy Attorney General

5

Public Interest Division
P.O. Box 20207
Nashville, Tennessee 37202
615-741-1868
andrew.coulam@ag.tn.gov
B.P.R. No. 30731


s/ Michael Stahl
MICHAEL M. STAHL
Senior Assistant Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
615-253-5463
michael.stahl@ag.tn.gov
B.P.R. No. 032381

s/ Robert W. Wilson
ROBERT W. WILSON
Senior Assistant Attorney General
40 South Main Street, Suite 1014
Memphis, Tennessee 38103
901-543-9031
robert.wilson@ag.tn.gov
B.P.R. No. 34492

*Counsel for Defendant Michelle Long*
*in her official capacity as Director of the*
*Tennessee Administrative Office of the Courts*

6

**CERTIFICATE OF SERVICE**

I, Robert W. Wilson, counsel for Defendant Michelle Long, hereby certify that a copy of the foregoing reply is being served electronically via the Court's ECF/ECM service on January 25, 2024, upon the following:

| | |
|---|---|
| M.E. Buck Dougherty, III (a/k/a Buck Dougherty) bdougherty@libertyjusticecenter.org *Counsel for Plaintiff Dan McCaleb* | James J. McQuaid jmcquaid@libertyjusticecenter.org *Counsel for Plaintiff Dan McCaleb* |
| Michael Matthew Stahl Michael.Stahl@ag.tn.gov *Counsel for Defendant Michelle Long* | Andrew Craig Coulam Andrew.Coulam@ag.tn.gov *Counsel for Defendant Michelle Long* |
| Donna L. Green Donna.Green@ag.tn.gov *Counsel for the Tennessee Supreme Court* | |

s/ Robert W. Wilson
Robert W. Wilson
Senior Assistant Attorney General
*Counsel for Defendant Michelle Long*

7